<table>
<tr><td>

**DISTRICT COURT, CITY AND COUNTY DENVER, COLORADO**
Court Address: 1437 Bannock Street
Denver, Colorado 80202

**Plaintiff(s):**


JOHN PAULSON, individually and on behalf of all others similarly situated


**Defendant(s):**

TWO RIVERS WATER AND FARMING COMPANY, a Colorado corporation;
JOHN R. MCKOWEN, an individual;
WAYNE HARDING, an individual; and
TIMOTHY BEALL, an individual,

</td><td>

DATE FILED: August 13, 2019 11:24 AM
FILING ID: 5E9CEBEF91D95
CASE NUMBER: 2019CV33099





**COURT USE ONLY**

</td></tr>
<tr><td>

Attorneys for Plaintiff:

Name:         Steve A. Miller, Atty. Reg. # 8758
Address:      Steve A. Miller, P.C.
              1625 Larimer Street, Suite 2906

              Denver, CO 80202

Phone Number:  (303) 892-9933

Fax Number:    (303) 892-8925

E-mail:       Sampc01@gmail.com

</td><td>

Case Number:


Div:
Courtroom:

</td></tr>
</table>

**COMPLAINT**

Plaintiff John Paulson, on his behalf and as putative representative of Class members defined herein ("Plaintiff"), by and through undersigned counsel, alleges the following upon information and belief, except as to those allegations concerning Plaintiff, which are alleged upon personal knowledge. Plaintiff's information and belief are based upon, among other things,

1

**EXHIBIT**
**1**

counsel's investigation, which includes without limitation: (a) review and analysis of regulatory filings made by GrowCo, Inc. ("GrowCo") and Two Rivers Water and Farming Company ("Two Rivers") with the United States Securities and Exchange Commission ("SEC"); (b) review and analysis of press releases and media reports issued by and disseminated by GrowCo and Two Rivers, and the other Defendants; (c) media reports concerning GrowCo, Two Rivers, and the other Defendants; and (d) review of other publicly available information concerning GrowCo, Two Rivers, and the other Defendants.

Plaintiff brings this class action under the Colorado Securities Act and Colorado common law on behalf of all persons or entities who purchased or otherwise acquired securities of GrowCo, a Colorado corporation, from January 2015 until March 2017 (the "Class Period").

## JURISDICTION AND VENUE

1.      The District Court, City and County of Denver has jurisdiction over these proceedings because the causes of action herein involve violations of Colorado statutory and common law. Defendant John R. McKowen is a resident of the City and County of Denver and the securities offerings at issue originated there.

2.      Venue for this proceeding in the City and County of Denver is proper in the City and County of Denver pursuant to C.R.C.P. Rule 98(c).

## PARTIES

**A.      Plaintiff**

3.      Plaintiff John Paulson ("Mr. Paulson") is a natural person residing in Phelan, California. Mr. Paulson is an investor in GrowCo, and purchased securities in GrowCo, in reliance upon GrowCo's Offering Documents as defined below, during the Class Period. Mr.

Paulson learned that he suffered losses as a result of his investment when GrowCo filed for bankruptcy.

**B.     Defendants**

4.     Defendant Two Rivers is a Colorado corporation with its principal place of business located at 3025 S. Parker Road, Suite 140, Aurora, Colorado. The business of Two Rivers began in the development of irrigated farmland, associated water rights, and infrastructure. In 2014 Two Rivers formed GrowCo, as a wholly owned subsidiary, to capitalize on Colorado's burgeoning marijuana industry. Since 2016 the company has shifted its focus to monetizing its assets.

5.     Defendant John R. McKowen ("McKowen") is a natural person who served as Chief Executive Officer and/or otherwise was and acted as control person of both Two Rivers and GrowCo during the Class Period.

6.     Defendant Wayne Harding ("Harding") is a natural person who served as Chief Executive Officer and Chief Financial Officer and/or otherwise was and acted as control person of both Two Rivers and GrowCo during the Class Period.

7.     Defendant Timothy Beall ("Beall") is a natural person who served as Chief Operations Officer and/or otherwise was and acted as control person of GrowCo during the Class Period.

8.     Collectively, Defendants McKowen and Harding, each acting in their respective capacity as a control person of Two Rivers, are referred to hereinafter as the "Two Rivers Individual Defendants."

9.     Collectively, Defendants McKowen, Harding, and Beall, each acting in their respective capacity as control persons of GrowCo, are referred to hereinafter as "the GrowCo

3

Individual Defendants." The Two Rivers Individual Defendants and the GrowCo Individual Defendants are sometimes referred to as the "Individual Defendants."

10.     It is appropriate to treat the Two Rivers Individual Defendants and GrowCo Individual Defendants as respective groups for pleading purposes and to presume that the false, misleading, and incomplete information conveyed in the Offering Documents by each, as alleged herein, are the collective actions of each narrowly defined group of defendants identified above. Each of the above as officers and directors of their respective entities, and subsidiaries, and affiliates, by virtue of their positions, directly participated in the management of GrowCo, was directly involved in the operations of GrowCo at the highest levels, was privy to confidential proprietary information concerning GrowCo, and directed and played an instrumental role in the GrowCo securities offering at issue in this case.

**C.     Non-Defendant**

11.     GrowCo is a Colorado corporation with its principal place of business located at 2000 S. Colorado Boulevard, Denver, Colorado. GrowCo was formed in 2014 as a wholly owned subsidiary of Two Rivers. GrowCo's business consisted primarily of developing and leasing large-scale, computer-controlled greenhouses to marijuana growers. GrowCo is currently in bankruptcy and therefore cannot be made a party to this litigation.

12.     GrowCo Partners 1, LLC ("GrowCo Partners 1") is a Colorado limited liability company created on or about October 31, 2014 by Two Rivers.

13.     GCP Super Units, LLC is a Colorado limited liability company created on or about September 25, 2015. It is owned by GrowCo and used to hold real estate assets.

**FACTS**

**A.     Defendant McKowen Forms and Becomes A Control Person of Two Rivers and GrowCo.**

4

14.     On or about December 20, 2002 Defendant McKowen became CEO and Board Member of Navidec Financial Services, Inc. ("Navidec"), a Colorado corporation with its principal place of business located at 6399 South Fiddlers Green Circle, Suite 300, Greenwood Village, Colorado 80111. The stated purpose of Navidec was to capitalize on the market for mortgage lending.

15.     On or about December 11, 2012 Navidec became Two Rivers. At the same time, Two Rivers refocused its business on acquiring and developing irrigated farmland, associated water rights, and infrastructure in the Arkansas river basin in southwestern Colorado.

16.     On or about November 6, 2012 Colorado Amendment 64, a ballot initiative allowing for the recreational use of marijuana throughout the state, was passed.

17.     On or about May of 2014, Two Rivers and Defendant McKowen formed GrowCo, as a wholly owned subsidiary of Two Rivers, in order to try and capitalize on burgeoning marijuana industry in Colorado.

18.     At all relevant times, Two Rivers and the Two Rivers Individual Defendants, together with the GrowCo Individual Defendants, exercised complete control over the business and operations of GrowCo.

19.     During the Class Period, each of the Two Rivers and GrowCo Individual Defendants, as control persons of Two Rivers and its subsidiaries and affiliates (including GrowCo), were privy to information concerning its business, finances, products, markets, present and future business prospects, as well as information regarding the backgrounds of its control persons, including Defendant McKowen.

**B.      Defendants Organize and Carry Out Securities Offerings for GrowCo.**

20.     On or about May 11, 2015, GrowCo filed a Notice of Exempt Offering with the SEC, for a securities offering of $5 million in debt securities and warrants. Sales of securities in this offering by GrowCo and Defendants began on or about March 16, 2015.

21.     On or about October 1, 2015, GrowCo filed a Notice of Exempt Offering with the SEC for a securities offering of over $4 million in stock and warrants. Sales of securities in this offering by GrowCo and Defendants began on or about July 29 2015.

22.     On or about January 5, 2016, GrowCo filed a Notice of Exempt Offering with the SEC for a securities offering of $5,500,000 in stock and warrants. Sales of securities in this offering by GrowCo and Defendants began on or about October 8, 2015.

23.     On or about September, 07, 2016, GrowCo amended its previous filing to change the acting CEO from Defendant McKowen to Defendant Harding.

24.     On or about September, 07, 2016, GrowCo, filed a Notice of Exempt Offering with the SEC to offer $7 million in senior exchange notes due July 1, 2021. Sales of securities in this offering by GrowCo and Defendants began on or about March 16, 2016.

25.     On or about March 9, 2017, GrowCo filed an amendment to the previous notice stating that the offering had been terminated as of March 9, 2017.

26.     Taken together the securities offerings listed above constitute the "Securities Offerings" or the "Offerings."

27.     As part of the Securities Offerings, GrowCo and Defendants prepared and distributed to prospective investors documents including sales presentations, memoranda of terms, exchange note purchase agreements, exchange agreements, investor questionnaires, and other documents ("the Offering Documents") which purported to make material disclosures to investors about GrowCo and the Securities Offerings.

28.     The purpose of the GrowCo Securities Offerings was to raise money from investors across the country to support the operations of Defendant Two Rivers, GrowCo, a GrowCo affiliate.

29.     In their capacity of control persons of GrowCo, the Individual GrowCo Defendants, the Individual Two Rivers Defendants, and Defendant Two Rivers played a central role in organizing and carrying out the GrowCo Securities Offerings, preparing and distributing the Offering Documents, and selling the GrowCo securities directly to investors, including Plaintiff.

### C.     The Offering Documents Contain Material Omissions.

30.     The GrowCo Securities Offerings' Offering Documents contained material omissions regarding McKowen, the founder of GrowCo and Two Rivers and the key driving force behind the two entities and the Securities Offerings, as more fully detailed below.

31.     Specifically, on or about July 22, 1986 a complaint was filed with the NASD against Defendant McKowen based on allegations that he violated securities laws, and his client's trust, by engaging in a series of deceptive and fraudulent securities transactions ("the NASD Complaint").

32.     On February 9, 1987, the NASD rendered a decision fining, censoring, and suspending McKowen and his co-defendant until they repaid the amount of $513,041 which appear to have represented the damages that McKowen and his co-defendant caused their customer to suffer as a result of their misconduct.

33.     On or about February 17, 1987, McKowen appealed the decision to NASD's Board of Governors.

34.     On or about June 9, 1987, the NASD Board of Governors affirmed the decision and increased McKowen's fine and suspension.

35.     On or about July 8, 1987, McKowen appealed the NASD Board of Governors' decision to the SEC.

36.     On or about August 20, 1987, the SEC affirmed the findings in the NASD Complaint on appeal and ordered McKowen sanctioned for his fraudulent sales of securities.

37.     On or about August 23, 1990 Defendant McKowen 's securities registration with the NASD was permanently revoked.

38.     On or about January 25, 1995 Defendant McKowen filed for bankruptcy in United States Bankruptcy Court for the District of Colorado.

39.     The Offering Documents provided to Plaintiffs as part of the Offerings omitted to disclose Defendant McKowen's fraudulent securities sales, the revocation of his securities license, or his personal bankruptcy.

40.     It would have been material – indeed crucial – to an investor evaluating whether to invest his or her money in McKowen's businesses, GrowCo and/or Two Rivers, to know that McKowen had engaged in fraudulent securities sales, had caused substantial losses to his customers through such fraudulent sales, was sanctioned as a result, had his securities license revoked, and had filed for bankruptcy.

D.     **Defendants Failed to Disclose Material Information to Prospective Investors.**

41.     Because of their Board membership and/or executive and managerial positions with Two Rivers and GrowCo, respectively, each of the Two Rivers Individual Defendants and GrowCo Individual Defendants, with the exception of Defendant McKowen and Defendant Two

Rivers, knew and/or had access to the adverse facts outlined above, while Defendants McKowen and Two Rivers (through McKowen) had actual knowledge of the adverse facts outlined above.

42.     The Two Rivers Individual Defendants and the GrowCo Individual Defendants, along with Defendant Two Rivers, participated in the drafting, preparation, dissemination and/or approval of the Offering Documents described herein. They were aware of or recklessly disregarded the omissions therein and were aware of their materially false and misleading nature.

43.     The Two Rivers Individual Defendants and GrowCo Individual Defendants had a duty to conduct adequate due diligence as to the information in the Offering Documents before offering and selling the GrowCo securities to investors and were reckless in offering and selling the GrowCo securities to investors without disclosing the facts outlined above surrounding Defendant McKowen's background.

44.     The Two Rivers Individual Defendants and GrowCo Individual Defendants, along with Defendant Two Rivers, because of their positions of control and authority as control persons of GrowCo, were able to and did control the content of the various securities filings, press releases, and other public statements pertaining to the Offerings, including the Offering Documents, during the Class Period.

45.     Each of the Two Rivers Individual Defendants and GrowCo Individual Defendants, as well as Defendant Two Rivers, was provided with or had an opportunity to see copies of the Offering Documents, alleged herein to be misleading, prior to or shortly after their issuance and/or had the ability and/or opportunity to prevent their issuance or to cause them to be corrected.

46.     Accordingly, each of the Two Rivers Individual Defendants and GrowCo Individual Defendants is responsible for the accuracy of the Offering Documents and is a maker of the omissions detailed above.

**E.      Investors Purchase the Offerings in Reliance Upon Misleading Offering Documents.**

47.     Plaintiff and the class members, as part of the solicitation by Defendant Two Rivers and Individual Two Rivers and GrowCo Defendants, were provided with the Offering Documents by Defendants.

48.     Plaintiff and the class members reasonably relied on the information in the Offering Documents as they reviewed the Offerings and considered whether to invest.

49.     On or about August 14, 2016 Mr. Paulson, relying on the Offering Documents, made his initial investment of $60,000 in The Offerings.

50.     On or about September 30, 2016 Mr. Paulson, relying on the Offering Documents, made an additional investment of $140,000 in The Offerings.

51.     On or about November 29, 2016 Mr. Paulson, relying on the Offering Documents, made his final investment of $57,000 in The Offerings.

52.     Mr. Paulson and the class members purchased the GrowCo securities directly from GrowCo and the Defendants.

53.     The securities purchased by Mr. Paulson included senior exchange notes and common stock purchase warrants which allowed for the purchase of units of GrowCo common stock at a purchase price of twenty-five cents per share, payable in cash.

54.     Upon information and belief, funds received from the Offerings were immediately commingled with and passed through as capitalization for the operation of Two Rivers.

**F.      GrowCo Files for Bankruptcy.**

55.      One or about January 21, 2019, GrowCo held a special meeting of the Board of Directors wherein Defendant McKowen announced that the company would file for voluntary bankruptcy under Chapter 11 of the United States Bankruptcy Code. Defendant McKowen, in his capacity as CEO, further resolved to appear in the proceedings and execute documents on behalf of GrowCo.

56.      On or about January 24, 2019, GrowCo filed for Chapter 11 bankruptcy in United States Bankruptcy Court for the District of Colorado.

57.      Plaintiff was notified of the bankruptcy because he is listed as a creditor in GrowCo's bankruptcy filing.

58.      Upon GrowCo's bankruptcy filing, Plaintiff was injured because his investments in the Offerings became effectively worthless.

59.      Upon being notified of GrowCo's bankruptcy, Plaintiff was prompted to investigate the Offerings.

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

60.      Plaintiff brings this action, for himself and on behalf of all others similarly situated, as a class action pursuant to C. R. C. P. Rule 23 (a) and (b)(3).

## CLASS DEFINITION

61.      The Proposed Class is defined as follows: All persons and entities that purchased or otherwise acquired the Offerings during the Class Period and were damaged thereby.

62.      Excluded from the class are: (1) Any of the Defendants, their agents or employees; (2) any judge or judicial officer who may hear any aspect of this case and his or her

law clerks; and (3) any person, firm, trust, corporation, or other entity related to or affiliated with any of the Defendants.

## NUMEROSITY

63. The members of the Proposed Class are so numerous and geographically dispersed that joinder of all members is impracticable. While the exact number of Proposed Class members remains unknown at this time, GrowCo's bankruptcy schedules filed with the Court in its bankruptcy proceedings indicate there are approximately fifty members of the proposed class. The exact number investors in the Offerings is within the knowledge of Defendants.

## TYPICALITY

64. Plaintiff's claims are typical of the claims of all Class members. Plaintiff is situated identically to all members of the Class with respect to the Offerings presented in this case, as Plaintiff and all members of the Class were investors in the Offerings and suffered the exact same loss (in proportion to the amount of their investment). The claims of Plaintiff are based on the same fundamental factual allegations and legal theories as the claims of all other members of the Class.

65. All investors in the Offerings, respectively, have been adversely affected by the wrongdoing of Defendants as described herein.

## COMMONALITY

66. There are common questions of law and fact in this class action that relate to and affect the rights of each member of the Class including, *inter alia*:

    a. Whether Defendants failed to disclose the NASD Complaint, related investigation, and sanctions for fraudulent securities transactions

perpetrated by Defendant McKowen, as well as the underlying fraudulent securities transactions and damages.

b. Whether Defendants failed to disclose that Defendant McKowen's securities license had been permanently revoked as a result of his conduct.

c. Whether Defendants failed to disclose that Defendant McKowen had declared bankruptcy.

d. Whether the omissions in the Offering Documents were material to GrowCo investors.

## ADEQUACY

67. The representative parties and undersigned counsel will fairly and adequately protect the interests of the proposed class.

68. Plaintiff also satisfies Rule 23(b) of the Colorado Rules of Civil Procedure because the questions of law or fact common to the members of the proposed class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## CLAIMS

### FIRST CLAIM
### SALE OF SECURITIES IN VIOLATION OF C.R.S. 11-51-101 *et seq.*

69. Plaintiff repeats and realleges each of the allegations set forth above.

70. Defendants violated the provisions of the Colorado Securities Act (the "Act"), C.R.S. 11-51-101 *et seq.*, by (1) offering and selling the unregistered GrowCo securities to Plaintiff and the putative class of GrowCo investors through material omissions.

71.     According to the Colorado Securities Act:

(1)  It is unlawful for any person, in connection with the offer, sale, or purchase of any security, directly or indirectly:

(a)  To employ any device, scheme, or artifice to defraud;
(b)  To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading; or
(c)  To engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

C.R.S. 11-51-501.

72.     The Colorado Securities Act sets forth the civil liability of sellers of securities through misrepresentations or omissions as follows:

(3)  Any person who recklessly, knowingly, or with an intent to defraud sells … a security in violation of section 11-51-501 (1) … is liable to the person buying … such security … in connection with the violation for such legal or equitable relief that the court deems appropriate, including rescission, actual damages, interest at the statutory rate, costs, and reasonable attorney fees.

(4)  Any person who sells a security in violation of section 11-51-501 (1)(b)(the buyer not knowing of the untruth or omission) and who does not sustain the burden of proof that such person did not know, and in the exercise of reasonable care could not have known, of the untruth or omission is liable to the person buying the security from such person, who may sue to recover the consideration paid for the security, together with interest at the statutory rate from the date of payment, costs, and reasonable attorney fees, less the amount of any income received on the security, upon the tender of the security, or is liable for damages if the buyer no longer owns the security. Damages are deemed to be the amount that would be recoverable upon a tender, less the value of the security when the buyer disposed of it, and interest at the statutory rate from the date of disposition.

C.R.S. 11-51-604 (3) and (4).

73.     As alleged herein, Defendant Two Rivers, along with the GrowCo Individual Defendants and the Two Rivers Individual Defendants, offered and sold GrowCo securities to Plaintiff and the proposed class by means of their omissions to state material facts pertaining to

14

Defendant McKowen, necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading.

74. Defendants knowingly and/or recklessly sold the GrowCo securities to Plaintiff. More specifically, Defendants Two Rivers (through McKowen) and McKowen had actual knowledge of the material omissions in the Offering Documents, while the other Defendants had a duty to conduct adequate due diligence before offering and selling the GrowCo securities to Plaintiff and the class members, and were reckless in selling the GrowCo securities without disclosing the material facts outlined above about McKowen.

75. In the alternative, Defendants cannot sustain the burden of proof that they did not know, and in the exercise of reasonable care could not have known, about the material omissions outlined above.

76. The omissions about McKowen's background – and in particular his fraud in connection with the sale of securities and his permanent ban from the securities industry – were certainly material to Plaintiff and prospective GrowCo investors, all of whom were reasonable to rely on such omissions to invest in GrowCo.

77. Defendant Two Rivers and Individual Two Rivers and GrowCo Defendants directly participated in the business and operations of GrowCo, including drafting, preparation and/or approval of the Offering Documents. They prepared securities filings, solicited sales, conducted presentations, and sought out prospective investors for the Offerings.

78. Defendant Two Rivers and Individual Two Rivers and GrowCo Defendants provided Plaintiff and the class members with the Offering Documents which omitted the material facts set forth above about Defendant McKowen, with the intent that Plaintiff and the

class members rely upon such Offering Documents and omissions to invest in GrowCo, and sold the GrowCo securities to Plaintiff.

79.     As a direct and proximate result of Defendant Two Rivers and Individual Two Rivers and GrowCo Defendants' material omissions, Plaintiff and the class members purchased GrowCo securities from Defendants and suffered losses.

80.     Defendants are liable to Plaintiff and the class members for damages as set forth in the Act, as a result of their misconduct in an amount to be determined at the hearing of this case.

**TENDER OF SECURITIES**

81.     Plaintiff hereby gives notice to Defendant Two Rivers and Individual Two Rivers and GrowCo Defendants that he is rescinding his respective purchase of the Offerings and is tendering his GrowCo securities in exchange for:

- The consideration paid by each Plaintiff or class member for his respective investment in the Offerings, plus
- The interest thereon at the legal rate from the date of purchase, plus
- Costs and attorneys' fees, less
- The amount, if any, of income received on such securities.

<u>**SECOND CLAIM**</u>
**PROVIDING SUBSTANTIAL ASSISTANCE IN THE SALE OF SECURITIES BY MEANS OF UNTRUE STATEMENTS OR OMISSIONS IN VIOLATION OF C.R.S. 11-51-101 *et seq*. (in the alternative)**

82.     Plaintiff repeats and realleges each of the allegations set forth above.

83.     GrowCo knowingly and/or recklessly offered and sold its securities through Plaintiff and the other class members through material omissions as more fully outlined above,

in violation of the Colorado Securities Act Section 11-51-501(1), and is thus liable under C.R.S.

11-51-604(3) and (4).

84.     Pursuant to the Colorado Securities Act,

(c)  Any  person  who  knows  that  another  person  liable  under
subsection (3) or (4) of this section is engaged in conduct which
constitutes  a  violation  of  section  11-51-501  and  who  gives
substantial assistance to such conduct is jointly and severally liable
to the same extent as such other person.

C.R.S. 11-51-604(5)(c).

85.     Defendants knew that GrowCo was liable under CRD 11-51-604(3) and (4)

because it was offering and selling securities to Plaintiff and the class members through material

omissions.

86.     Despite such knowledge, Defendants provided substantial assistance to

GrowCo's sales of GrowCo securities to Plaintiff and the class members, through their efforts in

drafting, producing, reviewing, and/or disseminating to Plaintiff and the class members the

Offering Documents that contained the omissions set forth above, and helping GrowCo sell

GrowCo securities to Plaintiff and the class members through misrepresentations and omissions.

87.     As a direct and proximate result of the knowing assistance provided by

Defendants, Plaintiff invested in GrowCo securities and suffered losses.

88.     Defendants are jointly and severally liable to Plaintiff and the class members to

the same extent as GrowCo in connection with GrowCo's securities sales.

## THIRD CLAIM
## CONTROL PERSON LIABILITY IN THE SALE OF SECURITIES
## BY MEANS OF UNTRUE STATEMENTS OR OMISSIONS IN VIOLATION OF C.R.S.
## 11-51-101 *et seq*. (in the alternative)

89.     Plaintiff repeats and realleges each of the allegations set forth above.

90.    GrowCo knowingly and/or recklessly offered and sold its securities through Plaintiff and the other class members through material omissions as more fully outlined above, in violation of the Colorado Securities Act Section 11-51-501(1), and is thus liable under C.R.S. 11-51-604(3) and (4).

91.    Pursuant to the Colorado Securities Act,

(a) Every person who, directly or indirectly, controls a person liable under subsection … (3) of this section is liable jointly and severally with and to the same extent as such controlled person, unless the controlling person sustains the burden of proof that such person did not know, and in the exercise of reasonable care could not have known, of the existence of the facts by reason of which the liability is alleged to exist.

(b)  Every person who, directly or indirectly, controls a person liable under subsection (3) or (4) of this section is liable jointly and severally with and to the same extent as such controlled person, unless such controlling person sustains the burden of proof that such person acted in good faith and did not, directly or indirectly, induce the act or acts constituting the violation or cause of action.

C.R.S. 11-51-604(5)(a) and (b).

92.    A person is liable as a "control person" where he or she has the possession, direct or indirect, of the power to direct or cause the direction of the management or policies of a person, whether through the ownership of voting securities, by contract, or otherwise. Depending on the circumstances, a control person might include an employer, an officer or director, a large shareholder, a parent company, and a management company.

93.    All Defendants were control persons of GrowCo. In that capacity, Defendants directed and controlled GrowCo's misconduct alleged herein, and knew and/or should have known of such misconduct.

94.     Specifically, the GrowCo Individual Defendants were all officers and directors of GrowCo, and each directly or indirectly possessed the power to direct or cause the direction of the management or policies of GrowCo. Defendant Two Rivers was GrowCo's corporate parent, shared the same management with GrowCo, and directed and controlled GrowCo and the Securities Offering through material omissions, as illustrated by the fact that investment proceeds from the GrowCo Securities Offering were intended to be transferred to, and used by, Two Rivers for its own business. Lastly, the Two Rivers Individual Defendants controlled both Two Rivers and its subsidiary, GrowCo, and directed and controlled its Securities Offering, which stood to benefit Two Rivers.

95.     None of the Defendants can sustain the burden of proof that they did not know, and in the exercise of reasonable care could not have known, of the existence of the facts by reason of which the liability is alleged to exist, nor can they sustain the burden of proof that they acted in good faith and did not, directly or indirectly, induce the act or acts constituting the violation or cause of action.

96.     Therefore, all Defendants are jointly and severally liable with GrowCo for GrowCo's violation of the Colorado Securities Act.

**FOURTH CLAIM**
**COMMON LAW NEGLIGENCE**

97.     Plaintiff repeats and realleges each of the allegations set forth above.

98.     Defendant Two Rivers and Individual Two Rivers and GrowCo Defendants owed Plaintiff and the class members a duty of reasonable care in connection with their preparation of Offering Documents for the GrowCo Securities Offering for the use of Plaintiff and the class members, and their sales of GrowCo securities to Plaintiff and the class members.

99. Defendant Two Rivers and Individual Two Rivers and GrowCo Defendants breached their duty by failing to disclose in the Offering Documents the material facts set forth above regarding Defendant McKowen.

100. As a direct and proximate result of Defendants' breach of duty, Plaintiff and the class members have been damaged in an amount to be determined at the hearing of this case.

## FIFTH CLAIM
### NEGLIGENT MISREPRESENTATIONS AND OMISSIONS

101. Plaintiff repeats and realleges each of the allegations set forth above.

102. Defendant Two Rivers and Individual Two Rivers and GrowCo Defendants are liable to Plaintiff because in the course of their business they supplied false information and failed to exercise reasonable care by making material misrepresentations and/or omissions to Plaintiff in the Offering Documents, in breach of the duties they owed Plaintiffs.

103. Defendant Two Rivers and Individual Two Rivers and GrowCo Defendants specifically omitted disclosure to Plaintiff and the class members of the following:

- Defendant McKowen fraud in connection with the sale of securities and the substantial damages caused by his misconduct;

- Defendant McKowen's investigation and sanctions by the federal securities regulators arising out of his fraudulent securities transactions;

- Defendant McKowen's permanent ban from the securities industry and loss of securities license as a result of his misconduct; and

- Defendant McKowen's bankruptcy.

104. Defendant Two Rivers and Individual Two Rivers and GrowCo Defendants benefitted from these transactions in the course of their business, because the funds from the Offerings were ultimately used for Two Rivers' operating capital.

105.    Said omissions were material, and Defendants intended Plaintiff to rely on the material omissions in the Offering Documents to invest in GrowCo.

106.    Plaintiff justifiably, and to their detriment, relied on the omissions in the Offering Documents to their detriment in deciding to invest in the Offerings.

107.    As a direct and proximate result of Defendants' negligent omissions, Plaintiff purchased securities in the Offerings and suffered losses.

108.    Defendant Two Rivers and Individual Two Rivers and GrowCo Defendants are liable to Plaintiff for damages in an amount to be determined at the hearing of this case.

## RELIEF

WHEREFORE, Plaintiff, on his own behalf and on behalf of the Class, prays for judgment as follows:

(a) Certifying this action as a class action pursuant to C. R. C. P. Rule 23(b)(3);

(b) Certifying Plaintiff as class representative and appointing the undersigned counsel as class counsel;

(c) Awarding rescission and/or rescissory damages against Defendants, in favor of Plaintiff and the members of the Class, including interest;

(d) Awarding compensatory damages in favor of Plaintiff and the members of the Class against Defendants, in favor of Plaintiff and the members of the Class, including interest;

(e) Awarding Plaintiffs his reasonable attorneys' fees and costs; and

(f) Granting such other and further relief as the Court may deem just and proper.

### JURY DEMAND

Plaintiff demands a trial by jury against Defendant Two Rivers and the Individual Two Rivers Defendants for all issues triable thereby.

Date: August 13, 2019                    Respectfully submitted,


                                         _/s/ Steve A. Miller____
                                         Steve A. Miller, No. 8758
                                         STEVE A. MILLER, P.C.
                                         162 Larimer St., Suite 2906
                                         Denver, CO 80202
                                         Telephone: (303) 892-9933
                                         Fax: (303) 892-8925
                                         Email: Sampc01@gmail.com

                                         *Local Counsel for Plaintiffs*

                                         Paul J. Scarlato *(pro hac vice forthcoming)*
                                         Christian A. Pfeiffer *(pro hac vice forthcoming)*
                                         GOLDMAN SCARLATO & PENNY, PC
                                         8 Tower Bridge, Suite 1025
                                         161 Washington Street
                                         Conshohocken, PA 19428
                                         Telephone: (484) 342-0700
                                         E-mail: scarlato@lawgsp.com
                                                 pfeiffer@lawgsp.com

                                         Alan L. Rosca, Esq *(pro hac vice forthcoming)*
                                         GOLDMAN SCARLATO & PENNY, PC
                                         23250 Chagrin Blvd. Suite 100
                                         Beachwood, OH 44122
                                         Telephone: (484) 342-0700
                                         E-mail: rosca@lawgsp.com

                                         J. Barton Goplerud (*pro hac vice forthcoming*)
                                         Brian O. Marty *(pro hac vice forthcoming)*
                                         SHINDLER   ANDERSON   GOPLERUD   &
                                         WEESE PC
                                         5015 Grand Ridge Dr, Ste 100
                                         West Des Moines, IA 50265
                                         Telephone: (515) 223-4567
                                         Fax: (515) 223-8887
                                         Email: goplerud@sagwlaw.com
                                                 marty@sagwlaw.com

                                         *Counsel for Plaintiff and the Class*

☐FORM 1.2. DISTRICT COURT CIVIL (CV) CASE COVER SHEET FOR INITIAL PLEADING OF COMPLAINT, COUNTERCLAIM, CROSS-CLAIM OR THIRD PARTY COMPLAINT AND JURY DEMAND

DATE FILED: August 13, 2019 11:24 AM
FILING ID: 5E9CEBEF91D95
CASE NUMBER: 2019CV33099

| District Court _____ Denver _____ County, Colorado<br>Court Address:   1437 Bannock Street<br>                          Denver CO 80202<br><br>Plaintiff(s):   JOHN PAULSON, individually and on behalf of all others similarly situated<br>v.<br>Defendant(s):   TWO RIVERS WATER AND FARMING COMPANY, a Colorado corporation; JOHN R. MCKOWEN, an individual; WAYNE HARDING, an individual; and TIMOTHY BEALL, an individual, | ▲ COURT USE ONLY ▲ |
|---|---|
| Attorney or Party Without Attorney (Name and Address):<br>  Steve A. Miller, 1625 Larimer Street, Suite 2906, Denver, CO 80202<br>Phone Number:  (303) 892-9933       E-mail: sampc01@gmail.com<br>FAX Number:   (303) 892-8925       Atty. Reg. #: 8758 | Case Number: |

| DISTRICT COURT CIVIL (CV) CASE COVER SHEET FOR INITIAL PLEADING OF COMPLAINT,<br>COUNTERCLAIM, CROSS-CLAIM OR THIRD PARTY COMPLAINT<br>AND JURY DEMAND |
|---|

1. This cover sheet shall be filed with the initial pleading of a complaint, counterclaim, cross-claim or third party complaint in every district court civil (CV) case. It shall not be filed in Domestic Relations (DR), Probate (PR), Water (CW), Juvenile (JA, JR, JD, JV), or Mental Health (MH) cases. Failure to file this cover sheet is not a jurisdictional defect in the pleading but may result in a clerk's show cause order requiring its filing.

2. Simplified Procedure under C.R.C.P. 16.1 **applies** to this case **unless** (check one box below if this party asserts that C.R.C.P. 16.1 **does not** apply):

   ✓ This is a class action, forcible entry and detainer, Rule 106, Rule 120, or other similar expedited proceeding, **or**

   ☐ This party is seeking a monetary judgment against another party for more than $100,000.00, including any penalties or punitive damages, but excluding attorney fees, interest and costs, as supported by the following certification:

   By my signature below and in compliance with C.R.C.P. 11, based upon information reasonably available to me at this time, I certify that the value of this party's claims against one of the other parties is reasonably believed to exceed $100,000."

   **Or**

☐   Another party has previously filed a cover sheet stating that C.R.C.P. 16.1 does not apply to this case.

3.   ✓   This party makes a **Jury Demand** at this time and pays the requisite fee. See C.R.C.P. 38. (Checking this box is optional.)

**Date:** _____**8/13/2019**_____          _____*/s/ Steve A. Miller*_____
                                                          **Signature of Party or Attorney for Party**

**NOTICE**
This cover sheet must be served on all other parties along with the initial pleading of a complaint, counterclaim, cross-claim, or third party complaint.