IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-02639-PAB-NYW

JOHN PAULSON, an individual,

Plaintiff,

v.

TWO RIVERS WATER AND FARMING COMPANY, a Colorado corporation; JOHN R. MCKOWEN, an individual; WAYNE HARDING, an individual; and TIMOTHY BEALL, an individual,

Defendants.

---

**JOHN R. McKOWEN'S MOTION TO DISMISS CERTAIN CLAIMS IN PLAINTIFF'S AMENDED COMPLAINT [DKT 56]**

---

Defendant John R. McKowen, through counsel at Ogborn Mihm, LLP, submits this Motion to Dismiss Certain Claims in Plaintiff's Amended Complaint [DKT 56] pursuant to Fed. R Civ. P. 12(b)(6) and states as follows:

**CERTIFICATION OF CONFERRAL &
COMPLIANCE WITH PAB PRAC. STAND. III.F.2**

Pursuant to this Court's Practice Standards regarding Dispositive Motions, on February 18, 2020, Mr. McKowen's counsel e-mailed counsel for Plaintiff John Paulson about this motion to dismiss and provided a chart summarizing, for each claim of relief, the deficiencies in Mr. Paulson's Amended Complaint, such chart attached hereto as *Exhibit 1*. In that e-mail, Mr. McKowen's counsel invited discussion as to whether the parties could resolve any of the deficiencies identified in *Exhibit 1* by stipulation. After securing a brief extension of time to

respond to the Amended Complaint, and at the request of Mr. Paulson's counsel, on February 25, 2020, Mr. McKowen's counsel e-mailed Mr. Paulson's counsel a draft of this motion to dismiss. On February 26, 2020, counsel for Mr. McKowen and Mr. Paulson spoke over the telephone and counsel for Mr. Paulson stated that they were unable to address any of the deficiencies identified in *Exhibit 1* and the draft motion and, therefore, Mr. Paulson opposes all of the relief sought by this motion.

## INTRODUCTION

This case arises out of Mr. Paulson's purchase of securities issued by GrowCo, Inc. in 2016, when Mr. McKowen was not an officer or director of GrowCo or its parent, Two Rivers. Notwithstanding, Mr. Paulson previously asserted, on behalf of a putative class spanning from January 2015 to March 2017, securities fraud and negligence claims against all Defendants. Recently, Mr. Paulson filed an Amended Complaint [DKT 56] containing redundant securities fraud claims and a common law fraud claim specifically pled against Mr. McKowen.

Mr. Paulson's Amended Complaint fails, however, to provide the necessary detail to support his claims sounding in fraud, so those claims warrant dismissal. Additionally, through his Amended Complaint, Plaintiff has asserted redundant claims that this Court should dismiss with prejudice.

## FACTUAL BACKGROUND

Mr. McKowen helped found Two Rivers Water and Farming Company ("Two Rivers") and later, its then-wholly-owned subsidiary, GrowCo, Inc. ("GrowCo"). *See* DKT 56 at ¶¶ 14-17. And, while Mr. McKowen served as an officer and director of Two Rivers and GrowCo for

a time, he resigned from all such positions on May 25, 2016. *See Exhibit 2,*[1] *SEC Filing (June 1, 2016)*; *see also* DKT 56 at ¶ 23.[2]

In the summer and fall of 2016, Mr. Paulson purchased certain securities in GrowCo, then a majority-owned subsidiary of Two Rivers. DKT 56 at ¶¶ 51-53. On January 24, 2019, GrowCo filed a voluntary petition under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court, District of Colorado, Case No. 19-10512-JGR (the "GrowCo Bankruptcy Case"). DKT 56 at ¶ 58.[3]

On August 13, 2019, Mr. Paulson filed a Complaint in the District Court for the City and County of Denver, Colorado (the "State Court Action"), asserting claims for himself and requesting certification of a putative class who purchased securities in GrowCo. On September 16, 2019, Mr. McKowen filed a Notice of Removal with this Court, premised on 28 U.S.C. § 1334(b) and 28 U.S.C. § 1452 because all of Mr. Paulson's claims arise exclusively out of his purchase of securities in GrowCo and, therefore, are related to the GrowCo Bankruptcy Case. Mr. Paulson did not challenge removal and, on September 16, 2019, his Complaint was filed with this Court. DKT 4. Mr. Paulson's original Complaint asserted five claims for relief:

---

[1] Mr. McKowen asks that the Court take judicial notice of the SEC filing located at: https://www.sec.gov/Archives/edgar/data/1302946/000130294616000117/f8k50220160601_8k.htm. *See IN re Oppenheimer Rochester Funds Group Securities Litig.*, 838 F. Supp. 2d 1148, 1156 (D. Colo. 2012) ("In securities cases, . . . a court may take judicial notice of the contents of SEC filings that are a matter of public record.").

[2] Mr. McKowen specifically denies that he acted as an officer or director of GrowCo or Two Rivers at the time Mr. Paulson purchased securities in GrowCo. *See* DKT 2 at ¶¶ 10, 18.

[3] Based on the close relationship between this action and the GrowCo Bankruptcy Case, and other facts, Mr. McKowen filed a Motion to Stay this action on January 23, 2020. *See* DKT 47. As of the date of this filing, that Motion to Stay is fully briefed and is currently pending before the Honorable Magistrate Judge Nina Y. Wang. *See id.*; *see also* DKT 58, DKT 63.

    (i)      Sales of Securities in Violation of the Colorado Securities Act, C.R.S. § 11-51-101 et seq.;

    (ii)     Providing Substantial Assistance in the Sale of Securities by Means of Untrue Statements or Omissions in Violation of C.R.S. § 11-51-101 et seq.;

    (iii)    Control Person Liability in the Sale of Securities by Means of Untrue Statements or Omissions in Violation of C.R.S. § 11-51-101 et seq.;

    (iv)    Common Law Negligence; and

    (v)     Negligent Misrepresentations and Omissions.

DKT 4 at ¶¶ 69-108. Mr. Paulson asserted his First Claim for Relief against all Defendants and expressly based that claim on section 11-51-501, C.R.S. *See id.* at ¶¶ 70-71.

On January 27, 2020, both Messrs. Paulson and McKowen filed motions to amend their pleadings. *See* DKT 50; DKT 51. On February 5, 2020, the Honorable Magistrate Judge Nina Y. Wang held a status conference regarding those motions to amend and, as a result of that conference, accepted both motions as "unopposed," directed Mr. Paulson to file a "clean" copy of his proposed Amended Complaint, and granted Mr. McKowen fourteen days to respond to the proposed Amended Complaint. DKT 57. Later on February 5, 2020, Mr. Paulson filed his Amended Class Action Complaint (the "Amended Complaint"). DKT 56. In his Amended Complaint, Mr. Paulson asserts, in addition to his five original claims against all Defendants, two new claims for relief against only Mr. McKowen:

    (vi)    Common Law Fraud; and

    (vii)   Sale of Securities Through Fraud.

DKT 56 at ¶¶ 111-127.

Mr. Paulson's Amended Complaint contains duplicative claims. Further, it adds only two new factual allegations, *see* DKT 51-1 at ¶¶ 40, 41 (redline); DKT 56 at ¶¶ 40, 41 (clean),

4

and remains devoid of any facts: (i) about the person with whom Mr. Paulson dealt when he purchased securities in GrowCo, (ii) that the issuer of the securities did disclose that were rendered misleading by the alleged omissions, or (iii) that could give rise to Defendants' duty to disclose the information allegedly omitted. *See, generally*, DKT 56. *Compare* DKT 56 at ¶¶ 71-83 *with* DKT 56 at ¶¶ 119-127.  Mr. McKowen submits this motion to dismiss the First, Second, Third, Fifth, Sixth, and Seventh Claims for Relief in the Amended Complaint.

## LEGAL STANDARD

To survive a motion to dismiss premised on Fed. R. Civ. P. 12(b)(6), a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 560 (2007)). That standard demands more than a sheer possibility that a defendant has acted unlawfully; allegations that are "merely consistent with" a defendant's liability "stop[] short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*  A plaintiff may not rely on mere labels or conclusions, "and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555; *see also EchoStar Satellite, L.L.C. v. Splash Media Partners, L.P.*, No. 07-CV-02611-PAB-BNB, 2010 WL 1380314, at *1 (D. Colo. Mar. 31, 2010) (citing *Moffett v. Halliburton Energy Servs., Inc.*, 291 F.3d 1227, 1232 (10th Cir. 2002).  Ultimately, the court must "determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed."  *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

Where a complaint sounds in fraud, a more stringent standard applies: "a party must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). "At a

minimum, Rule 9(b) requires that a plaintiff set forth the 'who, what, when, where and how' of the alleged fraud." *Oaster v. Robertson*, 173 F. Supp. 3d 1150, 1179 (D. Colo. 2016) (quoting *U.S. ex rel. Schwartz v. Coastal Healthcare Grp., Inc.*, 2000 WL 1595976, at *3 (10th Cir. 2000)). "For claims premised on omissions, the Plaintiffs must sufficiently identify 'the particular information that should have been disclosed, the reason the information should have been disclosed, the person who should have disclosed it, and the approximate time or circumstances in which the information should have been disclosed.'" *Martinez v. Nash Finch Co.*, 886 F. Supp. 2d 1212, 1216 (D. Colo. 2012) (quoting *S.E.C. v. Nacchio*, 438 F. Supp. 2d 1266, 1277 (D. Colo. 2006)).

## ARGUMENT

### I. THE AMENDED COMPLAINT CONTAINS DUPLICATIVE AND REDUNDANT CLAIMS THAT SHOULD BE DISMISSED

Mr. Paulson's Amended Complaint contains two sets of duplicative, and redundant, claims. This Court should dismiss his Fifth Claim for Relief (Negligent Misrepresentations and Omissions) and Seventh Claim for Relief (Sale of Securities Through Fraud).

#### A. The Fifth Claim (Negligent Misrepresentation) is Duplicative of the Fourth Claim (Common Law Negligence)

Mr. Paulson's Fourth Claim for Relief asserts common law negligence, whereas his Fifth Claim for Relief asserts common law negligent misrepresentations and omissions. However, both claims rely on the same facts and premise: that Defendants allegedly failed to exercise reasonable care by omitting, and failing to disclose, certain information in offering documents. *Compare* DKT 56 at ¶¶ 100-101 *with* ¶¶ 104-105. As such, the claims are "duplicative . . . and redundant." *Schmaltz v. Smithkline Beecham Corp.*, Civ. Act. No. 08-cv-

00119-WDM-MEH, 2009 WL 1456723, *2 (D. Colo. May 21, 2009) (dismissing claim alleging "'negligent misrepresentation by omission'" claim as "duplicative . . . and redundant" of "the negligence claim"); *see also Meeper, LLC v. Lester*, Civ. Act. No. 12-cv-01732-WYD-KMT, 2013 WL 935757, *2 (Mar. 11, 2013) (same in professional negligence context because, among other things, both claims "ar[ose] from the same facts").

### B. The Newly Pled Seventh Claim Merely Re-States the First Claim

Further, Mr. Paulson's newly pled Seventh Claim for Relief merely re-states his First Claim for Relief. Both claims expressly rely on sections 11-51-501, C.R.S. and 11-51-604(3). *Compare* DKT 56 at ¶¶ 73-74 *with* ¶¶ 121-122. Both claims allege that Mr. McKowen intentionally sold Mr. Paulson securities in GrowCo purportedly with knowledge that the offering documents contained material omissions. *Compare id.* at ¶¶ 76, 80 *with* ¶¶ 123, 126. And, both claims seek the same damages. *Compare id.* at ¶ 82 *with* ¶ 127. The *sole* difference between the two claims, aside from minor word choice differences, is that Mr. Paulson alleges the Seventh Claim for Relief against only Mr. McKowen, whereas he alleges the First Claim for Relief against all Defendants, including Mr. McKowen. *Compare id.* at ¶72 *with* ¶ 120.

### C. This Court Should Dismiss the Duplicative and Redundant the Fifth and Seventh Claims, With Prejudice

Mr. Paulson's Fifth Claim For Relief (Negligent Misrepresentations and Omissions) duplicates the Fourth Claim for Relief, and the Seventh Claim for Relief (Sale of Securities Through Fraud) duplicates the First Claim. As "duplicative," the Fifth and Seventh Claims "are . . . subject to dismissal." *Cypress Advisors, Inc. v. Davis*, Civ. Act. No. 16-cv-01935-MSK-MEH, 2017 WL 3116289, *7 (D. Colo. Jul. 21, 2017) (citing *Katz v. Gerardi*, 655 F.3d 1212, 1217 (10th Cir. 2011)). Both the Fifth and Seventh Claims should be dismissed, with prejudice.

*See Aurora Commercial Corp. v. PMAC Lending Servs., Inc.*, Civ. Case No. 13-cv-00497-LTB, 2014 WL 859253, \*5 (D. Colo. Mar. 5, 2014) (dismissing duplicative claim).

## II.     PLAINTIFF'S FIRST, SECOND, THIRD, AND SIXTH CLAIMS FOR RELIEF, SOUNDING IN FRAUD, FAIL TO SATISFY FED. R. CIV. P. 9(b)

This Court should also dismiss Plaintiff's First, Second, Third, and Sixth Claims because, while all of them sound in fraud, none of them meets Fed. R. Civ. P. 9(b)'s particularity requirement.

### A.     The Sixth Claim for Relief (Common Law Fraud) Fails Because Mr. Paulson Fails to Allege Who Provided Him With the Offering Documents

Mr. Paulson's Sixth Claim for Relief purports to assert a claim of common law fraud against Mr. McKowen.  However, the Amended Complaint fails to satisfy even the most basic pleading requirements for such a claim.  As an initial matter, it appears that Mr. Paulson's claim conflates two different types of fraud.  The claim recites the elements applicable to an affirmative misrepresentation.  *See* DKT 56 at ¶ 113.  Yet, the Amended Complaint lacks any allegations whatsoever that could be construed as an affirmative misrepresentation.  *See, generally* DKT 56.  Thus, to the extent Mr. Paulson attempts to plead fraud based on an affirmative representation, his sixth claim fails under both Fed. R. Civ. P. 8(a) and 9(b).

To the extent the Sixth Claim for Relief attempts to plead a fraud claim based on alleged concealment, the Amended Complaint lacks the basic information necessary to state such a claim.  *See* Fed. R. Civ. P. 9(b).  To comply with Rule 9(b), a plaintiff must "set forth the time, place, and contents of the false representation, *the identity of the party* making the false statements and the consequences thereof."  *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1236 (10th Cir. 2000) (emphasis added).  The plaintiff does *not* satisfy those requirements by merely

8

lumping the defendants together and alleging that all of them were somehow involved in the misconduct.  *See Western State Bank v. Cosey, LLC*, Civ. Act. No. 19-cv-01155-JLK, 2019 WL 5694271, **3-4 (D. Colo. Nov. 4, 2019) (collecting cases).  Rather, the plaintiff must "identify any specific Defendant who made the[] alleged fraudulent . . . omissions" to satisfy his pleading requirements.  *Koch*, 203 F.3d at 1237.  Indeed, such identification is "a particularly important requirement in" a case like this "because of the number of individual defendants involved."  *Id*.

Here, Mr. Paulson attempts to do what is forbidden by the Tenth Circuit authority cited above: he lumps all Defendants together and asserts (wrongly) that it is "appropriate to . . . presume that the false, misleading, and incomplete information [allegedly] conveyed in the Offering Documents by each . . . are the collective actions of each."  DKT 56 at ¶ 10; *see also* ¶ 29.  Moreover, Mr. Paulson fails to identify *who* provided him with the offering documents that he allegedly relied upon in purchasing securities in GrowCo.  *See id*. at ¶¶ 49-56; *cf. Lochhead v. Alacano*, 662 F. Supp. 230, 234 (D. Utah 1987) (dismissing fraud claim alleged against one of several defendants that "lacked particular support for such a charge").  As such, Mr. Paulson's Amended Complaint does not adequately state a claim for common law fraud against Mr. McKowen.  *See Digital Advertising Displays, Inc. v. Sherwood Partners, LLC*, Civ. Act. No. 12-cv-00682, 2013 WL 2149467, *5 (D. Colo. May 16, 2013) (dismissing fraudulent concealment claim, with prejudice, because plaintiff's complaint failed to identify who made alleged representation).  This Court should dismiss Mr. Paulson's Sixth Claim for Relief.

      **B.**    **All of the Claims Sounding in Fraud Fail to Establish that Mr. McKowen Possessed a Duty to Disclose the Allegedly Omitted Information**

"[S]ilence, absent a duty to disclose' cannot serve as the basis for liability."  *Grossman v. Novell, Inc.*, 120 F.3d 1112, 1124 (10th Cir. 1997) (quoting *Basic Inc. v. Levinson*, 485 U.S.

224, 238 (1988)); *see also Burman v. Richmond Homes Ltd.*, 821 P.2d 913, 918 (Colo. App. 1991) ("[T]o establish a claim for fraudulent concealment or non-disclosure, plaintiff must show that a defendant had a duty to disclose information."). Thus, a plaintiff must allege sufficient and specific facts that plausibly establish a duty to disclose. *See Lochhead*, 662 F. Supp. at 234 (dismissing complaint that "fail[ed] to specify facts from which a reasonable inference may be drawn as to who may have had a duty" to disclose allegedly omitted notice). The Amended Complaint lacks any such facts.

    **1. *The First, Second, Third, and Seventh Claims Fail Because the Amended Complaint is Devoid of Allegations as to Which Statements Were Rendered Misleading by the Alleged Omissions***

  Mr. Paulson bases his First, Second, Third, and Seventh claims on section 11-51-501, C.R.S., under which "'[i]t is unlawful . . . to omit . . . a material fact necessary in order to make the statements made, in light of the circumstances under which they are made, not misleading.'" DKT 56 at ¶ 73 (quoting § 11-51-501, C.R.S.); *see also* ¶¶ 75, 85, 92, 121. Thus, "[t]o be actionable, an omission must render misleading the affirmative statements actually made." *Nardy v. Chipotle Mexican Grill, Inc.*, Civ. Act. No. 17-cv-01760-WYD-STV, 2019 WL 3297467, *7 (citing *Jensen v. Kimble*, 1 F.3d 1073, 1078 (10th Cir. 1993)). And, to plead such a claim, "'the plaintiff must set forth an explanation as to why the . . . omission complained of was . . . misleading.'" *Grossman*, 120 F.3d at 1124 (quoting *In re GlenFed Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994), *superseded on other grounds, see Johnson v. Wal-Mart Stores, Inc.*, 544 Fed. App'x 696, 698 (9th Cir. 2013)). In other words, the plaintiff must allege (i) which statements the defendant actually made and (ii) an explanation of how such statements were rendered misleading. *See Estate of Bogue v. Adams*, 405 F. Supp. 3d 929, 940 (D. Colo. 2019).

However, the Amended Complaint is devoid of any allegations that describe with specificity "what information" any Defendant, let alone Mr. McKowen, "disclosed as part of the transaction[s] – if anything." *S2 Automation LLC v. Micron Tech., Inc.*, 281 F.R.D. 487, 496 (D.N.M. 2012). At most, Mr. Paulson alleges that "Defendants prepared and distributed . . . documents including sales presentations, memoranda of terms, exchange notes purchase agreements, exchange agreements, investor questionnaires, and other documents." DKT 56 at ¶ 27. However, the Amended Complaint is silent as to any statements made in those offering documents or how such statements were rendered misleading. Such generalized allegations do not satisfy Fed. R. Civ. P. 9(b)'s requirements. *Cf. Estate of Bogue*, 405 F. Supp. 3d at 940 (dismissing Colorado Securities Act claim premised on omissions because plaintiff's amended complaint "fail[ed] to identify what statements were made" and "by whom"). Thus, Mr. Paulson has failed to allege with specificity the facts required to establish a duty to disclose the allegedly omitted information or who, if anyone, possessed such a duty. *See id*. The Court should dismiss the First, Second, Third, and Seventh Claims For Relief.

### 2. *The Amended Complaint Fails to Allege a Duty to Disclose in Support of the Sixth Claim for Relief (Common Law Fraud)*

For similar reasons, Mr. Paulson's Sixth Claim for Relief also fails to meet Fed. R. Civ. P. 9(b)'s standard. A duty to disclose only arises under specific factual circumstances. *See Burman*, 821 P.2d at 918. Indeed, Colorado law points to the Restatement (Second) of Torts (hereinafter, the "Restatement") to describe the type of factual circumstances that could support a fraudulent concealment theory. *Id*. (citing, *inter alia*, Restatement § 551). Like the authority cited above, the factual circumstances set out in the Restatement relate to the disclosure of facts necessary to prevent affirmative statements "from being misleading." Restatement § 551(2)(b).

However, as explained above, Mr. Paulson's Amended Complaint fails to allege *any facts* pertaining to the statements actually made to Mr. Paulson, who made those statements, or how those statements were rendered misleading by the allegedly omitted information.  *See, generally*, DKT 56.  As such, the Amended Complaint lacks the detail necessary to state a claim for common law fraud.  Mr. Paulson's Sixth Claim for Relief should be dismissed.

### 3. *The Amended Complaint Fails to Allege Causation with Particularity*

Mr. Paulson's First, Second, Third, Sixth, and Seventh Claims for Relief also fail to satisfy Rule 9(b) because the Amended Complaint does not adequately plead loss causation. Loss causation "is the causal link between the alleged misconduct and the economic harm ultimately suffered by the plaintiff." *Lentell v. Merrill Lynch & Co., Inc.,* 396 F.3d 161, 172 (2d Cir. 2005) (internal quotation marks omitted).  Establishing loss causation requires a plaintiff to "allege that the loss was 'foreseeable' and 'caused by the materialization of the concealed risk.'" *Abuhamdan v. Blyth, Inc.*, 9 F. Supp. 3d 175, 207 (D. Conn. 2014) (citing *Lentell*, 396 F.3d at 173). "Thus, to plead loss causation, 'a plaintiff must allege that the *subject* of the fraudulent statement or omission was the cause of the actual loss suffered, *i.e.,* that the misstatement or omission concealed something from the market that, when disclosed, negatively affected the value of the security.'" *Id.*

Mr. Paulson's Amended Complaint contains no such allegations.  *See, generally*, DKT 56. Mr. Paulson merely, and generally, alleges that he and the other putative class members purchased securities in GrowCo "[a]s a result . . . of [the alleged] . . . material omissions" and suffered injury "[u]pon GrowCo's bankruptcy filing" because the investments "became effectively worthless." *Id.* at ¶¶ 60, 81.  While these allegations might suffice to establish

transaction causation, they do not draw the necessary causal link between the alleged fraud and the loss. Nowhere does Mr. Paulson allege whether, or how, the alleged omissions are tied to GrowCo's bankruptcy, in any way.

## CONCLUSION

For all of the reasons set forth above, Mr. McKowen respectfully requests that the Court dismiss Mr. Paulson's First, Second, Third, Fifth, Sixth, and Seventh Claims for Relief.

Respectfully submitted this 26th day of February, 2020.

**OGBORN MIHM LLP**

*/s/ James E. Fogg*
Susan Hardie Jacks, #32642
James E. Fogg, #47763
Thomas D. Neville, #35011
1700 Lincoln, Suite 2700
Denver, CO 80290
Phone: 303.592.5900
Fax:    303.592.5910
Email:  Susie.Jacks@OMTrial.com
            James.Fogg@OMTrial.com
            Thomas.Neville@OMTrial.com

*Attorneys for Defendant John R. McKowen*

**CERTIFICATE OF SERVICE**

        I hereby certify that on the 26th day of February, 2020, a true and correct copy of the foregoing has been filed and served electronically via CM/ECF, and those not registered with CM/ECF will receive service via email, as indicated:

Steven A. Miller, No. 8758
STEVEN A. MILLER, P.C.
162 Larimer St., Suite 2906
Denver, CO 80202
Sampc01@gmail.com

*Local Counsel for Plaintiffs and the Putative Class*

Herbert R. Donica
Donica Law Firm, P.A.
238 E. Davis Blvd., Suite 209
Tampa, Florida 33606
herb@donicalaw.com

Mr. Wayne Harding
22586 E Weaver Drive
Aurora, CO 80016
wayne@wayneharding.com
(via email)

Mr. Timothy Beall
timbeallnd@yahoo.com
(via email)

Paul J. Scarlato
Christian A. Pfeiffer
GOLDMAN SCARLATO & PENNY, P.C.
8 Tower Bridge, Suite 1025
161 Washington Street
Conshohocken, PA 19428
scarlato@lawgsp.com
pfeiffer@lawgsp.com

J. Barton Goplerud
Brian O. Marty
SHINDLER ANDERSON GOPLERUD & WEESE P.C.
5015 Grand Ridge Dr., Suite 100
West Des Moines, IA 50265
goplerud@sagwlaw.com
marty@sagwlaw.com
(via email)

Alan L. Rosca
GOLDMAN SCARLATO & PENNY, PC
23250 Chargin Blvd., Suite 100
Beachwood, OH 44122
rosca@lawgsp.com

*Counsel for Plaintiff and the Putative Class*

        */s/ Britta Kajimura*
        Britta Kajimura