IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-02639-PAB-NYW

JOHN PAULSON,

    Plaintiff,

v.

TWO RIVERS WATER AND FARMING COMPANY,
JOHN R. McKOWEN,
WAYNE HARDING, and
TIMOTHY BEALL,

    Defendants.

## ORDER ON MOTION TO STAY

Magistrate Judge Nina Y. Wang

    This matter comes before this court on Defendant John R. McKowen's ("Defendant McKowen" or "Mr. McKowen") Motion to Stay Proceedings (the "Motion" or "Motion to Stay"), filed January 23, 2020. [#47]. The undersigned considers the Motion pursuant to 28 U.S.C. § 636(b), the Order Referring Case dated November 12, 2019 [#22], and the Memorandum dated January 24, 2020 [#48]. Having reviewed the Motion and associated briefing, the applicable case law, and the comments offered at the February 25, 2020 Motion Hearing, this court **DENIES** the Motion to Stay for the reasons stated herein.

## BACKGROUND

    Plaintiff John Paulson ("Plaintiff" or "Mr. Paulson") initiated this civil action on behalf of himself and a putative class of "all persons or entities who purchased or otherwise acquired securities of GrowCo, [Inc.], a Colorado corporation, from January 2015 until March 2017." [#4 at 2]. Mr. Paulson alleges that he is an investor from California who purchased securities in

GrowCo, Inc. ("GrowCo"), a wholly owned subsidiary of Two Rivers Water and Farming Company ("Two Rivers"), between January 2015 and March 2017. *See* [*id.* at 2-3]; *see also* [#47 at ¶¶ 1-3, 7]. According to Plaintiff, GrowCo's securities offerings documents contained material omissions, such as Defendant McKowen's "fraudulent sales of securities," which led to investors like Mr. Paulson purchasing GrowCo securities in reliance upon misleading information. *See* [#4 at 7-10; #47 at ¶ 9].

In 2019, GrowCo filed for voluntary Chapter 11 bankruptcy with the United States Bankruptcy Court for the District of Colorado ("Bankruptcy court"); Plaintiff alleges that this rendered his investments in GrowCo "effectively worthless." [#4 at 11; #47 at ¶¶ 6, 8]. Currently, GrowCo's Chapter 11 bankruptcy case is proceeding with a hearing on GrowCo's disclosure statement (a condition precedent to plan confirmation). Originally, the hearing was scheduled for January 29, 2020, with a deadline to submit proofs of claim by February 3, 2020. *See* [#47 at ¶¶ 28-30]. Since the filing of this Motion to Stay, the Bankruptcy Court ordered an Amended Disclosure Statement to be filed by February 12, 2020, which a hearing is scheduled on for March 10, 2020, with a last day to oppose the disclosure statement of March 4, 2020. *See In re GrowCo, Inc.*, Case No. 19-10512 (D. Colo. Bankr. Ct.), [Docket Entry 130].

Believing Defendants' conduct violated the Colorado Securities Act, Colo. Rev. Stat. §§ 11-51-101 *et seq.*, as well as other common law principles, Plaintiff filed suit in the District Court for the City and County of Denver ("Denver District Court"). *See* [#1; #4]. Mr. Paulson asserts five Colorado Securities Act claims against Defendants for: (1) sale of securities in violation of the Colorado Securities Act ("Claim 1"); (2) providing substantial assistance in the sale of securities by means of untrue statements or omissions in violation of the Colorado Securities Act (pleaded in the alternative) ("Claim 2"); (3) control person liability in the sale of

securities by means of untrue statements or omissions in violation of the Colorado Securities Act (also pleaded in the alternative) ("Claim 3"); (4) negligence ("Claim 4"); and (5) negligent misrepresentations and omissions ("Claim 5"), as well as two individual claims against Defendant McKowen for: (6) fraud ("Claim 6") and (7) sale of securities through fraud ("Claim 7"). *See generally* [#4; #56]. On September 16, 2019, Defendants removed this matter to this District pursuant to 28 U.S.C. §§ 1334(b), 1452, because this civil action related to GrowCo's bankruptcy action. *See* [#1].

In the Bankruptcy court, GrowCo then filed an adversary proceeding against Plaintiff and sought a temporary restraining order. *See GrowCo, Inc. v. Paulson*, Case No. 19-01275 (D. Colo. Bankr. Ct.), [Docket Entry 19], *attached as* [Attach. 1]. In the adversary proceeding, GrowCo argued that the automatic stay under § 362 extended to this action. [*Id.* at 5-15, 19-20]. The Honorable Joseph G. Rosania, Bankruptcy Judge, denied the motion for temporary restraining order, finding that there was no basis to extend the automatic stay or preclude Mr. Paulson from pursuing this action. [*Id.* at 23-25].

On December 12, 2019, the undersigned conducted a Scheduling Conference, at which this court set June 30, 2020 as the discovery deadline and the Motion for Class Certification under Rule 23 deadline, February 15, 2021 as the dispositive motion deadline, and April 14, 2021 as the Final Pretrial Conference. *See* [#36; #37]. On January 23, 2020, Defendant McKowen filed the instant Motion to Stay, requesting that the court stay this civil action for 180 days while the Bankruptcy court considers whether to approve GrowCo's Chapter 11 Reorganization Plan. *See* [#47 at ¶ 31]. Mr. Paulson opposes the Motion to Stay and contends that GrowCo's Chapter 11 bankruptcy case in no way impacts the relief sought in this civil action against Defendant McKowen or the other named Defendants. *See* [#58]. Mr. McKowen has since filed his Reply, *see* [#63], and this court

entertained oral argument on the Motion to Stay on February 25, 2020, *see* [#72]. Because the Motion is ripe for determination, I consider the Parties' arguments below.

## LEGAL STANDARD

I.  **District Court Discretion to Stay Civil Proceedings**

Whether to stay discovery is a matter left to the sound discretion of the trial court. *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990). Indeed, the Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings, but the power to stay "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) (citing *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)). In determining whether a stay is appropriate, the court weighs interests such as whether defendants are likely to prevail in the civil action, whether defendants will suffer irreparable harm, whether the stay will cause substantial harm to other parties to the proceeding, and the public interests at stake. *United Steelworkers of Am. v. Oregon Steel Mills, Inc.*, 322 F.3d 1222, 1227 (10th Cir. 2003). The court may also consider plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay, the burden on the defendants, and the convenience to the court. *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (citing *FDIC v. Renda,* No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)). Courts in this District generally disfavor the stay of all discovery, *see Wason Ranch Corporation v. Hecla Mining Co.*, No. 07-cv-00267-EWN-MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007), but such a stay may be appropriate pending the resolution pending the resolution of a Motion to Dismiss impacting immunity or jurisdictional issues,

*Clarendon Nat'l Ins. Co. v. Glickauf*, No. 18-CV-02549-CMA-NYW, 2019 WL 1897845, at *2 (D. Colo. Feb. 14, 2019).

## II. Automatic Stay of Civil Proceedings Relating to Bankruptcy Petition

"By its terms, § 362 of the Bankruptcy Code automatically stays the commencement or continuation of a judicial proceeding against the <u>debtor</u> that was or could have been initiated before the filing of a bankruptcy petition." *TW Telecom Holdings Inc. v. Carolina Internet Ltd.*, 661 F.3d 495, 496 (10th Cir. 2011) (emphasis added) (citing 11 U.S.C. § 362(a)(1)); *In re Cowen*, 849 F.3d 943, 948 (10th Cir. 2017) ("When a debtor files for bankruptcy, section 362 prevents creditors from taking further action against him except through the bankruptcy court." (internal quotation marks omitted)). "Generally, the stay applies only to the debtor and not to non-debtor co-defendants." *In re Expert S. Tulsa, LLC*, 506 B.R. 298, 302 (Bankr. D. Kan. 2011). For example, in *Fortier v. Dona Anna Plaza Partners*, 747 F.2d 1324, 1330 (10th Cir. 1984), the United States Court of Appeals for the Tenth Circuit ("Tenth Circuit") considered whether the automatic stay should apply to Defendant Peterson—a solvent co-defendant—where a second co-defendant filled for bankruptcy. The Tenth Circuit held that "[e]xtending the stay to protect solvent co-defendants would not advance either of the purposes underlying the automatic stay. Accordingly, we join the other circuit courts in concluding that 11 U.S.C. § 362 stays litigation only against the debtor, and affords no protection to solvent co-defendants." *Id.*

Indeed, "[i]t is clearly established that the automatic stay does not apply to non-bankrupt co-defendants of a debtor even if they are in a similar legal or factual nexus with the debtor." *In re Peeples*, 553 B.R. 892, 899 (Bankr. D. Utah 2016) (internal quotation marks and citation omitted) (explaining that "[t]his principle has been followed even when the action taken was against a former manager of the debtor who argued that 'the real party in interest is the Debtor,'

5

and that the proceeding 'would adversely affect the administration of the estate.'" (citations omitted)). Courts in other districts have extended this principle to separate legal entities, corporations, partnerships, or non-debtor co-defendants in pending litigation, even "'where the non-debtor is a corporation wholly owned by the debtor.'" *In re Lengacher*, 485 B.R. 380, 383 (Bankr. N.D. Ind. 2012) (quoting *In re Winer*, 158 B.R. 736, 743 (N.D. Ill. 1993)); *see also id.* ("the stay does not prohibit taking discovery from debtors in connection with litigation against non-debtors, even if that information might later be used against the debtors."); *Funding Sys. Railcars, Inc. v. Pullman Standard Inc.*, 34 B.R. 706, 709 (N.D. Ill. 1983).

One narrow exception to this rule exists, however. "The automatic stay may apply to a non-debtor in special circumstances, such as where there is identity of interest between a debtor and a third party so that a judgment against a non-debtor would be binding on a debtor." *N.L.R.B. v. McDermott*, 300 B.R. 40, 44 n.7 (D. Colo. 2003). Typically, this arises in cases where liability is premised on the non-debtor entity being an alter ego of the debtor such that absent a claim against the debtor, there is no independent basis for the action against the principal. *See In re Expert South Tulsa, LLC*, 506 B.R. 298, 302 (Bankr. D. Kan. 2011). To extend the automatic stay to a non-debtor under this exception, the debtor must make such a request with the bankruptcy court. *See In re Hillsborough Holdings Corp.*, 130 B.R. 603 (Bankr. M.D. Fla. 1991).

**ANALYSIS**

Defendant McKowen argues that two main reasons warrant a stay of this civil action for 180 days. *See generally* [#47; #63]. First, Defendant McKowen contends Mr. Paulson's requested relief necessarily implicates GrowCo's bankruptcy estate and is therefore subject to the automatic stay of discovery in the Bankruptcy court. Second, a weighing of the *String Cheese* factors

warrants a stay. For the following reasons, I respectfully disagree and do not find a stay warranted under the circumstances.

*GrowCo's Bankruptcy Case.* Mr. McKowen contends that this case is related to GrowCo's Chapter 11 bankruptcy case because Plaintiff seeks rescission of all "investment contracts between GrowCo and the putative class members," which might adversely affect putative class members and their recovery, if any, under GrowCo's Reorganization Plan. *See* [#47 at ¶¶ 35, 44-71]. Further, Mr. Paulson's request for compensatory damages implicates recovery under a Director and Officers policy of insurance (the "Policy") issued to Two Rivers, which would cover any indemnity GrowCo owes to Mr. McKowen for liability, if any, arising from this civil action. *See* [#47 at ¶¶ 22-27; #63 at 3-5]. According to Mr. McKowen, because the investment contracts and the Policy are arguably part of GrowCo's bankruptcy estate, they are subject to the bankruptcy automatic stay and therefore render a stay appropriate in this civil action too. *See* [#47 at ¶¶ 72-78; #63 at 7].

Mr. Paulson responds that his requested relief of recession does not affect GrowCo's bankruptcy estate, because he does not seek rescission from GrowCo but only from "Defendants in their capacity as offeror and sellers of fraudulent securities," which "entails tendering their shares to Defendants, not GrowCo." [#58 at ¶ 12]. According to Mr. Paulson, although GrowCo was the issuer of the securities at issue, Defendants here, including Mr. McKowen, are also considered sellers under the Colorado Securities Act, and the claims against Defendants here do not affect the putative class members' recovery, if any, under GrowCo's Reorganization Plan. *See* [*id.* at ¶¶ 29-39, 41-47]. Nor does the Policy implicate GrowCo's bankruptcy estate because GrowCo is no longer a subsidiary covered by the Policy, but regardless the indemnification

provision would not apply to Defendant McKowen under the circumstances. *See* [*id.* at ¶¶ 14-19]. I respectfully agree with Plaintiff.

To start, this court is unconvinced that Plaintiff's request for rescission or rescissionary damages necessarily relates to and/or affects GrowCo's investment contracts or its bankruptcy estate. The Colorado Securities Act prohibits "any person, in connection with the offer, sale, or purchase of any security" from "directly or indirectly" defrauding others, making untrue statement of facts, making material omissions of fact, making misleading statements, or otherwise engaging in fraud. Colo. Rev. Stat. § 11-51-501(1)(a)-(c). Any person violating § 501(1) in the sale of a security is liable to the buyer for damages, including rescission, among other things. *Id.* § 11-51-604(3). The Colorado Securities Act defines "sale" or "sell" as "every contract of sale of, contract to sell, or disposition of a or disposition of a security or interest in a security for value" and an "offer to sell" means "every attempt or offer to dispose of, or solicitation of an offer to buy, a security or interest in a security for value." Colo. Rev. Stat. § 11-51-201(13)(a). This definition mirrors that of the Securities Act of 1933, 15 U.S.C. § 77b(a)(3), and federal courts have broadly interpreted this definition to encompass the entire selling process, including an issuer's or a seller's agents. *See S.E.C. v. Druffner*, 353 F. Supp. 2d 141, 152 (D. Mass. 2005) (concluding that brokers could be sellers under the Securities Act of 1933). Mr. McKowen may individually (as opposed to GrowCo) constitute a seller under the Securities Act of 1933 as well as the Colorado Securities Act (and subject to the damages provision of § 604(3)), because Colorado courts find "highly persuasive" federal authorities interpreting provisions of the Securities Act of 1933 that parallel provisions of the Colorado Securities Act. *See People v. Milne*, 690 P.2d 829, 833 (Colo. 1984). Moreover, a claim under § 604(3) does not require any privity of contract between the buyer and seller, *see In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, 387 F. Supp. 2d 1130, 1152-53 (D. Colo.

2005) (relying on *Rosenthal v. Dean Witter Reynolds, Inc.* 908 P.2d 1095, 1102 (Colo. 1995)), and thus this court is not persuaded that the rescission damages sought necessarily implicate or affect GrowCo's investment contracts.

Nor is this court convinced that Mr. Paulson's compensatory damages against Mr. McKowen implicate or affect the Policy and any duty of indemnity GrowCo may owe to Mr. McKowen thereunder. To be sure, the Policy would become relevant <u>only if</u> Mr. Paulson were to succeed in his claims against Mr. McKowen, assuming the Policy extends to Mr. McKowen. At this stage of litigation, this outcome is merely speculative at best. And even if such recovery "*conceivably could have any effect*" on GrowCo's estate as Defendant McKowen argues, *see* [#47 at ¶ 20 (emphasis in original)], this "conceivable effect" relates to the Bankruptcy court's <u>jurisdiction</u> over claims related to bankruptcy proceedings (in addition to quintessential bankruptcy proceedings and claims), not to the breadth of the automatic stay. *See In re Gardner*, 913 F.2d 1515, 1518 (10th Cir. 1990) (discussing a bankruptcy court's jurisdiction under 28 U.S.C. § 1471(b), now 28 U.S.C. § 1452, "which confers jurisdiction on district courts for cases related to tile 11 proceedings.").

These conclusions are further bolstered by the observations made by Judge Rosania in denying GrowCo's attempt to stay this litigation in the Bankruptcy court. In the adversary action against Mr. Paulson, GrowCo made strikingly similar arguments to the ones advanced by Mr. McKowen here. [Attach. 1]. In denying the temporary restraining order, Judge Rosania observed that GrowCo had already benefitted from an eight-month delay in filing monthly operating report, and Plan and disclosure statement, finding the delay "unfair and unreasonable." [Attach. 1 at 24].

At bottom, Mr. McKowen seeks to invoke the narrow exception to general rule that a debtor's automatic bankruptcy stay does not extend to nondebtor co-defendants. But for the

reasons discussed above, this court does not find that exception applicable here.  Indeed, in *Robert W. Thomas & Anne McDonald Thomas Revocable Tr. v. Inland Pac. Colorado, LLC*, No. 11-CV-03333-WYD-KLM, 2013 WL 708493, at *3 (D. Colo. Feb. 26, 2013), the court found this narrow exception to apply where the plaintiff alleged claims against a solvent co-defendant who was a member and President of the debtor co-defendant and the debtor co-defendant asserted <u>identical and/or similar claims</u> against the solvent co-defendant in the bankruptcy proceedings.  No similar circumstances arise here, and the Bankruptcy court has already rejected <u>GrowCo's</u> request to extend the automatic stay to Mr. McKowen or any other party in this civil action.  [Attach. 1].  Accordingly, I find that Mr. Paulson's requested relief against Mr. McKowen does not implicate or affect GrowCo's bankruptcy estate and does not warrant a stay of discovery for this reason alone.  I now consider whether a stay is appropriate when balancing the *String Cheese* factors.

***The* String Cheese *Factors.***  In considering the *String Cheese* factors, I also conclude that a stay of discovery is not warranted.

<u>First</u>, this court disagrees that Mr. Paulson does not have an interest in proceeding with this matter expeditiously, or that his pursuit of this civil action and involvement in GrowCo's bankruptcy proceeding evinces some sort of dilatory motive.  To be sure, class actions, such as the purported class claims asserted here, may be time consuming, and this court has concerns with the apparent lack of formal discovery to date.  But this, in addition to Mr. Paulson's participation in GrowCo's bankruptcy proceeding, does not countervail any interest Mr. Paulson has in proceeding expeditiously here.  Ultimately, granting a 180-day stay of this matter pending the confirmation of GrowCo's Chapter 11 Reorganization Plan "could substantially delay the ultimate resolution of the matter, with injurious consequences."  *Chavez v. Young Am. Ins. Co.*, No. CIVA

06CV02419PSFBNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007). Thus, this factor weighs against a stay of discovery.

Second, this court is not convinced that allowing discovery to proceed would unduly burden Mr. McKowen. Parties are always burdened in some respect by discovery. *See Webb v. Brandon Exp. Inc.*, No. 09-cv-00792-WYD-BNB, 2009 WL 4061827, at *2 (D. Colo. Nov. 20, 2009). While Mr. McKowen may be correct that the conclusion of the GrowCo bankruptcy proceeding could impact his defense strategy here, *see* [#47 at ¶ 89; #63 at 8], many of his arguments relate to burdens on GrowCo, a non-party to this matter. And as discussed, this court is not convinced that the automatic stay associated with GrowCo's bankruptcy proceeding necessarily means Mr. McKowen would be unduly burden without a stay in this civil action. Thus, this factor weighs against a stay.

Third, I find that a stay of this civil matter for 180 days is not convenient for the court, nor does it preserve any judicial resources. Mr. McKowen's lone argument is that GrowCo's Chapter 11 Reorganization Plan may impact the court's Rule 23 class certification determination. But this is mere speculation at this point, and Mr. McKowen fails to demonstrate why this necessitates a stay now, especially when the deadline to file a Rule 23 motion is June 30, 2020, another four months away. Thus, this factor weighs against a stay.

Fourth and fifth, the interests of non-parties and the public interest are neutral at best. Mr. McKowen largely regurgitates his arguments as to how Mr. Paulson's requested relief impacts GrowCo and its bankruptcy estate as well as the interest putative class members may have in that estate. But as discussed above, this court is not convinced that this is so. Thus, I find these factors neutral at best if not slightly weighing against a stay.

11

On balance, the *String Cheese* factors do not warrant a stay of this matter. Accordingly, I **DENY** the Motion to Stay.

## CONCLUSION

For the reasons stated herein, **IT IS ORDERED** that:

(1) Defendant McKowen's Motion to Stay [#47] is **DENIED**.

DATED: March 6, 2020

BY THE COURT:

_____
Nina Y. Wang
United States Magistrate Judge