IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-02639-PAB-NYW

JOHN PAULSON,

    Plaintiff,

v.

TWO RIVERS WATER AND FARMING COMPANY,
JOHN R. McKOWEN,
WAYNE HARDING, and
TIMOTHY BEALL,

    Defendants.

## ORDER GRANTING MOTION TO WITHDRAW AND SECOND ORDER TO SHOW CAUSE

Magistrate Judge Nina Y. Wang

This matter comes before this court on Attorney Herbert R. Donica's ("Mr. Donica") Motion to Withdraw as Counsel for Two Rivers Water and Farming Company (the "Motion" or "Motion to Withdraw"), filed April 2, 2020. [#43]. The undersigned considers the Motion pursuant to 28 U.S.C. § 636(b), the Order Referring Case dated November 12, 2019 [#22], and the Memorandum dated April 2, 2020 [#81]. Accordingly, upon review of the Motion, this court **GRANTS** the Motion to Withdraw and **ORDERS** Two Rivers to **SHOW CAUSE** why this court should not recommend sanctions against Two Rivers for failure to defend.

## BACKGROUND

Plaintiff John Paulson ("Plaintiff" or "Mr. Paulson") initiated this civil action on behalf of himself and a putative class of "all persons or entities who purchased or otherwise acquired securities of GrowCo, [Inc.], a Colorado corporation, from January 2015 until March 2017." [#4 at 2]. Mr. Paulson alleges that he is an investor from California who purchased securities in

GrowCo, Inc. ("GrowCo"), a wholly owned subsidiary of Two Rivers, between January 2015 and March 2017. *See* [*id.* at 2-3]. According to Plaintiff, GrowCo's securities offerings documents contained material omissions, such as Defendant John McKowen's "fraudulent sales of securities," which led to investors like Mr. Paulson purchasing GrowCo securities in reliance upon misleading information. *See* [*id.* at 7-10]. In 2019, GrowCo filed for voluntary Chapter 11 bankruptcy; Plaintiff alleges that this rendered his investments in GrowCo "effectively worthless." [*Id.* at 11].

Believing Defendants' conduct violated Colorado Securities Act as well as other common law principles, Plaintiff filed suit in the District Court for the City and County of Denver ("Denver District Court"). *See* [#1; #4]. Defendants then removed this matter to this District pursuant to 28 U.S.C. §§ 1334(b), 1452 because this civil action related to GrowCo's bankruptcy action. *See* [#1]. This civil action was originally assigned to the undersigned but was reassigned to Chief Judge Brimmer following the Parties' non-consent to the jurisdiction of a magistrate judge. *See* [#5; #14; #16].

Initially, attorney Otto Hilbert ("Mr. Hilbert") entered his appearance on behalf of Defendants Two Rivers and Wayne Harding. *E.g.*, [#21; #25]. Then, on December 18, 2019, Mr. Hilbert moved to withdraw as counsel for Defendant Harding, prompting this court to conduct a Status Conference with Mr. Hilbert and Defendant Harding on January 9, 2020, at which the undersigned granted Mr. Hilbert leave to withdraw as Defendant Harding's counsel. *See* [#40; #41]. After being advised of his responsibilities in proceeding without counsel, Defendant Harding indicated that he wished to proceed with this matter pro se. *See* [#41]. Also at this Status Conference, Mr. Hilbert alerted this court that he would soon be moving to withdraw as counsel for Two Rivers given a conflict that arose regarding his continued representation of Two Rivers.

This court informed Mr. Hilbert and Defendant Harding that Two Rivers, as a corporate entity, could not proceed in this matter without legal representation.

On January 10, 2020, Mr. Hilbert filed his Motion to Withdraw as counsel as to Two Rivers. *See* [#43]. On January 28, 2020, the undersigned conducted a Telephonic Status Conference with Mr. Hilbert and Mr. Harrington, a representative for Two Rivers, at which the undersigned informed Mr. Harrington that Two Rivers could not proceed in this matter without legal representation. *See* [#53]. This court directed Two Rivers to have new counsel enter his, her, or its appearance by January 31, 2020, at which time this court would grant Mr. Hilbert's instant Motion to Withdraw. *See* [*id.*].

Because new counsel had yet to enter an appearance on behalf of Two Rivers, this court granted Mr. Hilbert's Motion to Withdraw as Counsel and issued an Order to Show Cause to Two Rivers why this court should not sanction it for failure to defend on February 4, 2020. [#55]. On February 20, 2020, Mr. Donica entered his appearance on behalf of Two Rivers and this court discharged the Order to Show Cause. *See* [#69; #70; #71]. Mr. Donica now seeks leave to withdraw as Two Rivers' counsel, citing irreconcilable differences as the reason for withdrawing. [#80 at 1]. Because this court will grant Mr. Donica leave to withdraw, Two Rivers will again be unrepresented, and thus a Second Order to Cause is necessary.

## ANALYSIS

### I. Motion to Withdraw

In civil actions, the court has discretion to grant or deny a motion to withdraw as legal counsel, even in the absence of replacement counsel. *See Buschmeier v. G&G Investments, Inc.*, 222 F. App'x 160, 162 (3d Cir. 2007). Under this District's Local Rules of Civil Practice, an attorney of record must file a motion establishing good cause for the withdrawal of her entry of

3

appearance, and withdrawal is "effectively only on court order[.]" D.C.COLO.LAttyR 5(b). Pursuant to Rule 1.16(a)(3) of the Colorado Rules of Professional Conduct, a lawyer shall withdraw from representation of a client if "the representation will result in violation of the Rules of Professional Conduct or other law" or the lawyer is discharged, Colo. R. Prof. Conduct 1.16(a)(1), (a)(3), which may include conflicts between a current client and a former client, *see id.* 1.7, 1.9.

Mr. Donica filed the instant Motion to Withdraw as counsel for Two Rivers on April 2, 2020. [#80]. He explains that irreconcilable differences have arisen, thereby requiring his withdrawal. [*Id.*]. This court has already advised Two Rivers that it may not proceed pro se, but this court concludes it is appropriate to permit Mr. Donica's withdrawal as counsel of record for Two Rivers, and therefore **GRANTS** the Motion to Withdraw.

## II.    Second Order to Show Cause

Local Rule of Civil Practice 41.1 provides:

> A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order. If good cause is not shown within the time set in the show cause order, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.

D.C.COLO.LCivR 41.1. "A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules." *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002). When issuing sanctions for failure to prosecute or defend, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007).

It is axiomatic that "a corporation or other business entity can only appear in court through an attorney and not through a non-attorney corporate officer appearing pro se." *Harrison v. Wahatoyas, L.L.C.*, 253 F.3d 552, 556 (10th Cir. 2001) (citing *Flora Constr. Co. v. Fireman's Fund Ins. Co*., 307 F.2d 413, 414 (10th Cir. 1962) ("The rule is well established that a corporation can appear in a court of record only by an attorney at law.")); *accord Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007) ("Because both a partnership and a corporation must appear through licensed counsel, and because a limited liability company is a hybrid of the partnership and corporate forms, a limited liability company also may appear in federal court only through a licensed attorney." (internal citation omitted)); *Two Old Hippies, LLC v. Catch the Bus, LLC*, 784 F. Supp. 2d 1221, 1224 (D.N.M. 2011) ("it has also been a long standing legal principle that a corporation must be represented by an attorney to appear in federal court." (collecting cases)). In the absence of legal representation, Two Rivers cannot proceed with this civil action. *Cf.* D.C.COLO.LCivR 41.1. Accordingly, Two Rivers is **ORDERED** to **SHOW CAUSE** why this court should not recommend sanctions, including but not limited to entry of default and a default judgment in favor of Plaintiff, against Two Rivers for its failure to defend this civil matter in the absence of legal representation.

## CONCLUSION

For the reasons stated herein, **IT IS ORDERED** that:

(1) Mr. Donica's Motion to Withdraw [#80] is **GRANTED** and he shall be removed as counsel of record for Two Rivers;

(2) **On or before April 24, 2020**, Two Rivers shall **SHOW CAUSE** in writing, if any there be, why this court should not recommend sanctions against Two Rivers for its failure to participate in this matter in the absence of legal representation; and

(3)     Mr. Donica is **DIRECTED TO PROVIDE** a copy of this Order to Mr. Harrington and/or Defendant Two Rivers Water and Farming Company no later than **April 6, 2020**.

DATED: April 3, 2020                                        BY THE COURT:

_____
Nina Y. Wang
United States Magistrate Judge

6