**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-02639-PAB-NYW

JOHN PAULSON, Individually and
on Behalf of all Others Similarly Situated,

Plaintiff,

v.

TWO RIVERS WATER AND FARMING COMPANY,
JOHN R. MCKOWEN,
WAYNE HARDING, and
TIMOTHY BEALL

Defendants

---

**DEFENDANT TIMOTHY BEALL'S MOTION TO DISMISS**

---

Defendant Timothy Beall, by and through his attorneys, Gordon Rees Scully Mansukhani LLP, hereby moves the Court pursuant to Fed. R. Civ. P. 12(b)(6) and 9(b) for an Order dismissing the claims against him. Plaintiff has failed to adequately plead claims for violations of the Colorado Securities Act (the "Act"), negligence and negligent misrepresentation.

## I. INTRODUCTION

This case arises out of Plaintiff's purchase in 2016 of securities in GrowCo, a developer and lessor of marijuana greenhouses. Plaintiff alleges GrowCo's offering documents failed to disclose certain events that occurred between 1986 and 1995 involving GrowCo's Chief Executive Officer, Defendant McKowen. In January 2019, GrowCo filed for bankruptcy which Plaintiff contends rendered his securities "worthless." He subsequently filed this lawsuit.

Plaintiff asserts five claims for relief against Defendant Beall, three based on the Colorado Securities Act, negligence and negligent misrepresentation. In essence, Plaintiff alleges Defendant Beall knew about these past events, was involved in the preparation of the offering documents and failed to disclose the events in the offering documents.

Plaintiff's Amended Complaint fails to state a claim for relief against Defendant Beall because it fails to plead facts that support Plaintiff's conclusions. Plaintiff fails to plead facts that suggest Defendant Beall had knowledge of these events or had a duty to disclose them if he had knowledge of them, or acted with an intent to deceive Plaintiff. Plaintiff fails to plead facts indicating Defendant Beall was involved in the drafting of the offering documents. Plaintiff fails to plead facts suggesting the alleged omission of these events caused his losses, especially given his allegation that is was GrowCo's bankruptcy rendered his securities worthless.

In short, Plaintiff fails to set forth factual allegations suggesting Defendant Beall was involved in the alleged omission of these events from the offering documents. Plaintiff's allegations are no more than conclusions that are not entitled to as assumption of truth on a motion to dismiss.

For these reasons set forth further below, Defendant Beall requests the Court to dismiss Plaintiff's claims against him.

## II. STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means the allegations allow "the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Consideration of a motion to dismiss pursuant to Rule 12(b)(6) requires a two-step analysis. First, this Court must identify the allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. Second, this Court must consider the well-pleaded factual allegations to "determine whether they plausibly give rise to an entitlement to relief." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* (internal punctuation omitted). If the factual allegations fail to state a claim that is plausible on its face and not merely conceivable, dismissal is the appropriate remedy. *Twombly*, 550 U.S. at 570.

Further, Fed. R. Civ. P. 9(b) requires "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." In determining whether the facts have been pled with particularity, a court should consider the level of detail, coherence and plausibility of facts considered together, whether sources of facts are disclosed, and any other indicia of how strongly the facts support the conclusion that a reasonable person would believe the defendant's statements were misleading. *See In re Rhythms Sec. Litig.*, 300 F. Supp. 2d 1081, 1087 (D. Colo. 2004). "Courts strictly enforce Rule 9(b) in connection with claims under the securities laws, 'requiring detailed statements of the specific conduct which allegedly violated the statutes in question.'" *In re Exabyte Corp. Sec. Litig.*, 823 F. Supp. 866, 869 (D. Colo. 1993), citing *Farlow v. Peat, Marwick, Mitchell & Co.*, 956 F.2d 982, 986 (10th Cir. 1992).

## III. ARGUMENT

### A. Plaintiff fails to allege primary liability against Defendant Beall under the Colorado Securities Act.

Plaintiff alleges three claims against Defendant Beall under the Colorado Securities Act (the "Act"). Plaintiff's First Claim is based on primary liability under sections 11-51-501 and 11-51-604(3) and (4). Plaintiff pleads his Second and Third Claims in the alterative as secondary liability under sections 11-51-604(5)(c) (substantial assistance liability) and 11-51-604(5)(a) and (b) (control person liability), respectively. These are secondary liability claims because they depend upon a finding of primary liability under Colo. Rev. Stat. § 11-51-501(1). To establish a securities fraud claim under the Act, a plaintiff must show: (1) that the plaintiff is a purchaser or seller of a security; (2) that the security is a "security;" (3) that the defendant acted with the requisite scienter; (4) that the defendant's conduct was in connection with the purchase or sale of a security; (5) that the defendant's conduct was in violation of the Act; and (6) that plaintiff relied upon defendant's conduct to his or her detriment or that defendant's conduct caused plaintiff's injury. *See Rosenthal v. Dean Witter Reynolds, Inc.*, 908 P.2d 1095, 1102 (Colo. 1995).

Plaintiff's claims are premised on essentially two omissions (1) allegations in 1986 that Defendant McKowen engaged in securities fraud which resulted in the NASD[1] revoking his securities registration and the Indiana Securities Department obtaining a cease and desist order and default judgment against him, and (2) that subsequently in 1995, Defendant McKowen filed for bankruptcy. (Am. Compl. ¶¶ 30-41) (hereinafter "Past Events").

[1] National Association of Securities Dealers ("NASD").

Plaintiffs' securities claims fail as a matter of law as: (1) Plaintiff fails to adequately allege that Defendant Beall acted with the requisite scienter, (2) Plaintiff fails to adequately allege that Defendant Beall's conduct was in connection with the purchase or sale of a security, and (3) Plaintiff fails to adequately allege reliance or causation.

1. *Plaintiff fails to adequately plead Defendant Beall acted with scienter*.

Federal authorities analyzing scienter are highly persuasive in interpreting the Act because the provisions of Colo. Rev. Stat. § 11–51–501(1) closely parallel those of Rule 10b–5(b) under the Securities and Exchange Act of 1934. *Shriners Hospitals for Children v. Qwest Communications Int'l, Inc.*, No. 04–CV–0781, 2005 WL 2350569, *14 (D. Colo. Sept. 23, 2005) (finding lack of scienter where individual defendants were not aware of the alleged materiality of their actions) citing *Lowery v. Ford Hill Inv. Co.*, 192 Colo. 125, 556 P.2d 1201, 1205 (Colo.1976); *see also Boettcher & Co., Inc. v. Munson*, 854 P.2d 199, 204 (Colo. 1993) (Colo. Rev. Stat. § 11-51-501(1)'s provisions closely parallel those of its federal counterpart 15 U.S.C. § 78j(b), therefore federal authorities are highly persuasive in interpreting the Act).

The Tenth Circuit extensively discussed scienter in a recent opinion affirming a motion to dismiss in *Smallen v. The Western Union Co.*, 950 F.3d 1297, 1305 (10th Cir. 2020). The Tenth Circuit explained scienter as follows:

> Scienter is " 'a mental state embracing [1] intent to deceive, manipulate, or defraud,' or [2] recklessness." [citations omitted]. "Intentional misconduct is easily identified since it encompasses deliberate illegal behavior." [citations omitted]. Recklessness, on the other hand, is defined as "conduct that is an extreme departure from the standards of ordinary care, and which presents a danger of misleading buyers or sellers that is either known to the defendant or is so obvious that the actor must have been aware of it." [citations omitted]. In the securities-fraud context, recklessness is akin to conscious disregard—allegations of negligence or even gross negligence fall "below the high threshold for liability under Section 10(b) of the Exchange Act." [citations omitted].

*Smallen*, 950 F.3d 1297, 1304-05.

Plaintiff's allegations here fall woefully short of alleging Defendant Beall acted with scienter in allegedly failing to include the Past Events in the offering documents. Plaintiff broadly alleges "Defendants knowingly and/or recklessly sold the GrowCo securities to Plaintiff." (Am. Compl. ¶ 76 ECF 56). Plaintiff further alleges Defendants Two Rivers and McKowen had actual knowledge of the Past Events while the other Defendants (including Defendant Beall) "had a duty to conduct adequate due diligence before offering and selling the GrowCo securities to Plaintiff and the class members, and were reckless in selling the GrowCo securities without disclosing the [Past Events." (Am. Compl. ¶ 76 ECF 56). Plaintiff then alleges defendants provided the offering documents "with the intent that Plaintiff and the class members rely upon such Offering Documents…." (Am. Compl. ¶ 80 ECF 56).

Plaintiff fails to plead facts pertaining to Defendant Beall specifically and further fails to plead facts to support the above conclusions. Plaintiff does not plead facts alleging how Defendant Beall intentionally failed to include the Past Events in the offering documents. There are no allegations from which a reasonable inference can be drawn that Defendant Beall was involved in the preparation, drafting, review, approval and dissemination of the offering documents. Plaintiff fails to plead that Defendant Beall knew of the Past Events. To the contrary, Plaintiff alleges Defendant Beall "had a duty to conduct due diligence", thus merely alleging Defendant Beall had a duty to *discover* the Past Events which plainly indicates Defendant Beall did not have knowledge of the Past Events. Plaintiff further fails to plead any factual allegations that suggest Defendant Beall had an intent to deceive Plaintiff and other investors. Plaintiff's

allegations are no more than conclusory statements lacking factual support. One cannot draw a reasonable inference that Defendant Beall is liable based upon such deficient allegations.

Notwithstanding this, even if Defendant Beall had knowledge of the Past Events, Plaintiff fails to allege the basis for Defendant Beall having a duty to disclose that information. It is well-established that a defendant cannot be liable for failing to disclose information absent a duty to do so. *See Med. Safe Northwest, Inc. v. Medvial, Inc.*, 1 Fed. App'x. 795, 804 (10th Cir. 2001).

> The failure to disclose material information is actionable only when one is under a duty to do so. And the duty to disclose arises when one party has information that the other party is entitled to know because of a fiduciary or other similar relation of trust and confidence between them. A duty arises from the relationship between the parties not merely because one party has an ability to acquire information. Without a duty to disclose, silence cannot be made fraudulent.

*Arst*, 86 F.3d at 981, quoting *Windon Third Oil and Gas v. Federal Deposit Ins.*, 805 F.2d 342, 347 (10th Cir. 1986) (emphasis added).

Plaintiff alleges no facts from which one could draw a reasonable inference that Defendant Beall acted with scienter. Plaintiff's allegations are the type of speculative, conclusory allegations that are insufficient to state a claim under the standards of *Twombly* and *Iqbal*.

2. *Plaintiff fails to adequately plead that Defendant Beall's conduct was in connection with the purchase or sale of a security*.

Plaintiff's allegations that Defendant Beall failed to include the alleged Past Events in the offering documents does not implicate the characteristics of the securities at issue and hence was not made in connection with the purchase or sale of securities. *See Bernstein v. Misk*, 948 F. Supp. 228, 243 (E.D.N.Y. 1997) (allegations that defendants omitted certain facts concerning their backgrounds do not in any way implicate the characteristics or attributes of the shares and hence were not made "in connection with" the purchase and sale of securities). The alleged Past

Events are events involving Defendant McKowen that occurred between 1986 and 1995. Plaintiff fails to allege any facts indicating these events somehow implicate the characteristics or attributes of the GrowCo securities sold decades later in 2016.

Further, Plaintiff, without any supporting facts broadly alleges *all Defendants* participated in the drafting, preparation and/or approval of the offering documents, and prepared securities filings, solicited sales, conducted presentation and sought out prospective investors for the offerings. (Am. Compl. ¶ 79 ECF 56). As discussed, Plaintiff does not allege any supporting allegations specific to Defendant Beall and alleges no *facts* that that would make one believe it was possible that Defendant Beall engaged in any of this conduct. Absent supporting facts, these allegations are no more than conclusions, and are not entitled to the assumption of truth under the *Ashcroft* and *Twombly* standards.

3. *Plaintiffs Fails to Adequately Plead Reliance or Causation*

Plaintiff's claims under the Act fail because they have failed adequately to allege either reliance or causation. *See Rosenthal*, 908 P.2d at 1101 (either reliance or causation are necessary to support a cognizable claim). The "purpose of any reliance requirement is to provide the requisite causal connection between a defendant's misrepresentation and a plaintiff's injury." *Id.* As such, the plaintiff must establish that the defendant's alleged omission was a "substantial factor in determining the course that resulted in plaintiff's loss." *Id*. at 1101–2.

Plaintiff is not entitled to any presumption of reliance. First, Colorado does not recognize the fraud-on-the-market doctrine, so Plaintiff is not entitled to a presumption of reliance based upon that doctrine. *See Schwartz v. Celestial Seasonings, Inc.*, 185 F.R.D. 313, 317 (D. Colo. 1999) ("fraud on the market" theory not recognized under Colorado Securities Act); *see also*

*Rosenthal*, 908 P.2d at 1104. With respect to the alleged material Past Events, Plaintiffs are only entitled to a presumption of reliance if the alleged Past Events occur in the context of a relationship of trust and confidence. *See Stat-Tech Liquidating Trust v. Fenster*, 981 F. Supp. 1325, 1331 (D. Colo. 1997). Plaintiff has failed to allege that Defendant Beall was in a relationship of trust and confidence. Plaintiff alleges no facts that suggest he had such a relationship with Defendant Beall. Consequently, Plaintiffs are required to plead reliance affirmatively and adequately, which they have not done. Moreover, because Plaintiff is not entitled to a presumption of reliance, he is obligated to allege and prove reliance separately as to each and every member of the class. In light of the highly particularized facts necessary to prove reliance, and the number of class members for whom reliance must be separately proven, the claims are inappropriate for treatment as a class action. Since Plaintiff has not alleged, nor could he allege, reliance as to each member of the class, Plaintiff's claims must be dismissed.

Plaintiffs have also failed to sufficiently allege that the omission of the Past Events was substantial factor in determining the course that resulted in Plaintiff's loss. Plaintiff alleges he purchased the securities in reliance on the offering documents that omitted the background information about Defendant McKowen. (Am. Compl. ¶¶ 49-56.) Plaintiff then alleges he was injured *when GrowCo filed for bankruptcy* because his investments became "worthless". (Am. Compl. ¶ 59.) Plaintiff therefore expressly alleges that the cause of his alleged injuries was GrowCo's bankruptcy filing. Plaintiff does not allege any connection between the omission of the Past Events and the alleged "worthless" status of his securities.

The result is that Plaintiff has failed to plead with particularity how each of the class members relied upon Defendant Beall or how their alleged injuries were caused by Defendant

Beall. Thus, Plaintiff has failed to adequately plead that Defendant Beall's conduct was in connection with the purchase or sale of a security.

B. Plaintiff Fails to Sufficiently Allege Secondary Liability Under the Colorado Securities Act.

1. *Defendant Beall Provided Substantial Assistance in the Sale of Securities*

Section 11-51-604(5)(c) provides that "any person who knows that another person liable under subsection (3) or (4) of this section is engaged in conduct which constitutes a violation of section 11-51-501" and who "gives substantial assistance to such conduct is jointly and severally liable to the same extent as such other person." Claims alleging such substantial assistance are therefore dependent upon a showing of a primary violation of C.R.S. §11-51-501. Such claim are also limited to those instances in which plaintiffs can adequately allege the defendants had knowledge of the primary violation. *See Stat-Tech Liquidating Trust*, 981 F. Supp. at 1339.

Here, Plaintiff fails to properly allege a substantial assistance claim against Defendant Beall because Plaintiff fails to allege a primary violation and fails to sufficiently allege Defendant Beall had knowledge of the primary violation. To support this claim, Plaintiff alleges GrowCo violated C.R.S. §11-51-501. (Am. Compl. ¶85 ECF 56). GrowCo, however, is not a defendant in this case. The Amended Complaint does not allege a claim against GrowCo or any allegations supporting such a claim for violation of C.R.S. §11-51-501. Plaintiff therefore fails to sufficiently allege a primary violation. As a result, Plaintiff's claim for substantial assistance in the sale of securities fails without further analysis.

But the remaining allegations under this claim are equally deficient. Plaintiff broadly alleges "Defendants" "knew" that GrowCo was liable. (Am. Compl. ¶87 ECF 56). The

Amended Complaint, however, is devoid of factual allegations to suggest Defendant Beall "knew" that GrowCo had violated the Colorado Securities Act.

Plaintiff alleges "Defendants" provided substantial assistance to GrowCo by drafting, producing, reviewing, and/or disseminating the offering documents. (Am. Compl. ¶88 ECF 56). As discussed above, Plaintiff alleges no facts to support these conclusory allegations.

Finally, Plaintiff alleges that as a result of the Defendants' assistance, Plaintiff invested in GrowCo securities and suffered losses. (Am. Compl. ¶89 ECF 56). There are no allegations in the Amended Complaint that suggest Defendant Beall had any interactions with Plaintiff relating to Plaintiff's purchase of GrowCo's securities. Further, Plaintiff alleges he suffered losses because GrowCo filed for bankruptcy. (Am. Compl. ¶60 ECF 56).

Plaintiffs have failed to allege a primary violation of the Act or that Defendant knew of the violation and provided substantial assistance to the violation, therefore Plaintiffs' aiding and abetting claim fails as a matter of law.

2. *Plaintiff Fails to Sufficiently Allege Defendant Beall Was and Can Be Liable as a Control Person*

Control person liability requires a plaintiff to establish (1) a primary violation of the securities law and (2) control over the primary violator by the alleged controlling person. *See Stat-Tech Liquidating Trust*, 981 F. Supp. at 1337. Plaintiff again alleges GrowCo violated the Act. As discussed above, GrowCo is not a defendant in this case and Plaintiffs have failed to allege a primary violation by GrowCo. On this basis alone, Plaintiff's claim for control person liability fails. Like Plaintiff's other claims, Plaintiff's allegations under this claim do not allege any conduct specifically attributable to Defendant Beall. Instead, Plaintiff broadly alleges the GrowCo Individual Defendant were all officers and directors of GrowCo and each possessed the

power to direct or cause the direction of the management or policies of GrowCo. (Am. Compl. ¶96 ECF 56). Plaintiff alleges Defendant Beall acted as the "Chief Operating Officer and/or otherwise was and acted as a control person of GrowCo" but provide no factual support for this statement. (Am. Compl. ¶7 ECF 56). Plaintiff further fails to provide any factual allegations suggesting Defendant Beall possessed the power to direct or cause the direction of the management or policies of GrowCo. Plaintiff's allegations are again mere conclusions that lack the factual support necessary to survive a motion to dismiss.

C. Plaintiff's Negligence Claim Fails because Plaintiff fails to Sufficiently Allege Defendant Beall Owed a Duty

To establish a negligence claim, a plaintiff must establish (1) the defendant owed a duty of care; (2) defendant breached that duty; (3) plaintiff suffered an injury, and (4) the defendant's breach caused the injury. *Ryder v. Mitchell*, 54 P.3d 885, 889 (Colo. 2002). A legal duty to use reasonable care arises in response to a foreseeable risk of injury to others. *Palmer v. A.H. Robins Co., Inc.*, 684 P.2d 187, 209 (Colo. 1984).

Here, Plaintiff broadly alleges all defendants owed Plaintiff and class members a duty of reasonable case in connection with their preparation of offering documents and breached that duty by failing to disclose the Past Events from the offering documents. (Am. Compl. ¶100 ECF 56). Plaintiff does not assert allegations identifying the basis of the purported duty. A defendant cannot be liable for failing to disclose information absent a duty to do so. *See Med. Safe Northwest, Inc. v. Medvial, Inc.*, 1 Fed. App'x. 795, 804 (10th Cir. 2001). As discussed above, Plaintiff fails to assert any factual allegations that would lead to the conclusion that Defendant Beall prepared, authorized or reviewed the offering documents. Plaintiff further fails to allege any facts showing that Defendant Beal knew of the Past Events. A defendant cannot have a duty

to disclose information he does not know. Finally, Plaintiff alleges he was damaged as a result of the alleged failure to disclose the Past Events, but in his factual allegations alleged he was injured as a result of non-party GrowCo filing bankruptcy. (Am. Compl. ¶ 59 ECF 56).

D. Plaintiff's Claim for Negligent Misrepresentation Fails because Colorado does not recognize such a claim based on omissions.

The elements of a claim of negligent misrepresentation are: (1) one in the course of his or her business, profession or employment; (2) makes a misrepresentation of a material fact, without reasonable care; (3) for the guidance of others in their business transactions; (4) with knowledge that his or her representations will be relied upon by the injured party; and (5) the injured party justifiably relied on the misrepresentation to his or her detriment. *Allen v. Steele*, 252 P.3d 476, 482 (Colo. 2011).

This Court conducted an extensive analysis of whether Colorado law recognizes a claim for negligent misrepresentation based on omissions and concluded that it does not:

> While the Colorado Supreme Court has not explicitly determined whether an omission can give rise to a negligent misrepresentation claim, it has described the false information prong of a negligent misrepresentation claim as "suppl[ying] false information for the guidance of others in their business transactions." *Mehaffy, Rider, Windholz & Wilson v. Cent. Bank Denver, N.A.*, 892 P.2d 230, 236 (Colo. 1995) (en banc) [citations omitted].
>
> The weight of authority from the Colorado Court of Appeals also indicates that a negligent misrepresentation claim must be premised on affirmative statements, rather than omissions. See, e.g., *Hildebrand v. New Vista Homes II, LLC*, 252 P.3d 1159, 1167 (Colo. App. 2010) (holding that a negligent misrepresentation claim "must focus on what [defendant] affirmatively represented, not what it failed to disclose" (quotation omitted)); *Colo. Coffee Bean, LLC v. Peaberry Coffee Inc.*, 251 P.3d 9, 31 (Colo. App. 2010) ("[A]lthough we have concluded that nondisclosure ... could support a fraud claim, our analysis [of the negligent misrepresentation claim] is limited to what [defendant] affirmatively represented, not what it failed to disclose."); *Haney v. Castle Meadows, Inc.*, 839 F. Supp. 753, 756 (D. Colo. 1993) (interpreting Colorado state law and concluding that "there is no tort for negligent concealment…").

*Craig Hospital v. Tyson Foods*, 2019 WL 509573 *6-7 (D.Colo. 2019). The Court then concluded, "the Colorado Supreme Court would require that a negligent misrepresentation claim be grounded in affirmative statements." *Id*. at *7.

Here, Plaintiff's negligent misrepresentation claim against Defendant Beall is premised on Plaintiff's allegation that Defendant Beall failed to include the Past Events in the offering documents. (Am. Compl. ¶105 ECF 56). Because Plaintiff's claim is premised on omissions, it is not recognized in Colorado, and thus fails. In paragraph 104 of Amended Complaint, Plaintiff does make the conclusory statement that Defendants provided false information and made material misrepresentations, but then only cites to the alleged Past Events in paragraph 105 and alleges no affirmative misrepresentations. (Am. Compl. ¶¶ 104;105 ECF 56).

Further, as previously discussed, Plaintiff asserts no factual allegations suggesting that Defendant Beall prepared, reviewed or approved the offering documents or that Defendant Beall had knowledge of the Past Events. Plaintiff's claim fails for these reasons as well.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's Amended Complaint fails to state a claim for relief against Timothy Beall pursuant to Fed. R. Civ. P. 12(b)(6) and 9(b).

WHEREFORE, Defendant Timothy Beall respectfully requests this Court to dismiss Plaintiff's Amended Complaint.

Respectfully submitted this 29th day of May 2020.

*/s/ Tamara A. Seelman*
Tamara A. Seelman
Lillian L. Alves
GORDON REES SCULLY MANSUKHANI LLP
555 Seventeenth Street, Suite 3400
Denver, Colorado 80202
Tel: (303) 534-5160
Fax: (303) 534-5161
Email: tseelman@grsm.com
lalves@grsm.com

Attorneys for Defendant Timothy Beall

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 29th day of May 2020, a true copy of the above and foregoing was electronically filed with the Clerk of the United States District Court using the CM/ECF system, which will serve copies to all attorneys of record.

*/s/ Lisa Riggenbach*
For Gordon Rees Scully Mansukhani LLP