## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-02639-PAB-NYW

JOHN PAULSON, an individual,

Plaintiff,

v.

TWO RIVERS WATER AND FARMING COMPANY, a Colorado Corporation; JOHN R. MCKOWEN, an individual, WAYNE HARDING, an individual, and; TIMOTHY BEALL, an individual,

Defendants.

---

## PLAINTIFF JOHN PAULSON'S MOTION TO DISMISS TWO RIVERS WATER AND FARMING COMPANY AS A PARTY

---

Plaintiff, by his undersigned counsel, respectfully moves this Court to dismiss Defendant Two Rivers Water and Farming Company's ("Two Rivers") as a party to this settled action without prejudice, in order to allow the settlement approval process, which has been stalled in its tracks by Two Rivers' refusal to obtain new counsel, to move forward. None of the parties will suffer "legal prejudice" as a result of the dismissal. In fact, dismissing Two Rivers will benefit *all* of the parties, including Two Rivers, as it will allow the Court to evaluate whether to approve the settlement the parties worked so hard to negotiate, and if approved provide a financial benefit to Plaintiff and the proposed Class, and a release and dismissal with prejudice as to all defendants including Two Rivers, as provided in the Settlement Agreement.

***Certification of Compliance with D.C.COLO.LCivR 7.1(a):*** Prior to filing this Motion, on April 2, 2021, counsel for Plaintiff forwarded a draft of this motion via email to all counsel of record, and to Mr. Greg Harrington, the representative of Two Rivers who appeared at the January

14, 2021 Motion Hearing, ECF No. 136, at the last email address known to counsel. Counsel also copied Matthew Morr, Esquire, Two Rivers' former counsel. Plaintiff's email asked that any party who opposes the relief requested so inform counsel for Plaintiff no later than April 5, 2021. Messrs. McKowen, Harding and Beall indicated they do not oppose the relief requested. Not hearing a response from Two Rivers, Plaintiff filed the within Motion.

*Certification of Compliance with D.C.COLO.LCivR 6.1(c):* The undersigned counsel certify that their respective client will receive a copy of this Joint Motion.

1.     On October 9, 2020, Plaintiff filed an unopposed motion for preliminary approval of the settlement ("Settlement") entered into by all parties. ECF No. 131.

2.     On January 5, 2021, while Plaintiff's motion remained pending, Defendant Two Rivers' third lawyer in this action moved to withdraw as counsel pursuant to LR 5(b). ECF Nos. 132 and 133. That motion was unopposed.

3.     On January 14, 2021, the Court conducted a telephonic hearing on Defendant's motion. ECF No. 136. At the conclusion of the hearing, the Court Ordered that "[n]ew counsel for [Two Rivers] shall enter an appearance on or before January 22, 2021." *Id.* It further Ordered that Two Rivers' Motion to Withdraw as Counsel is taken under advisement, and "[t]he court will grant the motion once replacement counsel has entered an appearance, or will review the matter at that time if no such counsel enters an appearance." *Id.*

4.     Two Rivers failed to enter an appearance through new counsel by the Court's January 22, 2021 deadline.

5.     On January 25, 2021, the Court issued an Order Granting Motion to Withdraw And Third Order to Show Cause, granting counsel's request to be removed as counsel of record for Two Rivers, and requiring Two Rivers to, on or before February 15, 2021, show cause in writing

2

why the Court should not recommend sanctions against Two Rivers for its failure to participate in this matter in the absence of legal representation. ECF No. 137. As of today, April 5, 2021, the Court's February 15, 2021 deadline has not been met.

6.      On February 24, 2021, the Court noted that Defendant Two Rivers is no longer represented by counsel, indicated that "[a]s a corporation, Two Rivers must appear in this case through counsel," and ordered that "the Court will not rule on the motion for preliminary approval until counsel enters an appearance on behalf of Two Rivers." ECF No. 139.

7.      On March 10, 2021, the Court entered a Minute Order indicating that it "will deny without prejudice the motion for preliminary approval unless counsel for Two Rivers enters an appearance on or before March 16, 2021." ECF No. 145. In its Order, the Court noted that "[o]n January 25, 2021, the magistrate judge granted the motion to withdraw by counsel for defendant [Two Rivers] and issued an order to show cause why the Court should not impose sanctions on Two Rivers for failure to defend in the absence of legal representation." *Id.* In its March 10, 2021 Order, the Court further noted that "[s]ince the entry of the magistrate judge's January 25, 2021 order to show cause and this Court's February 24, 2021 minute order, no counsel has entered an appearance on behalf of Two Rivers or responded to the order to show cause." The Court concluded by stating that its denial without prejudice of the motion for preliminary approval of the parties' settlement unless counsel for Two Rivers enters an appearance on or before March 16, 2021 was ordered "in light of" Two Rivers' failure to either secure counsel or respond to the order to show cause. *Id.*

8.      On March 15, 2021, Plaintiff filed a motion for status conference regarding Two Rivers' failure to hire counsel and to show cause. ECF No. 146. In his motion, Plaintiff explained that while the Court's March 10, 2021 Order appears to intend to send a final warning to Two

Rivers in light of its failure to comply with the Court's prior orders directing Two Rivers to retain new counsel, Plaintiff was concerned that the Order may have the opposite effect, *i.e.* it may incentivize Two Rivers to continue not to hire new counsel, now that it knows that by doing so it may avoid class certification and having to comply with the obligations it undertook pursuant to the Settlement Agreement it entered into following long and protracted negotiations with the assistance of a mediator. Plaintiff further explained that while he does not purport to speak for Two Rivers or know its plans, Two Rivers' repeated failures so far to comply with the Court's prior warnings to retain new counsel suggest that it may seek to avail itself of the provision of the Settlement Agreement which provides that "any Settling Party shall have the right to terminate the Settlement if the Court does not approve the Settlement Agreement" should the Court deny the motion for preliminary approval. ECF No. 131, Exhibit 1, ¶ 35.

9.      Two Rivers has not taken any action in response to Plaintiff's March 15, 2021 motion and still has not entered an appearance through counsel.

10.      Neither Plaintiff, the putative class, nor the other settling defendants violated any provisions of the Settlement Agreement or disobeyed any Court order, yet they stand to be greatly prejudiced by Two Rivers' failure to hire a lawyer. This is because a resumption of litigation would quickly deplete the remaining funds that the insurance carrier has made available to fund this settlement.

11.      In view of the above, Plaintiff respectfully requests that the Court dismiss Two Rivers as a party to this litigation without prejudice. Such dismissal will allow the Settlement approval process to move forward. Two Rivers will still obtain the benefit of the Settlement and a dismissal with prejudice and release of claims if the Settlement receives final approval by the Court, with the only possible detrimental impact of the dismissal being that Two Rivers would

forgo the opportunity to respond to any objections to the Settlement. However, that consequence does not constitute prejudice, and is a consequence of Two Rivers' own making.

12.     "Federal Rule of Civil Procedure 41(a)(2) permits a district court to dismiss an action without prejudice 'upon such terms and conditions as the court deems proper.'" *Brown v. Baeke*, 413 F.3d 1121, 1123–24 (10th Cir. 2005), quoting, *Am. Nat'l Bank & Trust Co. v. Bic Corp.*, 931 F.2d 1411, 1412 (10th Cir.1991). "The rule is designed primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." *Id.,* quoting, *Phillips USA, Inc. v. Allflex USA, Inc.*, 77 F.3d 354, 357 (10th Cir.1996). These matters fall within the district court's discretion and "[r]eversal requires a clear abuse of discretion." *Id.*, quoting, *Am. Nat'l Bank & Trust Co.*, 931 F.2d at 1412. But "[a]bsent 'legal prejudice' to the defendant, the district court normally should grant such a dismissal." *Id.,* quoting, *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir.1997).

13.     Prejudice is a function of practical factors including "the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for a dismissal; and the present stage of litigation." *Id.*, quoting, *Ohlander*, 114 F.3d at 1537. These factors are neither exhaustive nor conclusive; the court should be sensitive to other considerations unique to the circumstances of each case. *Id*. And "[i]n reaching its conclusion, the district court should endeavor to insure substantial justice is accorded to both parties, and therefore the court must consider the equities not only facing the defendant, but also those facing the plaintiff." *Id.*, quoting, *County of Santa Fe v. Public Serv. Co.*, 311 F.3d 1031, 1048 (10th Cir.2002) (quotation omitted).

14.     None of the above-factors that would constitute prejudice are present here. In fact, granting the relief requested will benefit the other defendants and the proposed Class giving them

the benefits of the Settlement, and a dismissal with prejudice and release should it be approved. Indeed, as a party to the Settlement Agreement, Two Rivers will also be dismissed with prejudice and a obtain a release of claim if the Settlement is finally approved.

15.    It is within the Courts power to authority the relief requested under Fed. R. Civ. P. 41(a)(2). Additionally, Rule 21 provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party."

16.    Such a dismissal would not run afoul of Fed. R. Civ. P. 23(e), which provides that "[t]he claims, issues, or defenses of a certified class—or a class proposed to be certified for purposes of settlement—may be settled, voluntarily dismissed, or compromised only with the court's approval." The dismissal of Two Rivers will not constitute a dismissal of the Class' claims, issues or defenses, and will not change the Settlement terms. Rather, it will allow Notice to be disseminated so that the proposed Class can evaluate and comment on the proposed Settlement.

17.    For the above-stated reasons, Plaintiff requests that the Court dismiss Two Rivers as a party without prejudice. If the Court grants the relief requested, Plaintiff intends to withdraw his pending motion for preliminary approval of the Settlement and promptly resubmit such motion with a revised proposed Class Notice describing the dismissal and the reasons therefore.

Dated:  April 6, 2021                            Respectfully submitted,

                                                 /s/ Paul J. Scarlato
                                                 Paul J. Scarlato *(pro hac vice)*
                                                 GOLDMAN SCARLATO & PENNY, PC
                                                 161 Washington Street, Suite 1025
                                                 Conshohocken, PA 19428
                                                 Telephone: (484) 342-0700
                                                 Email: scarlato@lawgsp.com

Alan L. Rosca, Esq *(pro hac vice)*
GOLDMAN SCARLATO & PENNY, PC
23250 Chagrin Blvd. Suite 100
Beachwood, OH 44122
Telephone: (484) 342-0700
Email: rosca@lawgsp.com

Steve A. Miller, #8758
STEVE A. MILLER, P.C.
162 Larimer St., Suite 2906
Denver, CO 80202
Telephone: (303) 892-9933
Fax: (303) 892-8925
Email: Sampc01@gmail.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on April 6, 2021, I caused a true and correct copy of the foregoing has been filed electronically via CM/ECF, which will be sent electronically to all counsel of record. I further certify that a true and correct copy of the foregoing has been sent via email to Mr. Greg Harrington, a representative of defendant Two Rivers Water and Farming Company, at gharrington@2riverswater.com; his last known email address.

*/s/ Paul J. Scarlato*