IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 19-cv-02639-PAB-NYW

JOHN PAULSON, Individually and on Behalf of all Others Similarly Situated,

    Plaintiff,

v.

TWO RIVERS WATER AND FARMING COMPANY,
JOHN R. MCKOWEN,
WAYNE HARDING, and
TIMOTHY BEALL,

    Defendants.

# ORDER

This matter is before the Court on Plaintiff John Paulson's Motion to Dismiss Two Rivers Water and Farming Company as a Party [Docket No. 149]. Defendants have not filed a response; plaintiff's certificate of conferral indicates that defendants John McKowen ("McKowen"), Wayne Harding ("Harding"), and Timothy Beall ("Beall") do not oppose the motion. *Id.* at 1-2. The Court has jurisdiction pursuant to 28 U.S.C. § 1332(d).

## I. BACKGROUND

### A. Factual Background

Plaintiff brings a securities class action against defendants. Docket No. 56. Plaintiff's amended complaint alleges that McKowen, Harding, and Beall (collectively, the "individual defendants") were officers of defendant Two Rivers Water and Farming Company ("Two Rivers"). Docket No. 131 at 5.

Plaintiff alleges that Two Rivers and McKowen formed GrowCo, Inc. ("GrowCo")[1] to "capitalize on [the] burgeoning marijuana industry in Colorado." Docket No. 56 at 5, ¶ 17. To support their operations, defendants offered securities to investors (the "Offerings"). *Id.* at 6, ¶ 28. With the Offerings, defendants provided "sales presentations, memoranda of terms, exchange note purchase agreements, exchange agreements, investor questionnaires, and other documents . . . which purported to make material disclosures to investors about GrowCo and the Securities Offerings." *Id.*, ¶ 27. Plaintiff alleges that the Offering documents omitted material information about McKowen, including a 1987 disciplinary action, fine, and suspension with the National Association of Securities Dealers, a 1995 bankruptcy, and a 1992 default judgment in connection with a complaint before the Indiana Securities division. *Id.* at 7-8, ¶¶ 30–41.

### B. Procedural Background

Defendants dispute these allegations and deny liability for the claims. McKowen moved to dismiss the complaint, Docket No. 73, on the basis that the information underlying the allegations against him "concerned the distant past, was not required to be disclosed, and was not material to investors' decisions to purchase GrowCo securities." Docket No. 131 at 6. This motion was pending when the parties and defendants' insurance carrier, Starstone Specialty Casualty Insurance Company[2]

---

[1] GrowCo is in bankruptcy, *see In re GrowCo., Inc.*, Case No. 19-10512 (D. Colo. Bankr.), and is not a party to this action. Docket No. 131 at 5 n.3.

[2] It is unclear to the Court what type of insurance policy is at issue and who it was issued to. The motion for preliminary approval labels Starstone as "defendants' insurance carrier," Docket No. 131 at 3, but does not provide information on whether Starstone issued a policy to Two Rivers, and the individual defendants are third-party beneficiaries, or whether the policy was issued to both the individual defendants and

("Starstone"), agreed to engage in mediation before retired Denver District Court Judge William Meyer. *Id.* at 2-3. The parties ultimately reached a settlement in August 2020, *id.*, and on October 9, 2020 plaintiff filed an unopposed motion (the "motion for preliminary approval") for preliminary approval of the settlement (the "Settlement Agreement"), approval of the notice to the class, preliminary certification of the class for the purposes of settlement, appointment of class counsel, and the scheduling of a fairness hearing. *Id.* at 4.

On January 25, 2021, the magistrate judge granted a motion to withdraw by counsel for Two Rivers and issued an order to show cause why she should not impose sanctions on Two Rivers for failure to defend in the absence of legal representation. Docket No. 137 at 6. On February 24, 2021, the Court entered an order informing the parties that, because granting the motion for preliminary approval of the class action settlement would trigger proceedings that necessitated Two Rivers's participation, through counsel, the Court would not rule on the motion for preliminary approval until counsel entered an appearance on behalf of Two Rivers. Docket No. 139. On March 10, 2021, the Court entered an order that the Court would deny the motion for preliminary approval without prejudice if Two Rivers did not enter an appearance on or before March 16, 2021. Docket No. 145. Two Rivers has not entered an appearance, and the Court has not ruled on the motion for preliminary approval.

On March 15, 2021, plaintiff filed a motion for a status conference regarding Two Rivers's failure to hire counsel and failure to respond to the order to show cause.

---

Two Rivers.

Docket No. 146. Plaintiff requested that the Court hold a status conference and, if the status conference could not be held before March 16, that the Court hold in abeyance a ruling on the motion for preliminary approval until the Court held a status conference. *Id.* at 5. This motion is currently pending. On April 6, 2021, plaintiff filed a motion to dismiss Two Rivers as a party. Docket No. 149.

### C. Settlement Agreement

The motion for preliminary approval seeks certification of a settlement class consisting of

> All persons or entities who currently hold claims based on Securities of GrowCo, and who purchased or otherwise acquired the securities through Offerings listed below, during the time period beginning October 2014 through December 2017 (the "Class Period"), and suffered Alleged Losses. For the avoidance of doubt, persons or entities who purchased or otherwise acquired the securities during the Class Period who have assigned the securities to VitaNova Partners, LLC are not excluded as Class Members by virtue of such assignment:

| Name | Type | Approximate Amount Raised | Date Range |
|---|---|---|---|
| GrowCo Partners 1, LLC | Equity | $ 3,349,151 | December 2014 - January 2015 |
| $4 Million Note | Debt | $ 4,000,000 | March 2015 - September 2015 |
| GCP Super Units LLC | Equity | $ 5,297,157 | July 2015 - October 2017 |
| $1.5 Million Note | Debt | $ 100,000 | April 2016 |
| $6 Million Note | Debt | $ 6,000,000 | March 2016 - July 2016 |
| $7 Million Note | Debt | $ 2,977,000 | January 2016 - September 2017 |
| $2 Million Note | Debt | $ 1,080,000 | February 2017 - September 2017 |
| $2 Million Note | Debt | $ 440,000 | June 2017 |

Docket No. 131 at 3; *see also id.* at 29, 32 ¶¶ 1.i, 1.s. There are no subclasses. The following are excluded from the Class:

> (1) the Defendants; (2) the officers and directors of Two Rivers and GrowCo during the Class Period as set forth in Exhibit E to the Settlement Agreement for securities purchased at the time or after they were officers or directors; (3) any judge or judicial officer who may hear any aspect of

> this Action and his or her law clerks; and (4) except as provided in the
> Settlement Agreement, all persons or entities released in the Settlement.
> Also excluded from the Settlement Class are the persons and/or entities
> who validly request exclusion from the Settlement Class within the time
> period set by the Court in the Preliminary Approval Order.

*Id.* at 3-4.

In exchange for the release of all claims of the Settlement Class against all defendants, the Settlement Agreement provides that Starstone will pay $1.5 million for the benefit of the Class. *Id.* at 7. The parties agree that this amount provides a "substantial and immediate benefit to the Class" and is appropriate given that GrowCo is in bankruptcy and Two Rivers's financial situation makes it unlikely that it will be able to satisfy a judgment. *Id.* at 8. The parties arrived at this amount after reviewing defendants' insurance policy, which covers claims up to $2 million minus the cost of the defense. *Id.* The $1.5 million figure "represents substantially all of the remaining insurance coverage net of defense costs to date." *Id.* Plaintiff also considered that, if he persisted with litigation, "the amount of insurance coverage available to satisfy a judgment would be substantially less than the Settlement because as defense costs increase, available funds for settlement decrease." *Id.*

## II. ANALYSIS

Plaintiff asks the Court to dismiss Two Rivers without prejudice from this lawsuit pursuant to Fed. R. Civ. P. 41(a)(2) in order to allow the settlement approval process to move forward. Docket No. 149 at 4-5. Rule 41(a)(2) states that, "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . . Unless the order states otherwise,

5

a dismissal under this paragraph (2) is without prejudice." Fed. R. Civ. P. 41(a)(2). Despite Rule 41(a)(2)'s reference to "an action," dismissal of all claims against a single defendant is permitted. *See Janny v. Palmer*, No. 17-cv-02194-KLM, 2020 WL 2800784, at *9 (D. Colo. May 29, 2020) (dismissing fewer than all defendants pursuant to Rule 41(a)(2)); *Blaize-Sampeur v. McDowell*, 2007 WL 1958909, at *2 (E.D.N.Y. June 29, 2007) (noting that, although the Second Circuit had previously stated otherwise, it had "since adopted the approach of the majority of courts in other circuits – that is, that Rule 41(a) does not require dismissal of the action in its entirety" and permits dismissal of all claims as to a single defendant); 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2362 (4th ed. 2020) ("The power to drop some plaintiffs or defendants from the suit plainly exists, either explicitly in the Federal Rules or in the district court's inherent power. Nevertheless, it seems undesirable and unnecessary to invoke inherent power to avoid an artificial limit on Rule 41(a) that results from a highly literal reading of one word in that Rule.").

Rule 41(a)(2) "is designed primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." *Frank v. Crawley Petroleum Corp.*, 992 F.3d 987, 998 (10th Cir. 2021) (quoting *Brown v. Baeke*, 413 F.3d 1121, 1123 (10th Cir. 2005)). In the absence of "legal prejudice" to the defendant, a court should normally grant the dismissal. *Brown*, 413 F.3d at 1123. "[P]rejudice is a function of . . . practical factors including: the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for a dismissal; and the present stage

6

of litigation." *Frank*, 992 F.3d at 998 (quoting *Brown*, 413 F.3d at 1123). These factors, however, are "neither exhaustive nor conclusive." *Id.* The Court should "endeavor to insure substantial justice is accorded to both parties, and therefore the court must consider the equities not only facing the defendant, but also those facing the plaintiff." *Id.*

The Court first considers prejudice to Two Rivers and then considers the equities facing plaintiff. In this case, there is no apparent prejudice to Two Rivers from its dismissal. The factors of the stage of litigation and the opposing party's effort and expense in preparing for trial, *Frank*, 992 F.3d at 998, are either neutral or weigh against finding prejudice. Two Rivers had legal representation in this case until January 2021 and participated in settlement negotiations, but, since its attorney withdrew on January 25, 2021, has refused to comply with Court orders requiring it to retain counsel. *See, e.g.*, Docket Nos. 137, 145. While Two Rivers has expended some effort and expense in this case, the Court stayed discovery and pending motions briefing in light of the parties' mediation. *See* Docket Nos. 100, 103. This case is not so far along that Two Rivers's effort and expense to this point supports a finding of prejudice.

The second factor, excessive delay and lack of diligence on the part of the movant, *Frank*, 992 F.3d at 998, weighs against a finding of prejudice. There has been no delay or lack of diligence on the part of plaintiff; to the contrary, plaintiff is attempting to move the Settlement Agreement forward. Plaintiff did not seek dismissal of Two Rivers until this point because, before Two Rivers stopped participating in the litigation, there was no need to dismiss Two Rivers. It is Two Rivers's failure to retain counsel

7

that has stalled this case, not any action by plaintiff.

The third factor, explanation of the need for dismissal, *Frank*, 992 F.3d at 998, also weighs against a finding of prejudice. Plaintiff has adequately explained the need for dismissal of Two Rivers at this stage of the litigation. The Court has informed plaintiff that, so long as Two Rivers is a defendant in this case, it must participate in any class action certification and settlement proceedings through counsel. *See* Docket No. 145. In response to this, plaintiff seeks to dismiss Two Rivers so that the preliminary approval proceedings may continue.

In addition to these factors, the Court "should be sensitive to other considerations unique to the circumstances of each case." *Brown*, 413 F.3d at 1124. The Court does not find any other considerations that would indicate prejudice to Two Rivers. Indeed, despite Two Rivers's dismissal from this case, if the Court approves the Settlement Agreement then Two Rivers will be released from all claims.[3] Docket No. 149 at 6; Docket No. 131 at 43-44 (releasing all claims if Settlement Agreement is approved). Therefore, the Court finds that there is no prejudice to Two Rivers by dismissing it from this case without prejudice.

However, the Court must also endeavor to "insure substantial justice" and determine the equities facing plaintiff. *See Frank*, 992 F.3d at 998. Plaintiff desires to

---

[3] If the Court approves the Settlement Agreement and the $1.5 million balance of the insurance policy is used to pay the individual defendants' liabilities in this case, then Two Rivers will not have any insurance coverage left for other liabilities not at issue in this case. However, that would be true regardless of whether Two Rivers was dismissed from this case or not, so does not constitute legal prejudice. *See Frank*, 992 F.3d at 1001 (finding no legal prejudice where defendant was no better off whether or not court granted motion for voluntary dismissal).

8

dismiss Two Rivers from this case, but the Court will also consider the interests of the proposed class members. The $1.5 million proposed settlement comes from the defendants' $2 million insurance policy. Docket No. 131 at 8. It represents substantially all of the remaining policy coverage due to expenses associated with the costs of defending against this litigation. *Id.* Plaintiff believes that settlement is appropriate because GrowCo is in bankruptcy, Two Rivers is likely unable to satisfy a judgment, and plaintiff would therefore need to seek recovery from the personal assets of defendants, which is "questionable." *Id.* The proposed notice to the class states that "Defendants have a single insurance policy that covers the claims asserted up to $2,000,000." *Id.* at 67. The Court has not located any other description of the insurance policy. The Court therefore has no reason to believe that dismissing Two Rivers from this lawsuit would impact the obligation of Starstone in relation to the Settlement Agreement.[4] Accordingly, the Court finds that dismissal of Two Rivers insures substantial justice.

Because this case is brought as a class action, the Court must also consider whether dismissal of Two Rivers is permissible under Fed. R. Civ. P. 23(e). Rule 23(e) states:

> The claims, issues, or defenses of a certified class—or a class proposed to be certified for purposes of settlement—may be settled, voluntarily dismissed, or compromised only with the court's approval. The following procedures apply to a proposed settlement, voluntary dismissal, or

---

[4] It would be relevant, for instance, if the dismissal of Two Rivers from this case absolved Starstone of any obligation to pay the $1.5 million. However, plaintiff has provided no indication that this is the case; to the contrary, plaintiff states that granting the motion to dismiss will benefit the proposed class by allowing the Settlement Agreement to move forward. Docket No. 149 at 5-6.

compromise:

(1) Notice to the Class.
. . . .

 (B) Grounds for a Decision to Give Notice. The court must direct notice in a reasonable manner to all class members who would be bound by the proposal if giving notice is justified by the parties' showing that the court will likely be able to:
  (i) approve the proposal under Rule 23(e)(2); and
  (ii) certify the class for purposes of judgment on the proposal.

Fed. R. Civ. P. 23(e). Plaintiff argues that the dismissal of Two Rivers does not implicate Rule 23(e) because it would not constitute a dismissal of the class claims, issues, or defenses, and would not change the terms of the Settlement Agreement. Docket No. 149 at 6.

The Court finds that notice to the class proposed for the purposes of settlement is not required because the dismissal of Two Rivers is without prejudice. Where the dismissal of a defendant is without prejudice, the Court need not provide notice to the proposed class under Rule 23(e). *See Newby v. Enron Corp.*, 2007 U.S. Dist. LEXIS 5111, at *93-94 (S.D. Tex. Jan. 24, 2007) (finding notice to class members not required under Rule 23(e) where voluntary dismissal of fewer than all defendants was without prejudice and "there is no resolution of any of the claims on the merits that would bind the class members"); *Joseph v. Am. Modification Agency, Inc.*, 2012 U.S. Dist. LEXIS 115955, at *12-13 (S.D.N.Y. Aug. 16, 2012) ("Where, as here, the proposal is to dismiss the claims without prejudice and the class is not bound by any determination, notice may not be required."); *cf. Robb v. Stericycle*, 2005 U.S. Dist. LEXIS 41627, at *27-28 (W.D. La. Aug. 19, 2005) (granting voluntary dismissal of fewer than all

defendants under Rule 41(a)(2) without providing notice to the class pursuant to Rule 23(e) because it "would afford no benefit or protection to the class members"), *report and recommendation adopted*, 2005 U.S. Dist. LEXIS 41631, *abrogated on other grounds by Braud v. Transp. Serv. Co. of Ill.*, 445 F.3d 801, 804 n.7 (5th Cir. 2006). Because dismissing Two Rivers without prejudice will not bind prospective class members, notice to the proposed class is unnecessary.

Accordingly, the Court will grant plaintiff's motion to dismiss because there is no prejudice to Two River from its dismissal and notice to the class is not required under Rule 23(e).[5]

### III. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that Plaintiff John Paulson's Motion to Dismiss Two Rivers Water and Farming Company as a Party [Docket No. 149] is **GRANTED**.

**ORDERED** that defendant Two Rivers is **DISMISSED without prejudice**. It is further

**ORDERED** that Plaintiff John Paulson's Motion for Status Conference Regarding Defendant's Failure to Hire Counsel and Failure to Show Cause [Docket No. 146] is **DENIED as moot**. It is further

**ORDERED** that Plaintiff's Request for Judicial Notice in Support of its Motion to

---

[5] Plaintiff asks the Court to take judicial notice of Two Rivers's appearance, through counsel, in proceedings in the Bankruptcy Court for the District of Colorado to show that Two Rivers has counsel but refuses to participate in this litigation. Docket No. 151 at 1. Because the Court will grant plaintiff's motion to dismiss without the need to consider this request, the Court will deny the request as moot.

Dismiss [Docket No. 151] is **DENIED as moot**.

DATED June 29, 2021.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge