IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-02639-PAB-NYW

JOHN PAULSON, an individual,

Plaintiff,

v.

TWO RIVERS WATER AND FARMING COMPANY, a Colorado corporation; JOHN R. MCKOWEN, an individual; WAYNE HARDING, an individual; and TIMOTHY BEALL, an individual,

Defendants.

---

### PLAINTIFF'S MOTION FOR FINAL APPROVAL OF THE SETTLEMENT

---

Plaintiff and Class Representative, John Paulson ("Plaintiff" or "Class Representative"), respectfully submits this motion for (i) final approval of the proposed settlement (the "Settlement") of the above-captioned class action (the "Action") on the terms and conditions set forth in the Settlement Agreement dated October 7, 2020 (the "Settlement Agreement") attached as Exhibit 1 to Doc. 157.

## I.     INTRODUCTION

Plaintiff, on behalf of himself and the Class, has secured a $1.5 million cash settlement in this class action lawsuit. The Settlement is an excellent result for the Class and represents approximately 6.4% of the total amount raised from the sale of GrowCo securities. It is a particularly good result given the limited resources of the Defendants and the significant risk that a smaller recovery—or indeed, no recovery—might be achieved after additional steps in the litigation that could last for years. The Settlement, if approved, will resolve and release all claims

against Two Rivers Water and Farming Company ("Two Rivers"), and defendants John R. McKowen ("McKowen"), Wayne Harding ("Harding"), and Timothy Beall ("Beall") (Messrs. McKowen, Harding and Beall are referred to collectively as "Defendants").

Plaintiff described in his Revised Motion for Preliminary Approval and the Declaration of Paul J. Scarlato ("Scarlato Decl.") filed contemporaneously herewith, the strengths, weaknesses, and bases for the Settlement. *See,* Doc. 157. As set forth herein and in the previously filed motion papers, Plaintiff achieved this Settlement only after hard fought litigation, which included a thorough investigation of the law and facts underlying Plaintiff's claims, including a review and analysis of thousands of pages of documents obtained from the Defendants and other sources, research of complex legal issues, substantial motion practice including briefing on a motion to dismiss and a motion to stay the Action, ancillary proceedings that included a request for a Temporary Restraining Order ("TRO") and preliminary injunction seeking to stay the Action, a claim for damages against Plaintiff in the Colorado bankruptcy court, and a mediation, which required significant preparation and briefing in advance of the session. Given the relative strengths and weaknesses of the claims asserted in the action against the Defendants, and the recovery of cash obtained for the Class, Plaintiff believes that the Settlement is an excellent result and fully endorses the requested approval. *See* Declaration of John Paulson attached hereto.

The proposed Settlement warrants approval under the Federal Rules of Civil Procedure 23(e) and Tenth Circuit precedent. The parties negotiated at arms-length with the assistance of an experienced mediator, Judge William Meyer (Ret.) of the Judicial Arbiter Group, Inc ("JAG"). Further, as mentioned above, the Settlement provided an immediate recovery to the Class while eliminating all risks associated with the litigation and, importantly, collection. Thus, the prospects of a larger recovery at some point down the road are easily outweighed by the benefits being

received by the Class under the terms of the proposed Settlement. Plaintiff also provided notice of the Settlement to all Class Members ("Notice") via direct mail as approved by the Court to an established mailing list of all GrowCo investors. The Notice clearly described the terms of the deal as well as the proposed plan for distributing Settlement funds and the fee and expense award being requested by Class Counsel. As of the date of this filing, Plaintiff did not receive any objections to the Notice, thereby evidencing further support for granting final approval of the Settlement in its entirety.

For the reasons stated herein, Plaintiff respectfully requests that the Court grant his motion.

## II.      RELEVANT BACKGROUND

This Action was aggressively litigated from the outset. Plaintiff filed his initial complaint in Colorado state court. Defendant McKowen removed the case to this Court, (Doc. 1), and filed an Answer. Doc. 2. GrowCo, acting through its CEO McKowen, then immediately initiated an adversary proceeding against Plaintiff in the bankruptcy court seeking damages and attorneys' fees, and moved for a TRO and preliminary injunction seeking to stop the Action.[1] After an evidentiary hearing, the bankruptcy court denied GrowCo's request for a TRO and injunction. (Adversary Proceeding, Doc. 14).

Mr. McKowen then moved to stay the Action in this Court pending the outcome of GrowCo's bankruptcy. (Doc. 47). Plaintiff successfully opposed the motion to stay in this Court. Doc. 75.

While Mr. McKowen's motion for a stay was pending, Plaintiff filed an amended complaint ("Complaint" or "AC") alleging additional facts and asserting additional legal claims. Doc. 56. Mr. McKowen moved to dismiss the Complaint on several grounds, (Doc. 73), and

---

[1] *In re: GrowCo, Inc. v. John Paulson,* Adv. Proc. No. 19-1275 (D. Colo. Bankr. Ct.) (the "Adversary Proceeding").

Plaintiff opposed the motion. Doc. 85. Mr. McKowen's motion to dismiss was fully briefed and pending before the Court when the Parties reached the proposed Settlement.

The Parties engaged in discovery, which included Plaintiff serving requests for production of documents, interrogatories, and requests for admissions on each of the Defendants, and document subpoenas on third parties. Plaintiff produced documents in response to Defendant McKowen's discovery requests, and Plaintiff noticed the depositions of each of the Defendants. In addition, Plaintiff reviewed and analyzed documents produced by Defendants, and from numerous other sources, and obtained a clerk's default against Defendant Beall. Doc. 86. Mr. Beall moved to set aside the clerk's default and to dismiss the Complaint. Doc. 94-96. That motion was pending when the parties agreed to mediate.

As the litigation efforts were continuing, the Parties agreed to explore settlement and scheduled a mediation session with Judge Meyer. The Parties prepared extensive pre-mediation briefs and exchanged them with Judge Meyer. The Parties, along with Starstone, the insurance carrier that provided a "directors & officers" ("D&O") liability insurance policy potentially applicable to Defendants' alleged conduct in this Action, conducted an approximate 14-hour mediation session that did not produce a settlement. The Parties continued negotiations over the following weeks with Judge Meyer's assistance, and on August 7, 2020, the Parties reached a Settlement, subject to Court approval. Importantly, the Starstone D&O insurance policy was an "exhausting policy" that paid for Defendants' case expenses and attorney's fees from the same pool of insurance proceeds that could otherwise be used to pay for claims against Defendants. Continued litigation would have resulted in the gradual depletion of much, if not all, of those policy proceeds. Such an outcome, coupled with Two Rivers' disclosed financial difficulties, would have created substantial collectability risks even in the event of a favorable outcome at trial.

4

On October 9, 2020, Plaintiff filed a Motion for Preliminary Approval of the Settlement, Certification of the Class, and Appointment of Class Representative and Class Counsel ("Preliminary Approval Motion"). Doc. 131.

On January 5, 2021, while the Preliminary Approval Motion was pending, counsel for Two Rivers moved to withdraw as counsel, (Doc. 132), which motion was granted on January 25, 2021. Doc. 138. On February 24, 2021, the Court Ordered that it would not rule on the Preliminary Approval Motion until counsel entered an appearance on behalf of Two Rivers. Doc. 139. On April 6, 2021, in response to Two Rivers' failure to obtain new counsel, Plaintiff moved to dismiss Two Rivers as a party to allow the Settlement approval process to proceed. Doc. 149. Plaintiff's motion was granted on June 29, 2021. Doc. 153. Thereafter, on July 21, 2021, Plaintiff filed a Revised Motion for Preliminary Approval of the Settlement. Doc. 157.

On January 19, 2022, the Court granted Plaintiff's Revised Motion for Preliminary Approval. Doc. No. 162. The Court also certified a class for the purposes of the Settlement, holding that Plaintiff satisfied the requirements of Rule 23 because "joinder of at least 80 investors would be impracticable and that the numerosity requirement is met," "the proposed Class satisfies the commonality requirement," "Mr. Paulson, as named plaintiff, brings claims that are typical of the proposed class," "the Court finds that plaintiff has satisfied Rule 23(a)(4)'s [adequacy] requirements," and "the class questions predominate over individual questions and the settlement class is a superior method of resolving this litigation." Doc. 162, pp. 10-18.

In addition, the Court approved the Plaintiff's proposed form of Notice noting that the proposed notice "provides potential Class Members with information regarding the class action, the terms of the Settlement Agreement, the plan of allocation, attorney's fees and expenses, the fairness hearing, how investors can opt-out of the Class or object to the terms of the Settlement."

*Id.* at 23. In addition, the Court approved the manner of providing Notice noting that "Class Counsel have physical addresses for all Class Members, rendering direct mail the best notice practicable." *Id.* Thus, the Court is satisfied that the parties' proposed notice is reasonably calculated to apprise the absent Class Members of the action." *Id.*

Plaintiff comes before the Court seeking final approval of the Settlement.

### III.    LEGAL STANDARD

Pursuant to Rule 23(e)(2), a class action settlement should be approved if the Court finds it "fair, reasonable, and adequate." "To determine whether a proposed settlement is fair, reasonable, and adequate, courts consider the following factors: (1) whether the proposed settlement was fairly and honestly negotiated; (2) whether serious questions of law and fact exist, placing the outcome of the litigation in doubt; (3) whether the value of an immediate recovery outweighs the mere possibly of future relief after protracted and expensive litigation; and (4) the judgment of the parties that the settlement is fair and reasonable." *In re Crocs, Inc. Secs. Litig.,* 306 F.R.D. 672, 690 (D.Colo. 2014) (Brimmer, J.), citing, *Rutter & Wilbanks Corp. v. Shell Oil Co.,* 314 F.3d 1180, 1188 (10th Cir. 2002); *see also In Re Integra Realty Resources, Inc.,* 354 F.3d 1246, 1266 (10th Cir. 2004).

Additional points of consideration include whether: (1) plaintiff and counsel have adequately represented the class; (2) the settlement was negotiated at arm's-length; and (3) the relief for the class is adequate, taking into account (a) the costs, risks, and delay of trial and appeal, (b) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims, (c) the terms of any proposed fee award, including timing of payment, and (d) any agreement required to be identified under Rule 23(e)(3); and (4) the proposal treats class members equitably relative to each other. *See Chavez Rodriguez v. Hermes*

*Landscaping, Inc.*, 2020 WL 3288059, at *2 (D. Kan. June 18, 2020) (citing the 2018 amendments to Fed. R. Civ. P. 23(e)(2)); *see also O'Dowd v. Anthem*, 2019 WL 4279123, at *12 (D. Colo. Sept. 9, 2019) (the court "first addresses the relevant factors the Tenth Circuit applies [] and then, to the extent that they do not overlap, considers the factors identified in Rule 23(e)(2)").

The Settlement meets all these criteria and should be approved.

### IV.    THE PROPOSED SETTLEMENT WARRANTS FINAL APPROVAL

#### A.    The Proposed Settlement Warrants Final Approval Because It Is Fair, Reasonable, and Adequate

Plaintiff's Revised Motion for Preliminary Approval demonstrated the fairness, reasonableness, and adequacy of the Settlement for purposes of preliminary approval. See, Doc. 162, p. 22. In recognition of this, the Court granted Preliminary Approval of the settlement. In connection herewith, Plaintiff submits as Exhibit 1 hereto, a Declaration of Class Counsel, Paul J. Scarlato, that further describes the litigation and the basis for the Settlement. In pertinent part, the Scarlato Declaration demonstrates the complexity of the case and the work that was performed to arrive at the proposed Settlement.

The facts supporting the Court's conclusion on the reasons for preliminary approval have not changed. Accordingly, the Court should reaffirm its holding and grant final approval of the Settlement. This is especially so considering that courts in the Tenth Circuit have long held that the "inveterate policy of the law is to encourage, promote, and sustain the compromise and settlement of disputed claims." *Am. Home Assur. Co. v. Cessna Aircraft Co*., 551 F.2d 804, 808 (10th Cir. 1977); *see also Sears v. Atchison, Topeka & Santa Fe Ry. Co.*, 749 F.2d 1451, 1455 (10th Cir. 1984); *Wilkerson v. Martin Marietta Corp.*, 171 F.R.D. 273, 284 (D. Colo. 1997). In complex class actions, such as the case at bar, settlements between the parties are all the more encouraged. *See Belote v. Rivet Software, Inc.*, No. 12-cv-02792-WYD-MJW, 2014WL 3906205,

at *3 (D. Colo. Aug. 11, 2014) ("settlements in class actions are favored"); *Diaz v. Romer*, 801 F. Supp. 405, 407 (D. Colo. 1992) (in approving class action settlement, the court explained that a "consensual resolution of a dispute is always preferred"), *aff'd*, 9 F.3d 116 (10th Cir. 1993). The "presumption in favor of voluntary settlement agreements" is especially strong here, "where substantial judicial resources can be conserved by avoiding formal litigation." *See Ramos v. Banner Health*, 2020 WL 6585849, at *3 (D. Colo. Nov. 10, 2020).

### 1.    The Proposed Settlement Was Fairly and Honestly Negotiated

"The fairness of the negotiating process is to be examined 'in light of the experience of counsel, the vigor with which the case was prosecuted, and [any] coercion or collusion that may have marred the negotiations themselves.'" *McNeely v. Nat'l Mobile Health Care, LLC*, 2008 WL 4816510, at *11 (W.D. Okla. Oct. 27, 2008). Where a settlement results from arm's-length negotiations between experienced counsel, "the Court may presume the settlement to be fair, adequate and reasonable." *O'Dowd*, 2019 WL 4279123, at *13; *see also Lucas v. Kmart Corp.*, 234 F.R.D. 688, 693 (D. Colo., 2006). Moreover, utilization "of an experienced mediator [] supports a finding that the settlement is reasonable, was reached without collusion and should therefore be approved." *In re Molycorp, Inc. Sec. Litig.*, 2017 WL 4333997, at *4 (D. Colo. Feb. 15, 2017).

The Parties reached the proposed Settlement after extensive litigation by experienced counsel that included extensive motion practice and discovery. Such motion practice included GrowCo's failed attempt to stay this Action via an adversary complaint and TRO motion in the Colorado bankruptcy court, an evidentiary hearing thereon, a motion to stay in this Court, and a fully briefed motion to dismiss. See, Scarlato Decl. ¶¶ 6-18. Discovery included formal document discovery from Defendants and third parties, and an extensive investigation of the facts through

Class Counsel's own investigation and a review and analysis of thousands of pages of documents provided to Class Counsel by non-parties. See, Scarlato Decl. ¶¶ 23-27. The Parties did not explore settlement until they had a fair consideration of the strengths and weaknesses of their claims. *See In re Crocs,* 306 F.R.D. at 690.

Moreover, Plaintiff and Defendants used an independent, third-party mediator to facilitate their settlement negotiations. The mediator was Judge William Meyer (Ret.) of JAG, a well-respected mediator. *See In re Crocs, Inc. Sec. Litig*., 306 F.R.D. at 679, 690 (D. Colo. 2014) (approving settlement and noting that the parties "engaged in extensive negotiations and mediation sessions for over a year" in front of a mediator "who has extensive experience mediating complex cases.").

The mediation process was conducted with the benefit of discovery and extensive pre-mediation submissions. See, Scarlato Decl. ¶¶ 28-30. The mediation statements outlined the strengths and weaknesses of Plaintiff's claims, the proof Plaintiff developed, the availability of any insurance coverage, and the ability of Defendants to withstand a judgment. *Id.* ¶¶ 28-30, 32. The July 21, 2020 mediation session itself lasted approximately 14 hours and continued late into the evening. However, the Action did not settle. *Id.* ¶ 30. The Parties continued negotiations over the following weeks with Judge Meyer's assistance, and on August 7, 2020, the Parties reached the Settlement. *Id.* ¶ 31.

The arm's-length nature of the parties' negotiations and the active involvement of an independent mediator, such as Judge Meyer in particular, provide strong support for approval of the Settlement. *See D'Amato v. Deutsche Bank*, 236 F.3d 78, 85 (2d Cir. 2001) (a mediator's involvement in settlement negotiations "helps to ensure that the proceedings were free of collusion and undue pressure"). Judge Meyer's involvement in the mediation process demonstrates fair,

honest, and arm's length negotiations in the settlement negotiation. While the authority to grant or deny approval of a proposed settlement lies within the sound discretion of the Court, *see Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1187(10th Cir. 2002); *Gottlieb v. Wiles*, 11 F.3d 1004, 1014 (10th Cir. 1993), courts typically defer to the judgment of the parties who negotiated the settlement, *see Carson v. Am. Brands, Inc.*, 450 U.S. 79, 88 n.14 (1981); *In re King Res. Co. Sec. Litig.*, 420 F. Supp. 610, 625 (D. Colo. 1976) (the court "need not, and should not, decide the merits of the controversy"); *see also In re N.M. Nat. Gas Antitrust Litig.*, 607 F. Supp. 1491, 1497 (D. Colo.1984) ("[T]he court's intrusion upon what is otherwise a private consensual agreement negotiated between the parties to a lawsuit must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole is fair, reasonable and adequate to all concerned."). Thus, the manner in which the parties came to the proposed Settlement provides the Court with a sound basis to rely on their judgment in granting approval.

## 2.   Serious Questions of Law and Fact Exist, Placing the Ultimate Outcome of the Litigation in Doubt

Here, "serious questions of law and fact exist where disputes between the parties…could significantly impact this case if it were litigated." *O'Dowd*, 2019 WL 4279123, at *13; *see also See Chavez Rodriguez v. Hermes Landscaping, Inc.*, 2020 WL 3288059, at *3 (D. Kan. June 18, 2020) ("'whether serious questions of law and fact exist, placing the ultimate outcome of the litigation in doubt' and 'whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation'"—"largely overlap" with Rule 23(e)(2)(C)(i)). As detailed in the Scarlato Declaration, before the Settlement was reached, Defendants raised credible defenses to the merits of Plaintiffs' claims, which could have resulted in either a substantially lower recovery or none at all. See, Scarlato Decl. ¶¶ 16-18, 22

(describing the legal arguments made in Defendant McKowen and Beall's pending motions to dismiss. The Court could have been persuaded that Defendants' legal arguments were meritorious, including that Defendants did not have a duty to disclose the information regarding McKowen's background that Plaintiff alleges were material omissions.

Further litigation would have also been risky with respect to causation and damages. Plaintiff's damages expert would have testified that investors sustained damages as a result of the material omissions in the Offering Materials. However, Defendants' expert would likely have argued that any investor losses were not caused by those omissions, and instead were a result of actions taken by others after the Defendants were no longer associated with GrowCo. Unless Plaintiff would have successfully precluded Defendants' damages expert from testifying, their recovery may have been largely dependent on which expert the jury found more persuasive. *Id.*

In addition, Plaintiff also faced many other risks inherent in most complex litigations, such as obtaining and maintaining class certification, having to defend and/or succeed against post-judgment appeals, and expert credibility concerns at trial. Collectively, these risks weighed heavily in favor of accepting the Settlement, which provides the substantial amount of $1.5 million to the Class in the near term, and likewise now weigh heavily in favor of approving the Settlement in final.

### 3.    The Value of an Immediate Recovery Outweighs the Mere Possibility of Future Relief

In assessing a settlement, courts in this District weigh the recovery "against the possibility of some greater relief at a later time, taking into consideration the additional risks and costs that go hand in hand with protracted litigation." *O'Dowd*, 2019 WL 4279123, at *13. This factor weighs strongly in favor of approval. As the Court recognized, "[t]he parties arrived at this amount after reviewing defendants' insurance policy, which covers claims up to $2 million minus the cost

of defense." "The $1.5 million figure 'represents substantially all of the remaining insurance coverage net of defense costs to date.'" Doc. 157, p. 9, quoting, Plaintiff's Revised Motion for Preliminary Approval. "Plaintiff also considered that, if he persisted with litigation, 'the amount of insurance coverage available to satisfy a judgment would be substantially less than the Settlement because as defense costs increase, available funds for settlement decrease." *Id.* Had Plaintiff persisted with litigation, and obtained a judgment, it is highly likely to have been a hollow victory as the available source of cash to satisfy a judgment would be depleted.

Moreover, the $1.5 million Settlement is an excellent result for the Class and amounts to approximately 6.4% of the total amount of $23,243,308 raised through the sale of GrowCo securities as listed in the chart in the Notice, a percentage above the typical settlements in other cases like this. See, Declaration of Cornelia Vieira ("Vieira Decl"), Exhibit 3 hereto, attaching a true and correct copy of Notice mailed to the Class as Exhibit A. The prospect of a cash recovery now outweighs the time and costs of continued litigation considering the prospects for recovery. *See In re Crocs Sec. Litig.*, 2013 WL 4547404, at *12 (D. Colo. Aug. 28, 2013) ("the Court finds that immediate recovery outweighs the time and costs inherent in complex securities litigation, especially when the prospect is some recovery versus no recovery").

Thus, the Settlement provides an excellent outcome for the Class relative to typical recoveries in cases like this, restoring approximately 6.4% of Class Members' out-of-pocket losses and provides a recovery in the near term instead of years of additional litigation with uncertainty over the outcome. Courts readily approve class action settlements representing similar or lower percentages of recoverable damages. *See*, *e.g.*, *Crocs,* 306 F.R.D. at 691 (approving settlement recovery of 1.3% of damages as it was "in line with the median…"); *In re Patriot Nat'l, Inc. Sec. Litig.* 828 F. App'x 760, 762 (2d Cir. 2020) (affirming approval of settlement recovery of 6.1% of

"potentially recoverable damages"); *Thorpe v. Walter Inv. Mgmt. Corp.*, 2016 WL 10518902, at *3 (S.D. Fla. Oct. 17, 2016) (approving settlement representing 5.5% of likely recoverable damages, noting settlement is "an excellent recovery, returning more than triple the average settlement in cases of this size").

> ### 4.      The Class Was Adequately Represented, and in the Judgment of All Parties, the Settlement Is Fair, Adequate, and Reasonable

Plaintiff has adequately represented the interests of the Class by closely monitoring and participating in this litigation from the outset through resolution. Plaintiff was in regular contact with Class Counsel about the progress of the Action; Plaintiff took an active role in discussions about the claims and strategies; and Plaintiff also played an important role in the settlement negotiations, closely evaluated the proposed Settlement and recommended that it be approved. *See* Paulson Declaration, Exhibit 2 hereto.

Moreover, Plaintiff's claims here are typical of the claims of the Class because all of the Class Members purchased GrowCo securities based on the same alleged material omissions and suffered damages as a result. Therefore, Plaintiff and the Class's claims are subject to the same burden of proof. Plaintiff also has no antagonistic interests; rather, Plaintiff's interest in obtaining the largest-possible recovery in this Action was firmly aligned with all Settlement Class Members. *See Crocs*, 306 F.R.D. at 688 (approving settlement where, as here, there is "no evidence that one set of class members will benefit from the settlement to the detriment of another set of class members").

Furthermore, in this District, "[c]ounsels' judgment as to the fairness of the agreement is entitled to considerable weight." *Farley v. Family Dollar Stores, Inc.*, 2014 WL 5488897, at *3 (D. Colo. Oct. 30, 2014). Here, Plaintiff retained counsel who are highly experienced in prosecuting securities class actions, and who have a long, successful track record of adequately

representing large and diverse groups of investors in similar cases. *See*, *e.g.*, Resumes of Class Counsel attached as Exhibits 4 and 5 to Doc. 157. Given their extensive experience and success in prosecuting class actions, Class Counsel's judgment is also entitled to substantial weight.

**5.      The Proposed Award of Attorneys' Fees and Reimbursement of Litigation Expenses Is Appropriate**

The terms of the proposed award of attorneys' fees, which are discussed in the accompanying Motion for an Award of Attorneys' Fees, Incentive Award, and Reimbursement of Litigation Expenses (the "Fee Motion"), are appropriate. Plaintiff's Counsel[2] has applied for a fee of one-third of the Settlement Fund. As set forth in detail in the Fee Motion, such a fee is reasonable considering the work performed, the results obtained, and is comparable to other settlements in complex class actions approved in the Tenth Circuit. *See, e.g., In re Crocs, Inc. Sec. Litig.* 2014 U.S. Dist. LEXIS 134396 at *10-11 (D. Colo. Sept. 18, 2014) (Brimmer, J.) ("Courts in the Tenth Circuit have noted that the typical fee award in complex cases is around one third of the common fund"); *Peace Officers' Annuity & Ben. Fund of Ga. v. DaVita Inc.,* 2021 U.S. Dist. LEXIS 131699 at *7 (D. Colo. July 15, 2021) (Same, quoting *Crocs* and collecting cases).

**B.      The Plan of Allocation Is Fair, Reasonable, and Adequate Because It Treats All Class Members Equitably**

With respect to the way the Settlement will be distributed, the proposed Plan of Allocation easily satisfies Rule 23(e)(2)(D) because it treats all Settlement Class Members equally. The Settlement Fund will be allocated to Authorized Claimants on a *pro rata* basis based on the relative size of their Recognized Claims.

---

[2] Attorneys Paul Scarlato and Alan Rosca, the lead attorneys representing the class, switched firms from Goldman Scarlato & Penny PC to Rosca & Scarlato LLC in the course of the proceedings in this case, with their new firm taking over this matter from the prior firm.

All Class Members that meet the Class definition with an "Alleged Loss" will receive a pro rata share of the Settlement Fund. See, Vieira Decl., Ex. A at p. 4-5. The Plan of Allocation for this Settlement is as follows: Each Class Member that submits a valid Claim (an "Authorized Claimant") will be assigned an Alleged Loss. *Id.* An Authorized Claimant's Alleged Loss means the principal amount each Authorized Claimant paid for the GrowCo securities. Accordingly, each Class Member that submits a Proof of Claim will have their transactions in GrowCo securities evaluated against the Class definition and the Plan of Allocation to determine their "Alleged Loss" to ultimately have their pro rata share of the Net Settlement Fund calculated and distributed. *Id.* This factor also supports granting final approval. *See, e.g.*, *Hefler v. Wells Fargo & Co.,* Case No. 16-cv-05479-JST, 2018 U.S. Dist. LEXIS 150292, at *38 (N.D. Cal. Sept. 4, 2018) ("the allocation plan disburses the Settlement Fund to class members 'on a pro rata basis based on the relative size of' the potential claims that they are compromising . . . This type of pro rata distribution has frequently been determined to be fair, adequate, and reasonable." (citing cases)).

### C. Plaintiffs' Notice of the Settlement Satisfied the Requirements of Rule 23, and Due Process

The Settlement readily meets the requirements of Rule 23 and Due Process. The Notice complied in all respects with the requirements set forth in the Stipulation and this Court's Preliminary Approval Order, (Doc. 162), and Rule 23(e)(2)(C). The Court-approved Notice "gave the Settlement Class notice of the terms of the proposed Settlement Agreement; the rights of Class Members under the Settlement Agreement—including the rights to opt-out, object, and be heard at a Final Fairness Hearing; [and] the application for counsel fees, costs and expenses..." *Gordon v. Chipotle Mexican Grill, Inc.*, 2019 WL 6972701, at *2 (D. Colo. Dec. 16, 2019) (holding requirements of Rule 23 and due process satisfied where similar notice was provided: "this Notice . . . constitutes due and sufficient notice").

The Notice also contained all the information required by Rule 23(c)(2)(B), and due process because it sufficiently apprised the Class of, among other things, the nature of the Action and the claims asserted; the Settlement's basic terms, including the method of distribution provided for in the Plan of Allocation; and notice of the binding effect of a judgment on Class Members. See, Scarlato Decl., Exhibit 1; *Crocs,* 306 F.R.D. at 693. The Notice also contained a statement of the recovery, the total amount of GrowCo securities sold, identification of the attorneys for the Class; and the reasons for the Settlement. *Id.* Accordingly, the notice to the Class met all requirements of Rule 23(c) and (e), and due process.

The Notice also provided information on how to submit a Claim Form and informed Class Members of the avenues available to them to obtain any additional information necessary to make an informed decision, including by directly contacting Class Counsel or visiting the Claims Administrator's website. *Id.*; s*ee also Elna Sefcovic, LLC v. TEP Rocky Mountain, LLC,* 807 Fed. App'x. 752, 764 (10th Cir. 2020) (holding requirements of Rule 23 and due process satisfied where similar notice was provided).

Furthermore, the Claims Administrator has satisfied its obligations. Strategic Claims Services ("SCS"), the Court-appointed claims administrator, has mailed 85 copies of the Notice by first-class mail to potential Settlement Class Members and nominees. Scarlato Decl., Exhibit 1 at ¶ 4. SCS also published a link to information about the Action on its website which provides all information and documentation pertinent to the Settlement. *Id.* at ¶ 8.

**D.    The Straightforward Nature of the Settlement Framework and Lack of Objections Warrant Final Approval**

The Settlement framework provides a simple and well-established methodology for the processing of claims from Class members. First, the Court-approved Claim Form provides clear instructions to potential Class members concerning the necessary information they must present

to the Claims Administrator in order it to accurately process their claim and the deadlines by which they must do such. Scarlato Decl., Exhibit 1, attaching Notice and Claim Form. Based on the information provided by the Class members, the Claims Administrator will confirm each Class member's eligibility to participate in the recovery by mechanically calculating their respective "Alleged Loss" based on the Court- approved Plan of Allocation to ultimately determine each Class member's *pro rata* portion of the Net Settlement Fund. *See Id.*

Pursuant to the Preliminary Approval Order, any Settlement Class Member who wanted to be excluded from the Settlement or to object to any aspect of the Settlement, the Plan of Allocation, or to the attorneys' fees and expense award request, was required to submit such exclusion request or objection by April 15, 2022. As of the date of this motion, neither Plaintiff's Counsel nor the Claims Administrator have received any objections to the Settlement. *See* Scarlato Decl. Exhibit 1, ¶¶ 9-10. Plaintiff will respond to any objections and exclusions after the April 15, 2022 deadline has elapsed. It is established that the absence of a large number of objectors to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members. *Mandujano v. Basic Vegetable Prods. Inc.*, 541 F.2d 832, 837 (9th Cir. 1976). "The absence of any objector strongly supports the fairness, reasonableness, and adequacy of the settlement." *Martin v. AmeriPride Servs.*, 2011 U.S. Dist. LEXIS 61796, at *21 (S.D. Cal. June 9, 2011); *see In re Skilled Healthcare Group, Inc.,* 2011 U.S. Dist. LEXIS 10139, at *11 (C.D. Cal. Jan. 26, 2011) ("In this case, the Court interprets the lack of anything other than a *de minimus* objection as ratification of the settlement terms by the class."); *see also Heritage Bond Litig.*, 2005 U.S. Dist. LEXIS 13555, at *34; *Nat'l Rural*, 221 F.R.D. at 528. Given the absence of objections, at this time, the Court should consider this as additional evidence in support of granting final approval.

E.      **Certification of the Settlement Class Remains Warranted**

In presenting the proposed Settlement to the Court for preliminary approval, Plaintiff requested, for purposes of the Settlement only, that the Court certify the Settlement Class under Rules 23(a) and (b)(3). In Preliminary Approval Order, this Court certified the Settlement Class. *See* Doc.162 at pp. 4-7. Nothing has changed to alter the propriety of the Court's certification, and no Class Member has objected to class certification. For all the reasons stated in Plaintiff's Motion for Preliminary Approval (Doc. 157), which is incorporated herein by reference, and in the Court's Preliminary Approval Order (Doc. 162), Plaintiffs request that the Court reaffirm its determinations in the Preliminary Approval Order and finally certify the Settlement Class for purposes of carrying out the Settlement pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

V.      **CONCLUSION**

Based on the foregoing reasons, and the declarations submitted herewith, Plaintiff respectfully requests that the Court approve the proposed Settlement and Plan of Allocation as fair, reasonable and adequate.

Submitted this 8th day of April 2022.

/s/ Steve A. Miller
Steve A. Miller, No. 8758
STEVE A. MILLER, P.C.
162 Larimer St., Suite 2906
Denver, CO 80202
Telephone: (303) 892-9933
Fax: (303) 892-8925
Email: Sampc01@gmail.com

*Local Counsel for Plaintiff*

Paul J. Scarlato *(pro hac vice)*
ROSCA & SCARLATO LLC
8 Tower Bridge, Suite 1025
161 Washington Street
Conshohocken, PA 19428

Telephone: (484) 342-0700
E-mail: scarlato@lawgsp.com

Alan L. Rosca, Esq *(pro hac vice)*
ROSCA& SCARLATO LLC
23250 Chagrin Blvd. Suite 100
Beachwood, OH 44122
Telephone: (484) 342-0700
E-mail: rosca@lawgsp.com

J. Barton Goplerud (*pro hac vice forthcoming*)
Brian O. Marty (*pro hac vice forthcoming*)
SHINDLER ANDERSON GOPLERUD &
WEESE P.C.
5015 Grand Ridge Dr., Suite 100
West Des Moines, IA 50265
goplerud@sagwlaw.com
marty@sagwlaw.com

*Counsel for Plaintiff and the Putative Class*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 8th day of April, 2022, a true and correct copy of the foregoing has been filed and served electronically via CM/ECF, which will be sent electronically to all counsel of record.

<u>/s/ Paul J. Scarlato</u>

# EXHIBIT 1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-02639-PAB-NYW

JOHN PAULSON, an individual,

Plaintiff,

v.

TWO RIVERS WATER AND FARMING COMPANY, a Colorado corporation; JOHN R. MCKOWEN, an individual; WAYNE HARDING, an individual; and TIMOTHY BEALL, an individual,

Defendants.

---

### DECLARATION OF PAUL J. SCARLATO IN SUPPORT OF
### PLAINTIFF'S MOTION FOR FINAL APPROVAL OF SETTLEMENT

---

Paul J. Scarlato, pursuant to 28 U.S.C. § 746, declares as follows under penalty of perjury:

1.     I am a partner in the law firms of Goldman Scarlato & Penny, P.C., and since January 1, 2022, Rosca Scarlato, LLC. I am one of the Court-approved Class Counsel in the above-captioned action ("Action"). See, Doc. 162, Preliminary Approval Order. I submit this Declaration in support of Plaintiff's Motion for Final Approval of Settlement.

## I.     BACKGROUND OF THE LITIGATION

1.     Plaintiff initiated the Action on August 13, 2019, by filing a class action complaint against Defendants Two Rivers, McKowen, Harding, and Beall arising out of Plaintiff's purchase of securities in GrowCo, Inc. ("GrowCo").[1] Plaintiff's amended complaint (the "Complaint" or

---

[1] GrowCo was in bankruptcy and not named as a party to the Action. See, *In re: GrowCo, Inc.,* Case No. 19-10512 (D. Colo. Bankr. Ct.) (the "Bankruptcy Action"). On July 6, 2021, the bankruptcy court granted the United States Trustee's motion to dismiss the GrowCo Bankruptcy Action. Bankruptcy Action, Doc. 263.

"AC"), alleges that Defendants McKowen, Harding and Beall were each officers and control persons of Two Rivers, and sold and promoted GrowCo securities offerings (the "Offerings") to Plaintiff and the class while, among other things, omitting material information about Mr. McKowen's background.

2.      The circumstances that gave rise to the Offerings are as follows. On November 6, 2012, Colorado Amendment 64, a ballot initiative allowing for recreational use of marijuana throughout the State of Colorado, was passed. AC ¶ 16. In or about May of 2014, Two Rivers and McKowen formed GrowCo to capitalize on Colorado's burgeoning marijuana business. AC ¶ 17. In order to support the operations of Two Rivers and GrowCo, Defendants raised money from investors through the Offerings. AC ¶ 28.

3.      As part of the Offerings, GrowCo and the Defendants prepared and distributed documents to prospective investors including sales presentations, memoranda of terms, exchange note purchase agreements, investor questionnaires, and other documents (the "Offering Documents") which purported to make material disclosures to investors about GrowCo and the Offerings. AC ¶ 27. Plaintiff alleges that the Offering Documents omitted information about Defendant McKowen that Plaintiff claims should have been disclosed; namely an NASD disciplinary action, fine, and suspension in 1987 (AC ¶¶ 30-37), a 1995 bankruptcy filing, (AC ¶ 38), and a 1992 default judgment in connection with a 1991 administrative complaint filed by the Indiana Securities Division. AC ¶¶ 40-41. Plaintiff also alleges that the funds received from the Offerings were immediately commingled with and passed through as capitalization for the operation of Two Rivers, AC ¶¶ 56, 96.

4.      The Complaint asserted claims against Defendants under the Colorado Securities Act, 11-51-101 *et. seq.,* and Colorado common law for failure to disclose the allegedly material

2

information about Defendant McKowen's background in the Offering Documents. Plaintiff alleged that the securities became worthless upon GrowCo's bankruptcy filing. AC ¶ 60.

## II.    CONDUCT OF THE LITIGATION

5.      This Action was aggressively litigated from the start. After Plaintiff filed his initial complaint in Colorado state court in August 2019, Defendant McKowen removed the case to this Court on September 16, 2019, (Doc. 1), and filed an Answer. Doc. 2.

### A.  The Adversary Proceeding Against Plaintiff

6.      On September 30, 2019, GrowCo, acting through its CEO, Defendant McKowen, filed an adversary proceeding against Plaintiff in the Colorado bankruptcy court where the GrowCo bankruptcy proceedings were pending. See, *In re: GrowCo, Inc. v. John Paulson,* Adv. Proc. No. 19-1275 (D. Colo. Bankr. Ct.) (the "Adversary Proceeding"). The adversary complaint sought a declaration that the automatic stay in bankruptcy applied to the claims asserted in the Action, sought to permanently enjoin Plaintiff from pursuing those claims, and sought damages, costs and attorneys' fees against Plaintiff for his purported "willful and deliberate" violations of the automatic stay. *Id.*

7.      Simultaneously, on September 30, 2019, GrowCo moved for a Temporary Restraining Order ("TRO") and preliminary injunction in the bankruptcy court seeking to stay the Action.

8.      In order to protect the interests of the Class, Plaintiff, through Class Counsel, engaged experienced Colorado bankruptcy counsel, Brownstein Hyatt, Farber Schreck, LLP to assist in the bankruptcy proceedings along with Class Counsel.

9.      The bankruptcy court scheduled an evidentiary hearing on the TRO motion for October 17, 2019.

10.     On October 16, 2019, Plaintiff, through bankruptcy counsel and Class Counsel, opposed the TRO motion.

11.     On October 17, 2019, following the evidentiary hearing, the bankruptcy court issued an order denying GrowCo's motion for a TRO. See, Adversary Proceeding, Doc. 14.

**B.  Mr. McKowen's Motion to Stay**

12.     On January 23. 2020, Mr. McKowen moved this Court to stay the Action pending the outcome of GrowCo's bankruptcy asserting that the Action was "related" to the GrowCo bankruptcy action. (Doc. 47). McKowen argued, among other things, that by filing the Action, Plaintiff was attempting to avoid the automatic stay in the bankruptcy action, that the relief Plaintiff requested in the Action negatively implicated GrowCo's interests, that investor claims should be decided by the bankruptcy court, and that any judgment in this Action against McKowen would give rise to a claim for indemnification against GrowCo, and thus deplete Two Rivers' Directors and Officers ("D&O") insurance policy. *Id.*

13.     Plaintiff opposed the motion to stay, (Doc. 60), and Mr. McKowen filed a reply. Doc. 62-63.

14.     Following a hearing on February 25, 2020, (Doc. 72), the Court issued a twelve-page Order denying Mr. McKowen's motion to stay, thus allowing the Action to proceed. Doc. 75.

**C.  The Amended Complaint and Mr. McKowen's Motion to Dismiss**

15.     On February 5, 2020, while McKowen's motion to stay was pending, Plaintiff filed the AC alleging additional facts and asserting additional legal claims against Defendants. Doc. 56.

16.     On February 26, 2020, Defendant McKowen moved to dismiss the Complaint raising a number of legal challenges. Doc. 73. Specifically, Mr. McKowen argued that certain of

Plaintiff's legal claims were duplicative and should be dismissed, that Plaintiff's fraud-based claims lacked the specificity required by Fed. R. Civ. P. 9(b) and should be dismissed, and that Plaintiff failed to plead loss causation, thus requiring dismissal. *Id.* Mr. McKowen further argued that dismissal was warranted because there was no legal duty to disclose what Plaintiff alleged were material omissions from the Offering Documents. *Id.*

17.     On April 21, 2020, Plaintiff filed an opposition to Mr. McKowen's motion, (Doc. 85), and on May 5, 2020, Mr. McKowen filed a reply. Doc. 91.

18.     Defendant McKowen's motion to dismiss the Complaint was fully briefed and pending before the Court when the Parties agreed to explore a settlement.

**D.  The Motion for Default and Beall's Motion to Dismiss**

19.     On April 24, 2020, Plaintiff moved for entry of a default judgment against Defendant Beall for failure to respond to the Complaint. Doc. 86.

20.     On May 4, 2020, the Clerk of the Court entered a default judgment against Defendant Beall. Doc. 90.

21.     On May 22, 2020, Defendant Beall, acting through new counsel, moved to set aside the default judgment. Doc. 94. Plaintiff did not oppose the motion. *Id.*

22.     On May 29, 2020, Defendant Beall moved to dismiss the Complaint pursuant to Fed. R. Civ. P. 9(b) and 12(b)(6) raising a number of legal arguments including, Plaintiff failed to allege that: 1) Mr. Beall acted with scienter, 2) Mr. Beall's conduct was in connection with the purchase or sale of a security, and 3) Plaintiff failed to adequately plead reliance and causation. Doc. 96. Plaintiff had not yet responded to Defendant Beall's motion to dismiss when the Parties agreed to mediate.

**E.  Discovery and Investigation**

23.     Plaintiff conducted a substantial amount of formal and informal discovery and a thorough factual investigation in connection with the Action. For example, Plaintiff served detailed requests for production of documents ("RFPs"), interrogatories and requests for admission on each of the Defendants, and noticed each of the Defendant's depositions.

24.     Defendants McKowen and Beall responded to Plaintiff's document requests and produced documents. Plaintiff attempted to meet and confer with Mr. McKowen and served a second set of RFPs seeking additional documents.

25.     Mr. McKowen also served RFPs on Plaintiff, and Plaintiff produced documents in response thereto.

26.     Plaintiff served third-party subpoenas on numerous parties including GrowCo, Key Bank, Wells Fargo, and a number of other entities that Plaintiff believed might have relevant documents, and also obtained substantial records through informal third-party discovery.

27.     Plaintiff also conducted an extensive investigation of the facts, which investigation included a thorough review of SEC filings related to Two Rivers, extensive research on prior regulatory and other legal actions involving Mr. McKowen, a thorough review of GrowCo's bankruptcy filings, and a review of thousands of pages of documents related to GrowCo provided to Plaintiff by non-parties.

## IV.     THE SETTLEMENT NEGOTIATIONS

28.     As the litigation efforts were continuing, the Parties agreed to explore a settlement and scheduled a mediation session with Judge William Meyer (Ret.) of the Judicial Arbiter Group, Inc ("JAG"), for July 21, 2020.

29.     Prior thereto, the Parties prepared detailed mediation statements outlining their respective cases and submitted them to Judge Meyer. For example, Plaintiff submitted a 16-page

Mediation Statement attaching multiple exhibits outlining his claims, the strengths and weaknesses thereof, the proof Plaintiff developed, and Defendants' ability to withstand a judgment.

30.    The Parties, along with Two Rivers' D&O carrier Starstone, conducted an all-day mediation session with Judge Meyer on July 21, 2020. The mediation session lasted approximately 14 hours and continued late into the evening. However, the Action did not settle.

31.    The Parties continued negotiations over the following weeks with Judge Meyer's assistance, and on August 7, 2020, the Parties reached a Settlement for $1.5 million cash in return for a release.

32.    Among the significant factors the Parties considered in conducting the settlement negotiations was the limited amount of insurance coverage available (approximately $1.5 million of a $2 million wasting policy), the fact that GrowCo was in bankruptcy, Two Rivers' precarious condition as disclosed by the company in filings with the Securities and Exchange Commission, and the individual defendants' apparent lack of an ability to withstand a judgment or contribute to a settlement.

## V.    PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL

33.    On October 9, 2020, Plaintiff filed an unopposed motion for preliminary approval of the Settlement. Doc. 131.

34.    On January 5, 2021, while Plaintiff's motion remained pending, Defendant Two Rivers' lawyer in this Action moved to withdraw as counsel. Docs. 132 and 133. That motion was unopposed.

35.    On January 25, 2021, the Court issued an Order granting the motion to withdraw, and requiring Two Rivers to, on or before February 15, 2021, show cause why the Court should

not recommend sanctions against Two Rivers for its failure to participate in this matter in the absence of legal representation. Doc. 137. Two Rivers failed to meet the Court's deadline.

36.     On February 24, 2021, the Court Ordered that "[a]s a corporation, Two Rivers must appear in this case through counsel," and that "the Court will not rule on the motion for preliminary approval until counsel enters an appearance on behalf of Two Rivers." Doc. 139.

37.     On March 10, 2021, the Court entered a Minute Order indicating that it would "deny without prejudice the motion for preliminary approval unless counsel for Two Rivers enters an appearance on or before March 16, 2021." Doc. 145. In response, on March 15, 2021, Plaintiff moved for status conference and requested that the Court hold its ruling denying preliminary approval of the Settlement in abeyance until after any such status conference is held. Doc. 146.

38.     On April 6, 2021, Plaintiff moved to dismiss Two Rivers as a party to this litigation without prejudice to allow the Settlement approval process, which was stalled due to Two Rivers' refusal to obtain new counsel, to move forward. Doc. 149.

39.     On June 29, 2021, the Court entered an Order granting Plaintiff's motion and dismissing Two Rivers as a party. Doc. 153. On July 7, 2021, the Court entered a Minute Order directing that Plaintiff may file a revised motion for preliminary approval on or before July 16, 2021. Doc. 154.

40.     On July 21, 2021, Plaintiff filed a Revised Unopposed Motion for Preliminary Approval of the Settlement. Doc. 157.

41.     On January 19, 2022, the Court granted Plaintiff's Revised Unopposed Motion for Preliminary Approval of the Settlement ("Preliminary Approval Order"). Doc. 162.

42.     Pursuant to the Preliminary Approval Order, the Court: 1) preliminarily approved the Settlement; 2) certified the Class; 3) appointed Plaintiff as Class Representative and Class

Counsel; 4) found that the "proposed notice provides potential Class Members with information regarding the Class Action, the terms of the Settlement Agreement, the plan of allocation, attorneys' fees and expenses, the fairness hearing, how investors can opt-out of the Class or object to the terms of the Settlement Agreement;" and 5) approved the manner of giving notice to the Class as "the best notice practicable." Doc. 162.

### VI.     NOTICE AND CLAIM FORM

43.     Pursuant to the terms of the Settlement, Class Counsel received a current list of all GrowCo investors from GrowCo's bankruptcy counsel. That list contained the names of 82 investors, and their addresses. I provided the list of investors to the claims administrator, Strategic Claims Services on January 19, 2022, the date of the Preliminary Approval Order.

44.     Strategic Claims Services mailed the Notice and Claim Form ("Notice") to all persons and entities on the investor list via first class mail by the deadline set by the Court in the Preliminary Approval Order. See, Declaration of Cornelia Vieira Concerning: (a) Mailing of the Notice and Claim Form; and (b) Report on Requests for Exclusion and Objections ("Vieira Decl."), attached to the Motion for Final Approval as Exhibit 3.

45.     The Notice informed the Class of the terms of the Settlement, and that Plaintiff intends to petition the Court for an award of attorneys' fees not to exceed 33 1/3% of the Settlement Fund, for reimbursement of costs and expenses of the litigation not to exceed $10,000 and for a Service Award for the named Plaintiff in the amount of $5,000 and for reimbursement of his expenses not to exceed $100. See, Notice, Vierira Decl., Exhibit A.

46.     To date, neither Strategic Claims Services nor Class Counsel has received any objections to the Settlement or requests for exclusion from the Class. Vieira Decl., ¶¶ 8-9.

### VII.    RETENTION OF BANKRUPTCY COUNSEL

47.     As set forth above, in order to protect the interests of the Class, Plaintiff, through Class Counsel, engaged experienced Colorado bankruptcy counsel, Brownstein Hyatt, Farber Schreck, LLP ("Brownstein Hyatt") to appear and assist in the bankruptcy proceedings along with Class Counsel.

48.     Among other things, Brownstein Hyatt, along with Class Counsel, prepared a response in opposition to GrowCo's motion for a TRO and preliminary injunction seeking to stay this Action.

49.     In addition, Brownstein Hyatt appeared at the October 17, 2019, evidentiary hearing and successfully opposed the TRO, thus allowing this Action to proceed. See, Adversary Proceeding, Doc. 14.

50.     Brownstein Hyatt continued to monitor the proceedings related to the GrowCo bankruptcy, and prepared a limited objection to John McKowen's motion for relief from the automatic stay on behalf of Plaintiff submitted to the bankruptcy court on May 5, 2020. (In re: GrowCo, Inc. Bankruptcy Action, Doc. 195). The limited objection sought an order determining that Two Rivers' D&O policy and its proceeds were not estate property, or alternatively, lifting the stay as to all insureds that are defendants in the Action.

51.     Class Counsel agreed to compensate Brownstein Hyatt out of any fee awarded to Class Counsel in this Action. Class Counsel closely monitored the time spent by Brownstein Hyatt throughout the course of this Action and received monthly invoices. The total amount billed by Brownstein Hyatt was $52,291.25 for services rendered. That amount is not included in Class Counsel's lodestar, or as a case expense. However, the payment of that amount will reduce the amount of attorney's fees that might be awarded to Class Counsel, thus supporting the reasonableness of Counsel's fee request.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: April 8, 2022

/s/ *Paul J. Scarlato*
Paul J. Scarlato *(pro hac vice)*
ROSCA SCARLATO, LLC
161 Washington Street , Suite 1025
Conshohocken, PA 19428
Telephone: (216) 946-7070
E-mail: scarlato@lawgsp.com

*Counsel for Plaintiff and the Putative Class*

# EXHIBIT 2

# UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

| | |
|---|---|
| JOHN PAULSON,<br>Individually and on Behalf of all Others<br>Similarly Situated,<br><br>Plaintiff<br><br>v.<br><br>TWO RIVERS WATER AND<br>FARMING COMPANY, JOHN R.<br>MCKOWEN, WAYNE HARDING and<br>TIMOTHY BEALL,<br><br>Defendants | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 19-cv-02639-PAB-NYW<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DECLARATION OF JOHN PAULSON

I, John Paulson declare as follows under penalty of perjury:

1.       I am an individual residing in Phelan, California. I am the Plaintiff in the above-captioned action (the "Action"). I submit this Declaration in support of Plaintiff's Motion for Final Approval of the Proposed Settlement, an Award of Attorneys' Fees and Reimbursement of Expenses, and an Incentive Award to Plaintiff.

2.       I worked in close cooperation with my counsel and assisted in the prosecution of the Action. In that regard, I:

     a.  Assisted counsel in the investigation of this matter, prior to the filing of this Action;

     b.  Provided documents in connection with my GrowCo investment;

     c.  Reviewed and approved pleadings and briefs; and

      d.  Consulted with my counsel regarding significant events in the litigation, including with regard to the settlement of this Action.

3.     In addition, as a result of filing this Action, I was named as a defendant by GrowCo, acting through John McKowen, in an adversary proceeding in connection with GrowCo's bankruptcy, which adversary proceeding sought to delay this Action on behalf of the proposed class of GrowCo investors. The adversary action:

      a.  Sought a TRO and preliminary injunction staying the prosecution of this Action;

      b.  Asserted that the D&O insurance policy that funded this Settlement was an asset of the bankruptcy estate and should not be available to pay claims to the putative class in this Action;

      c.  Wrongly accused me of a "willful and deliberate" violation of the bankruptcy court's automatic stay and sought damages and attorney's fees from me in addition to the TRO and preliminary injunction.

4.     As a result of the adversary action, Class Counsel was required to retain experienced bankruptcy counsel in Denver who successfully represented me at the evidentiary hearing, for the benefit of the entire class of GrowCo investors;

5.     I later filed a limited objection in bankruptcy to Mr. McKowen's motion for relief from the automatic stay in which he sought access to the D&O policy, to try and preserve the policy proceeds so that they may provide the settlement funds in this Action;

6.     In addition, I was available during the mediation process and consulted with my counsel in connection therewith;

7.      I approved the settlement of the action and class counsel's request for attorney's fees not to exceed 33 1/3% of the net settlement fund.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on April 8, 2022

## John Paulson
_____
John Paulson

**Signature:**   *John Paulson*
_____
John Paulson (Apr 8, 2022 14:14 PDT)

**Email:**   johnpaulson_2000@yahoo.com

# EXHIBIT 3

UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

JOHN PAULSON,                                    )        Civil Action No. 19-cv-02639-PAB-NYW
Individually and on Behalf of all Others        )
Similarly Situated,                             )
                                                )
                              Plaintiff          )
                                                )
      v.                                         )
                                                )
TWO RIVERS WATER AND                             )
FARMING COMPANY, JOHN R.                         )
MCKOWEN, WAYNE HARDING and                       )
TIMOTHY BEALL,                                   )
                                                )
Defendants                                       )
                                                )

**DECLARATION OF CORNELIA VIEIRA CONCERNING: (A) MAILING OF THE
NOTICE AND CLAIM FORM; AND (B) REPORT ON REQUESTS FOR EXCLUSION
AND OBJECTIONS**

I, Cornelia Vieira, declare as follows:

1.      I am a Project Manager of Strategic Claims Services ("SCS"), a nationally
recognized class action administration firm. I am over 21 years of age and am not a party to this
action. I have personal knowledge of the facts set forth herein. I have over four years of
experience specializing in the administration of class action cases. SCS was established in April
1999 and has administered over four-hundred fifty (450) class action cases since its inception.
SCS was appointed Claims Administrator in connection with the Settlement of the above-
captioned action.[1] I submit this Declaration in order to provide the Court and the Settling Parties
information regarding the mailing of the Notice of Pendency of Class Action, Proposed Class
Action Determination, Proposed Settlement of Class Action, Fairness Hearing and Right to

---

[1] All capitalized terms used herein that are not otherwise defined have the meanings ascribed to
them in the Settlement Agreement dated July 21, 2021 (the "Settlement Agreement").

Appear ("Notice") and Claim Form (collectively, the "Notice and Claim Form") to potential Class Members, as well as updates concerning other aspects of the Settlement administration process.

## MAILING OF NOTICE AND CLAIM FORM

2.      To provide actual notice to those persons and entities who currently hold claims based on Securities of GrowCo, and who purchased or otherwise acquired the securities through Offerings listed in the Court's Order preliminarily approving the Settlement dated January 19, 2022 (the "Preliminary Approval Order"), during the time period beginning October 2014 through December 2017 (the "Class Period"), and suffered Alleged Losses, SCS printed and mailed the Notice and Claim Form to potential members of the Class. A true and correct copy of the Notice and Claim Form is attached as **Exhibit A**.

3.      On February 2, 2022, SCS mailed, by first class mail, postage prepaid, the Notice and Claim Form to 82 individuals and organizations identified in the list of GrowCo note holders that was provided to SCS by Class Counsel.

4.      Following these mailings, SCS received additional names and addresses of potential Class Members from individuals or nominees requesting that a Notice and Claim Form be mailed by SCS. To date, SCS has mailed 85 Notice and Claim Forms.

5.      Of the 85 Notice and Claim Forms mailed, 11 were returned as undeliverable. Of these, the United States Postal Service provided a forwarding address for 1, and SCS immediately mailed another Notice and Claim Form to the updated address. The remaining 10 Notice and Claim Forms returned as undeliverable were "skip-traced" to obtain updated addresses and 4 were re-mailed to updated addresses.

6.      To encourage claims filing, on March 30, 2022, SCS remailed a Notice and Claim Form to 56 potential Class Members who had not filed a Claim Form.

7.      To date, SCS has received 36 Claim Forms.

### SETTLEMENT WEBSITE

8.      On February 2, 2022, SCS established a webpage on its website at www.strategicclaims.net/paulson-v-two-rivers.  The webpage is accessible 24 hours a day, 7 days a week.  The webpage contains the current status; the case deadlines; and important documents such as the Notice and Claim Form, the Preliminary Approval Order, and the Settlement Agreement.

### REPORT ON EXCLUSIONS AND OBJECTIONS

9.      The Notice and the settlement webpage informed potential Class Members that written requests for exclusion are to be mailed to SCS such that they are received no later than April 15, 2022.  SCS has been monitoring all mail delivered for this case.  As of the date of this Declaration, SCS has received no exclusion requests.

10.      According to the Notice, Class Members seeking to object to the Settlement, the certification of the Class, entry of the Final Order, and/or Class Counsel's application for an award of attorneys' fees and expenses, and for a Service Award must be submitted to Class Counsel, as well as filed with the Clerk of the Court, no later than April 15, 2022.  As of the date of this Declaration, SCS has not received any objections.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 8th day of April 2022, in Media, Pennsylvania.

_____
Cornelia Vieira

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

| | |
|---|---|
| JOHN PAULSON,<br>**Individually and on Behalf of all Others**<br>**Similarly Situated,** | ) Civil Action No. 19-cv-02639-PAB-NYW<br>)<br>) |
| | ) |
| **Plaintiff** | ) |
| | ) |
| **v.** | ) |
| | ) |
| TWO RIVERS WATER AND<br>FARMING COMPANY, JOHN R.<br>MCKOWEN, WAYNE HARDING and<br>TIMOTHY BEALL, | )<br>)<br>)<br>) |
| | ) |
| **Defendants** | ) |
| | ) |

### NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED CLASS ACTION DETERMINATION, PROPOSED SETTLEMENT OF CLASS ACTION, FAIRNESS HEARING AND RIGHT TO APPEAR

TO:   ALL PERSONS OR ENTITIES THAT CURRENTLY HOLD CLAIMS BASED ON SECURITIES OF GROWCO, INC. ("GROWCO"), AND PURCHASED OR OTHERWISE ACQUIRED THE SECURITIES THROUGH THE OFFERINGS LISTED BELOW DURING THE TIME PERIOD BEGINNING OCTOBER 2014 THROUGH DECEMBER 2017 AND SUFFERED ALLEGED LOSSES:

| Name | Type | Approximate Amount Raised | Date Range |
|---|---|---|---|
| GrowCo Partners 1, LLC | Equity | $3,349,151 | December 2014-January 2015 |
| $4 Million Note | Debt | $4,000,000 | March 2015-September 2015 |
| GCP Super Units LLC | Equity | $5,297,157 | July 2015-October 2017 |
| $1.5 Million Note | Debt | $100,000 | April 2016 |
| $6 Million Note | Debt | $6,000,000 | March 2016-July 2016 |
| $7 Million Note | Debt | $2,977,000 | January 2016- January 2017 |
| $2 Million Note | Debt | $1,080,000 | February 2017-September 2017 |
| $2 Million Note | Debt | $440,000 | June 2017 |

**PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. YOUR RIGHTS MAY BE AFFECTED BY THE LEGAL PROCEEDINGS IN THIS ACTION. IF THE COURT APPROVES THE PROPOSED SETTLEMENT, YOU WILL BE FOREVER BARRED FROM CONTESTING**

**THE FAIRNESS, REASONABLENESS OR ADEQUACY OF THE PROPOSED SETTLEMENT OR PURSUING THE RELEASED CLAIMS AND UNKNOWN CLAIMS (AS DEFINED HEREIN)**

## I.     THE PURPOSE OF THIS NOTICE

The purpose of this Notice is to inform you of the existence of the above-captioned class action (the "Class Action" or "Action") brought by Plaintiff John Paulson ("Plaintiff") against Two Rivers Water and Farming Company ("Two Rivers"), John R. McKowen ("McKowen"), Wayne Harding ("Harding") and Timothy Beall ("Beall") (collectively, "Defendants"), and its proposed settlement (the "Settlement").

This Notice also informs you of the Court's preliminary certification of a Class (as defined below in this Section) for purposes of the Settlement, and of your right to participate in a hearing (the "Fairness Hearing") to be held on April 29, 2022 at 10:00 a.m. before the Honorable Philip Brimmer, Chief Judge of the U.S. District Court for the District of North Colorado, Courtroom A701, Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, CO 80294-3589 to: (a) determine whether the Settlement should be finally approved by the Court as fair, reasonable and adequate and in the best interests of Plaintiff and the Class; (b) determine whether a Final Order should be entered dismissing the Class Action with prejudice against the Defendants and effectuating the releases described below; (c) consider any request by Plaintiff's counsel for an award of attorneys' fees and out-of-pocket expenses ("Attorneys' Fees and Expenses Award"), and a service award to the Representative Plaintiff ("Service Award"); (d) hear and determine any objections to the Settlement or to the Attorneys' Fees and Expenses Award or Service Award; and (e) rule on such other matters as the Court may deem appropriate.

The Court has determined that the Class Action shall be preliminarily certified as a class action under Rule 23 of the Federal Rules of Civil Procedure, for settlement purposes only, on behalf of all persons or entities who currently hold claims based on the GrowCo Securities and who purchased or otherwise acquired the securities through the Offerings identified above during the time period beginning on October 2014 through December 2017 and suffered Alleged Losses. This Notice describes the rights you may have under the Settlement and what steps you may, but are not required to, take in relation to the Settlement. If the Court approves the Settlement, Plaintiff and the Defendants in the Class Action (the "Parties") will ask the Court to enter a Final Order dismissing the Class Action with prejudice on the merits.

**THE FOLLOWING RECITATION DOES NOT CONSTITUTE FINDINGS OF THE COURT. IT IS BASED ON STATEMENTS OF THE PARTIES AND SHOULD NOT BE UNDERSTOOD AS AN EXPRESSION OF ANY OPINION OF THE COURT AS TO THE MERITS OF ANY OF THE CLAIMS OR DEFENSES RAISED BY ANY OF THE PARTIES.**

## II.     BACKGROUND OF THE ACTION

The Class Action was initiated by named Plaintiff John Paulson on August 13, 2019, with the filing of a class action complaint against Defendants Two Rivers, McKowen, Harding, and Beall, arising out of Paulson's purchase of securities in GrowCo, a Colorado corporation formed in 2014. GrowCo was in bankruptcy and was not named as a party to this Action. Plaintiff's Amended Complaint alleged that Defendants acted as control persons; sold and promoted GrowCo securities to Plaintiff and the class while omitting information that was material to investors about Defendant McKowen's background; and permitted Two Rivers' use of the proceeds of the sales. It asserted claims against Defendants under the Colorado Securities Act, 11-51-101 *et. seq.,* and Colorado common law arising out of the Defendants' conduct in connection with those sales and use of the proceeds. Defendants deny Plaintiff's allegations of wrongdoing and liability.

On June 29, 2021, Two Rivers was dismissed as a party to the Action without prejudice for the reasons explained below. The proposed Settlement was agreed to by the parties on August 7, 2020. On October 9, 2020, Plaintiff filed a motion requesting the Court's preliminary approve of the Settlement. On January 5, 2021, while that motion was still pending, Defendant Two Rivers' third lawyer in the Action moved the Court to withdraw as

Two Rivers' counsel. On January 25, 2021, the Court issued an order approving the motion to withdraw and requiring Two Rivers to obtain new counsel no later than February 15, 2021, as extended to March 16, 2021. Two Rivers failed to meet the Court's deadlines. Since a corporation must appear in a lawsuit through counsel, Two Rivers' failure to obtain new counsel, thus stalled the preliminary approval proceedings in their tracks.

On April 6, 2021, Plaintiff moved to dismiss Two Rivers as a party to this litigation without prejudice to Plaintiff's right to bring Two Rivers back into the Action in order to allow the Settlement approval process to move forward. Plaintiff argued that the dismissal would not change or affect the terms of the Settlement and that Two Rivers' insurance carrier and the other defendants agreed to honor the Settlement terms even without Two Rivers as a party. On June 29, 2021, the Court entered an Order granting Plaintiff's motion and dismissing Two Rivers as a party. On July 7, 2021, the Court entered an Order permitting Plaintiff to file a revised motion for preliminary approval and a motion to withdraw on or before July 16, 2021.

## III.     SUMMARY OF SETTLEMENT TERMS

Defendants' insurer will pay $1.5 million in cash (the "Settlement Fund") to resolve the claims of Plaintiff and the Class. The Settlement Class and each member of the Class is limited solely to the Settlement Fund for the satisfaction of all Released Claims against all Released Parties (as provided more fully in the Settlement Agreement).

The Settlement Fund shall be applied as follows: (1) to pay counsel's Attorneys' Fees and Expenses Award, and the Service Award to the Representative Plaintiff to the extent allowed by the Court; (2) to pay the costs and expenses reasonably incurred in connection with providing Notice, locating Settlement Class Members, assisting with the filing of claims, administering and distributing the Net Cash Settlement Amount to Authorized Claimants, processing claim forms, and paying escrow fees and costs, if any; (3) to pay any taxes and tax expense; and (4) to distribute the balance of the Settlement Fund (the "Net Cash Settlement Amount") to Authorized Claimants as allowed by the Plan of Allocation, or order of the Court.

Authorized Claimant means a Class Member whose claim for recovery of losses has been found to be timely and valid under the terms of the Settlement Agreement.

## IV.     PLAN OF ALLOCATION

Under a proposed Plan of Allocation, the Claims Administrator will first calculate each Authorized Claimant's Alleged Loss.

The Alleged Loss shall mean the principal amount each Authorized Claimant paid for the GrowCo securities.

The Claims Administrator will then calculate each Authorized Claimant's recovery under the Settlement by multiplying the Net Cash Settlement Amount by a fraction, (a) the numerator of which is the Class Member's Alleged Loss and (b) the denominator of which is the sum of each and every claiming Class Member's Alleged Loss.

The Plan is not a part of or a condition of approval of the Settlement. Under the Agreement, the Net Settlement Fund may be distributed in accordance with the proposed Plan or such other plan as the Court may approve.

## V.     REASONS FOR THE SETTLEMENT

This Action was aggressively litigated from the onset. Plaintiff filed his initial complaint in Colorado state court setting out detailed facts as to Defendants' alleged wrongdoing. The Action was later removed to this Court by Mr. McKowen. Thereafter, the Court held an initial scheduling conference during which it set a schedule for the Action. Mr. McKowen then moved the Court to stay the Class Action pending the outcome of GrowCo's bankruptcy

proceedings, which the Court denied. Separately, GrowCo initiated an adversary proceeding against Mr. Paulson in the bankruptcy court and filed a motion for a temporary restraining order ("TRO") and preliminary injunction asking the bankruptcy court to stop the Class Action. Plaintiff successfully opposed the motion to stay in this Court and was required to appear in the bankruptcy court to oppose the adversary proceeding, and to appear at an evidentiary hearing on GrowCo's request for a TRO and injunction, upon which Paulson prevailed.

Plaintiff subsequently filed an amended complaint (the "Amended Complaint") alleging additional facts and legal claims. Mr. McKowen moved to dismiss the Complaint and Plaintiff opposed that motion. Mr. McKowen's motion to dismiss was fully briefed and pending before the Court when the Parties reached the proposed Settlement.

The Parties engaged in discovery, which included Plaintiff serving requests for production of documents, interrogatories, and requests for admissions on each of the Defendants, and document subpoenas on numerous third parties. Plaintiff reviewed and analyzed numerous documents produced by Defendants McKowen and Beall, and from other sources. Plaintiff also obtained a clerk's default against Defendant Beall. Mr. Beall then moved to set aside the clerk's default against him and moved to dismiss the Amended Complaint. On March 16, 2021, the Court approved Defendant Beall's request to set aside the default and denied his motion to dismiss as moot.

Plaintiff's counsel has conducted a thorough investigation of the claims and allegations asserted in the Class Action before reaching an agreement in principle on a Settlement. In addition, the Settlement was the product of extensive arms-length negotiations conducted with the assistance of the Judge William Meyer of the Judicial Arbiter Group, Inc. serving as mediator. In evaluating the Settlement, Plaintiff and his counsel have considered: (a) the substantial benefits to the members of the Class from the Settlement; (b) the facts developed during Plaintiff's investigation and discovery; (c) the attendant risks of continued litigation and the uncertainty of the outcome of the Class Action; (d) the probability of success on the merits; (e) the availability of sufficient assets to fund a Settlement; and (f) the conclusion of Plaintiff's counsel that the terms and conditions of the Settlement are fair, reasonable, adequate and in the best interests of Plaintiff and the Class.

Each of the Defendants has denied, and continues to deny, that he or it committed any violation of the securities laws or any other law, or engaged in any of the wrongful acts alleged in the Class Action, and expressly maintains that he or it is entering into the Settlement solely to eliminate the burden, expense, distraction and uncertainties inherent in further litigation.

Plaintiff has stated, and continues to state, that he brought his claims in good faith, that he believes that his claims had substantial merit at all relevant times, and that he is agreeing to the terms of the Settlement only because he believes that the Settlement provides a substantial benefit to the Class and has concluded that the terms of the Settlement are fair, reasonable and adequate and in the best interests of the Class.

The $1.5 million Settlement Fund provides a substantial and immediate benefit to the Class. Although Class Counsel believes it will likely be able to prove merit to the claims asserted in the case, there is a substantial risk that Class Members would not be able to recover anything at all if the case were not settled. Until July 6, 2021, GrowCo has been in bankruptcy and Two Rivers lacks substantial assets. Plaintiff would need to look to the personal assets of the individual Defendants for a recovery if the Settlement was not reached, making a substantial recovery directly from Two Rivers and/or its principals beyond any available insurance coverage questionable at best. To that end, Defendants have a single insurance policy that covers the claims asserted up to $2,000,000, which amount is reduced by the costs of defense. The $1,500,000 Settlement Fund represents substantially all of the remaining insurance coverage net of defense costs to date. In considering whether to settle, the Plaintiff considered the fact that if he persisted with the Action, the amount of insurance coverage available to satisfy a judgment would be substantially less than the Settlement Fund. In other words, as defense costs would continue to mount, each additional dollar spent on defending the Action would represent one less dollar available for a settlement. Finally, if the case were to continue to be litigated, the Class would still need to overcome various legal defenses in order to survive any dispositive motions or recover at trial.

## VI.    **RELEASES**

Under the terms of the Settlement, Plaintiff and the Class Members ("Releasors") agree to the complete discharge, dismissal with prejudice, settlement and release of the Releasees.

"Releasor" means each and every one of, and "Releasors" means all of (i) the Representative Plaintiff, (ii) all other Class Members, (iii) their respective past or present parents, predecessors, successors, current and former affiliates, divisions, business units, joint ventures, subsidiaries, assigns, any entities in which any Releasor has or had a controlling interest or that has or had a controlling interest in him, her, or it, and any other person or entity (including any governmental entity) claiming by or through, on behalf of, for the benefit of, derivatively for, or as representative of Representative Plaintiff or any other Class Member and (iv) their respective past and present officers, directors, employees, officials, members, partners, and attorneys.

The "Releasees" include each and every one of (i) the Defendants and their attorneys in the Class Action; (ii) the following past and present officers, directors, managers, attorneys, and/or employees of Two Rivers and GrowCo for securities purchased at the time or after they were officers or directors: Gus Blass III, Christopher Bragg, Gregg Campbell, Dennis Channer, James Cochran, Wayne Harding, Michael Harnish, John McKowen, Samuel Morris, John Stroh II, Rockey Joe Wells, Bradley Walker and T. Keith Wiggins. GrowCo's officer and directors during the Class Period were: Timothy Beall (however, Mr. Beall contends he was not an officer or director of GrowCo), Kirsty Cameron, Wayne Harding, Chad Kirby, Jan McCaffrey, John R. McKowen, Joseph McKowen, Laura McKowen, I. Wistar Morris, Jeff Ploen and Aaron VanWingerden; and (iii) non-Defendants GrowCo, GrowCo Partners 1, LLC, GrowCo Partners 2, LLC, GCP Super Units, LLC, McGrow LLC, and TR Capital Partners, LLC.

"Released Claims" as defined in the Settlement Agreement means any and all Claims of or by the Releasors, as against the Releasees, and any and all Claims of or by the Defendants as against the Releasors, that were asserted, could have been asserted, or could in the future be asserted, arising from, based on, or relating to allegations in the Class Action. The term "Released Claims" does not include any claims for collection of any amounts due under the GrowCo securities pursuant to the terms of the securities, including claims in the event of a GrowCo liquidation, including in any GrowCo bankruptcy action.

If the Settlement is finally approved, Plaintiff and each Class Member on behalf of themselves and their other Releasors, for good and sufficient consideration, and all Releasors shall be deemed to have, and by operation of law and of the Order Approving Settlement shall have, fully, finally, and forever released, relinquished, settled, and discharged:

a.     all Released Claims;

b.     all Claims, damages, and liabilities  against each and every one of the Releasees to the extent that any such Claims, damages, or liability relate in any way to any or all acts, omissions, nondisclosures, facts, matters, transactions, occurrences, or oral or written statements or representations in connection with, or directly or indirectly relating to (i) the prosecution, defense, or Settlement of the Class Action, (ii) the Settlement Agreement, (iii) the Settlement terms and their implementation, (iv) the provision of Notice in connection with the proposed Settlement, and/or (v) the resolution of any Claim Forms filed in connection with the Settlement; and

c.     all Claims against any of the Releasees for attorneys' fees, costs, or disbursements incurred by Plaintiff's counsel, the settlement of the Class Action, or the administration of the Settlement, except as otherwise specified in the Settlement Agreement.

The Settlement Agreement further provides that:

- The Settling Parties agree and acknowledge that this Settlement Agreement is intended to resolve and satisfy any and all claims that the Releasors have made or could have made against any of the Releasees arising out of the issuance or sale of GrowCo securities. The Parties agree and

acknowledge that they shall seek as part of the Final Order Approving Settlement an order prohibiting further lawsuits and claims against the Defendants arising out of the issuance and sale of GrowCo securities which the Parties intend to operate as a complete bar to any lawsuits or claims against the Defendants arising out of the issuance or sale of GrowCo securities (the "Complete Bar Order"). The Complete Bar Order will not bar claims for collection of any amounts due under the GrowCo securities pursuant to the terms of the securities, including claims in the event of a GrowCo liquidation including in the GrowCo Bankruptcy Action.

- The Releasors and each of them agree and covenant not to sue or prosecute, institute or cooperate in the institution, commencement, filing, or prosecution of any suit or proceeding in any forum based upon or related to any Released Claims against any Releasee.

## VII.   CLASS ACTION DETERMINATION

The Court has ordered that the Class Action shall be preliminarily certified as a class action for purposes of the Settlement only, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of the following Class:

All persons or entities who currently hold claims based on Securities of GrowCo, and who purchased or otherwise acquired the securities through offerings listed below (the "Offerings"), during the time period beginning October 2014 through December 2017 (the "Class Period"), and suffered Alleged Losses. For the avoidance of doubt, persons or entities who purchased or otherwise acquired the securities during the Class Period and who have assigned the securities to VitaNova Partners, LLC are not excluded as Class Members by virtue of such assignment:

| Name | Type | Approximate Amount Raised | Date Range |
|------|------|--------------------------|------------|
| GrowCo Partners 1, LLC | Equity | $3,349,151 | December 2014-January 2015 |
| $4 Million Note | Debt | $4,000,000 | March 2015-September 2015 |
| GCP Super Units LLC | Equity | $5,297,157 | July 2015-October 2017 |
| $1.5 Million Note | Debt | $100,000 | April 2016 |
| $6 Million Note | Debt | $6,000,000 | March 2016-July 2016 |
| $7 Million Note | Debt | $2,977,000 | January 2016- January 2017 |
| $2 Million Note | Debt | $1,080,000 | February 2017-September 2017 |
| $2 Million Note | Debt | $440,000 | June 2017 |

Excluded from the Class are (1) the Defendants; (2) the officers and directors of Two Rivers and GrowCo during the Class Period as set forth in Exhibit E to the Settlement Agreement for securities purchased at the time or after they were officers or directors; (3) any judge or judicial officer who may hear any aspect of this Class Action and his or her law clerks; and (4) except as provided in clause (2) of this paragraph above, all persons or entities released in the Settlement. Also excluded from the Settlement Class are the persons and/or entities who validly request exclusion from the Settlement Class within the time period set forth herein.

At the Fairness Hearing, the Court will consider, among other things, whether the Class should be certified permanently.

## VIII.   THE FAIRNESS HEARING

The Court has scheduled the Fairness Hearing to be held on April 29, 2022 at the time identified in Section I above to determine: (a) whether the Court should finally approve the Settlement as fair, reasonable and adequate to the Class; (b) whether to enter an order dismissing the Class Action with prejudice and extinguishing and releasing the Released Claims; (c) whether the Class should be permanently certified pursuant to Rule 23 or the Federal Rules of Civil Procedure; (d) whether the Court should permanently certify Plaintiff as the Class Representative in the Class Action, and attorneys and law firms Paul Scarlato and Alan Rosca of Goldman Scarlato & Penny, P.C., and J. Barton Goplerud and Brian Marty of Shindler, Anderson, Goplerud & Weese, P.C. as Class Counsel, and Steve Miller of Steve A. Miller, P.C. as Additional Plaintiff's Counsel in the Class Action; (e) if the Court approves the Settlement, whether the Court should grant Plaintiff's application for an Attorneys' Fees and Expenses Award; (f) whether to grant Class Counsel's application for a Service Award for the Plaintiff and reimbursement of the Plaintiff's expenses, and (g) to consider such other matters as may properly come before the Court.

The Court may postpone, reschedule or adjourn the Fairness Hearing without further notice to the Class other than by filing a notice on the docket in the Class Action in advance of the Fairness Hearing, or by making an announcement at the Fairness Hearing or any adjournment thereof. The Court also has reserved the right to approve the Settlement at or after the Fairness Hearing with such modification(s) as may be consented to by the Parties and without further notice to the Class.

## IX.   YOUR RIGHT TO APPEAR AND OBJECT

Any Member of the Class who objects to any aspect of the Settlement, certification of the Class, entry of the Final Order, and/or Plaintiff's counsel's application for payment of attorneys' fees and expenses, and for a Service Award, or who otherwise wishes to be heard, may appear in person by his, her or its attorney at the Fairness Hearing and present evidence or argument that may be proper and relevant; provided, however, that, except for good cause shown, no person shall be heard or entitled to contest the approval of the terms and conditions of the Settlement, or, if approved, the order to be entered thereon, and no papers or briefs submitted by any member of the Class or any other person shall be received and considered by the Court, unless, not later than April 15, 2022. Any such objections, and comments must be in writing and filed with the Clerk of the Court and served on the counsel at the addresses listed below no later than April 15, 2022. Such objections must include the following: (a) proof that such person or entity currently holds claims based on the GrowCo Securities and purchased or otherwise acquired the securities through any of the Offerings during the Class Period of October 2014 through December 2017 and suffered Alleged Losses; (b) written notice of the person's intention to appear; (c) a detailed statement of the objections and the reasons for desiring to appear and to be heard; and (d) a detailed statement of all of the grounds for such objections, as well as all documents or writings which the person desires the Court to consider.

The foregoing information concerning any objections should be filed not later than April 15, 2022 with:

Clerk of the Court
United States District Court
Alfred A. Arraj United States Courthouse, Room A105,
901 19th Street, Denver, CO 80294-3589

Copies of such objections must be served not later than April 15, 2022 on:

Paul Scarlato
Alan Rosca
GOLDMAN SCARLATO & PENNY, P.C.
161 WASHINGTON STREET, SUITE 1025
CONSHOHOCKEN, PA 19428
TELEPHONE: 484-342-0700
EMAIL: rosca@lawgsp.com
scarlato@lawgsp.com

J. Barton Goplerud
Brian Marty
SHINDLER, ANDERSON, GOPLERUD & WEESE, PC
5015 Grand Ridge Drive, Suite 100
West Des Moines, Iowa 50265
Telephone: (515) 223-4567
Facsimile: (515) 2223-8887
E-Mail: goplerud@sagwlaw.com
        marty@sagwlaw.com

Any person or entity who fails to object in the manner provided above shall be deemed to have waived such objection (including the right to appeal), and absent good cause found by the Court shall forever be barred from making any such objection in the Class Action or any other action or proceeding or otherwise contesting any aspect of the Settlement, but shall otherwise be bound by the Final Order to be entered and the releases to be given.

## X.   YOUR RIGHT TO EXCLUDE YOURSELF FROM THE CLASS

Each Settlement Class Member will be bound by all determinations and judgments in this Action, whether favorable or unfavorable, unless such person or entity mails or delivers a written request for exclusion from the Settlement Class, addressed to *Paulson v. Two Rivers Settlement*, EXCLUSIONS, c/o Strategic Claims Services, 600 N. Jackson St., Ste. 205, Media, PA 19063, Fax: (610) 565-7985. The request for exclusion must be mailed and postmarked no later than March 4, 2022, and ***received*** no later than April 15, 2022 (the "Exclusion Deadline"). You will not be able to exclude yourself from the Settlement Class after the Exclusion Deadline. Each Request for Exclusion must (a) state the name, address and telephone number of the person or entity requesting exclusion, and in the case of entities the name and telephone number of the appropriate contact person; (b) state that such person or entity "requests exclusion from the Settlement Class in *Paulson v. Two Rivers Settlement*, Civil Action No. 19-cv-02639"; (c) identify and state each and every purchase of GrowCo securities in the Offerings during the period from October 2014 through December 2017, as well as the type of security and the investment amount. A Request for Exclusion shall not be valid and effective unless it provides all the information called for in this paragraph and is mailed and postmarked, as well as received within the time stated above, or is otherwise accepted by the Court.

If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any of the Released Claims against any of the Releasees.

If you ask to be excluded from the Settlement Class, you will not be eligible to receive any payment out of the Net Cash Settlement Amount with respect to the Settlement Class.

Defendants have the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Settlement Class in an amount that exceeds an amount agreed to by Plaintiff and Defendants.

## XI.   FINAL ORDER OF THE COURT

If the Settlement is approved by the Court following the Fairness Hearing as fair, reasonable and adequate, the Parties will jointly request that the Court enter a Final Order which will, among other things: (a) certify the Class Action as a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the Class; (b) determine that the requirements of the Federal Rules of Civil Procedure and due process have been satisfied in connection with the Notice provided to the Class; (c) certify Plaintiff as Class Representative and Class Counsel and Additional Plaintiff's Counsel in the Class Action; (d) approve the Settlement as fair, reasonable and adequate to the Class; (e) vacate the Clerk's default against Defendant Beall; and (f) dismiss the Class Action with prejudice on the merits, as against any and all Defendants, without costs except as herein provided, (g) release Defendants and other Releasees from the Released Claims, and (h) enter a "Complete Bar Order" prohibiting further lawsuits and claims against the Defendants arising out of the issuance and sale of GrowCo securities.

## XII.   THE APPLICATION FOR ATTORNEYS' FEES AND EXPENSES

Plaintiff intends to petition the Court at the Final Fairness Hearing for an award of attorneys' fees in an amount not to exceed 33$^{1/3}$% of the Settlement Fund, and for reimbursement of costs and expenses advanced by Plaintiff's counsel not to exceed $10,000, and for a Service Award to the Representative Plaintiff in the amount of $5,000, and for reimbursement of his expenses not to exceed $100. Final resolution by the Court of the fee application shall not be a precondition to the dismissal of the Class Action in connection with any final approval of the Settlement, and the fee application may be considered separately from the terms of the proposed Settlement of the Class Action.

## XIII.   SCOPE OF THIS NOTICE

This Notice is not all-inclusive. The references in this Notice to the pleadings in the Class Action, the Settlement Agreement and all other papers or proceedings herein are only summaries and do not purport to be comprehensive. For the full details of the Class Action, the claims that have been asserted in the Class Action and the terms and conditions of the Settlement, including a complete copy of the Settlement Agreement and related Orders and proposed forms of Orders, you are referred to the Court file for the Class Action.

## XIV.   GENERAL INQUIRIES

General inquiries about the Settlement should be directed to the attention of Class Counsel as follows:

Paul Scarlato
Alan Rosca
GOLDMAN SCARLATO & PENNY, P.C.
161 WASHINGTON STREET, SUITE 1025
CONSHOHOCKEN, PA 19428
TELEPHONE: 484-342-0700
EMAIL: rosca@lawgsp.com
          scarlato@lawgsp.com

J. Barton Goplerud
Brian Marty
SHINDLER, ANDERSON, GOPLERUD & WEESE, PC
5015 Grand Ridge Drive, Suite 100
West Des Moines, Iowa 50265
Telephone: (515) 223-4567
Facsimile: (515) 2223-8887
E-Mail: goplerud@sagwlaw.com
          marty@sagwlaw.com

**PLEASE DO NOT CALL OR WRITE THE COURT WITH GENERAL INQUIRIES.**

UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

| | | |
|---|---|---|
| **JOHN PAULSON,** | ) | Civil Action No. 19-cv-02639-PAB-NYW |
| **Individually and on Behalf of all Others** | ) | |
| **Similarly Situated,** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **TWO RIVERS WATER AND** | ) | |
| **FARMING COMPANY, JOHN R.** | ) | |
| **MCKOWEN, WAYNE HARDING and** | ) | |
| **TIMOTHY BEALL,** | ) | |
| | ) | |
| **Defendants** | ) | |

**PROOF OF CLAIM AND RELEASE**

**Deadline for Submission:  April 4, 2022**

IF 1) YOU CURRENTLY HOLD CLAIMS BASED ON SECURITIES OF GROWCO, INC. ("GROWCO"), AND 2) PURCHASED OR OTHERWISE ACQUIRED THE SECURITIES THROUGH THE OFFERINGS LISTED BELOW DURING THE CLASS PERIOD BEGINNING OCTOBER 2014 THROUGH DECEMBER 2017, AND 3) SUFFERED LOSSES, YOU MAY BE A CLASS MEMBER AND YOU MAY BE ENTITLED TO SHARE IN THE SETTLEMENT PROCEEDS. FOR THE AVOIDANCE OF DOUBT, PERSONS OR ENTITIES WHO PURCHASED OR OTHERWISE ACQUIRED THE SECURITIES DURING THE CLASS PERIOD AND WHO HAVE ASSIGNED THE SECURITIES TO VITANOVA PARTNERS, LLC ARE NOT EXCLUDED AS CLASS MEMBERS BY VIRTUE OF SUCH ASSIGNMENT:

THE GROWCO OFFERINGS SUBJECT TO THIS SETTLEMENT ARE:

| Name | Type | Approximate Amount Raised | Date Range |
|---|---|---|---|
| GrowCo Partners 1, LLC | Equity | $3,349,151 | December 2014-January 2015 |
| $4 Million Note | Debt | $4,000,000 | March 2015-September 2015 |
| GCP Super Units LLC | Equity | $5,297,157 | July 2015-October 2017 |
| $1.5 Million Note | Debt | $100,000 | April 2016 |
| $6 Million Note | Debt | $6,000,000 | March 2016-July 2016 |
| $7 Million Note | Debt | $2,977,000 | January 2016- January 2017 |
| $2 Million Note | Debt | $1,080,000 | February 2017-September 2017 |
| $2 Million Note | Debt | $440,000 | June 2017 |

YOU MUST COMPLETE AND SUBMIT THIS PROOF OF CLAIM AND RELEASE FORM ("CLAIM FORM") IN ORDER TO BE ELIGIBLE FOR ANY SETTLEMENT BENEFITS.

10

YOU MUST COMPLETE AND SIGN THIS CLAIM FORM AND MAIL IT BY FIRST CLASS MAIL, POSTMARKED NO LATER THAN April 4, 2022 TO THE CLAIMS ADMINISTRATOR, AT THE FOLLOWING ADDRESS:

*Paulson v. Two Rivers Settlement*
c/o Strategic Claims Services
600 N. Jackson Street, Suite 205
Media, PA 19063
Fax: (610) 565-7985
Email: info@strategicclaims.net

FAILURE TO SUBMIT YOUR POSTMARKED CLAIM FORM BY April 4, 2022 WILL SUBJECT YOUR CLAIM TO REJECTION AND MAY PRECLUDE RECEIPT OF ANY MONEY IN CONNECTION WITH THE SETTLEMENT OF THIS ACTION. DO NOT MAIL OR DELIVER YOUR CLAIM FORM TO THE COURT OR TO ANY OF THE PARTIES OR THEIR COUNSEL AS ANY SUCH CLAIM WILL BE DEEMED NOT TO HAVE BEEN SUBMITTED. SUBMIT YOUR CLAIM FORM ONLY TO THE CLAIMS ADMINISTRATOR.

**CLAIMANT'S STATEMENT**

1. I (we) purchased or otherwise acquired securities of GrowCo in one or more of the Offerings listed above during the Class Period and suffered losses. (Do not submit this Claim Form if you did not purchase GrowCo securities in the Offerings and during the designated Class Period described above).

2. By submitting this Claim Form, I (we) state that I (we) believe in good faith that I am (we are) a Class Member as defined above and in the Notice Of Pendency Of Class Action, Proposed Class Action Determination, Proposed Settlement Of Class Action, Fairness Hearing And Right To Appear (the "Notice"), or am (are) acting for such person(s); that I am (we are) not a Defendant in the Class Action or anyone excluded from the Class, as defined in the Notice; that I (we) have read and understand the Notice; that I (we) believe that I am (we are) entitled to receive a share of the Net Cash Settlement Amount, as defined in the Notice; that I (we) elect to participate in the proposed Settlement described in the Notice; and that I (we) have not filed a request for exclusion. (If you are acting in a representative capacity on behalf of a Class Member [*e.g.*, as an executor, administrator, trustee, or other representative], you must submit evidence of your current authority to act on behalf of that Class Member. Such evidence would include, for example, letters testamentary, letters of administration, or a copy of the trust documents.)

3. I (we) consent to the jurisdiction of the Court with respect to all questions concerning the validity of this Claim Form. I (we) understand and agree that my (our) claim may be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to my (our) status as a Class Member(s) and the validity and amount of my (our) claim. No discovery shall be allowed on the merits of the Litigation or Settlement in connection with processing of the Claim Form.

4. I (we) have set forth where requested below all relevant information with respect to each purchase or acquisition of GrowCo securities in the Offering(s) during the Class Period. I (we) agree to furnish additional information to the Claims Administrator to support this Claim Form if requested to do so.

5. I (we) have enclosed photocopies of the documents evidencing each purchase or acquisition, or retention of GrowCo securities listed below in support of my (our) claim. (IF ANY SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN A COPY OR EQUIVALENT DOCUMENTS BECAUSE THESE DOCUMENTS ARE NECESSARY TO VERIFY AND PROCESS YOUR CLAIM.)

6. I (we) understand that the information contained in this Claim Form is subject to such verification as the Claims Administrator may request or as the Court may direct, and I (we) agree to cooperate in any such verification. (The information requested herein is designed to provide the minimum amount of information necessary to process most simple claims. The Claims Administrator may request additional information as required to

efficiently and reliably calculate your recognized claim. In some cases, the Claims Administrator may condition acceptance of the claim based upon the production of additional information.)

7.  Upon the occurrence of the Court's approval of the Settlement, as detailed in the Notice, I (we) agree and acknowledge that my (our) signature(s) hereto shall effect and constitute a full and complete release by me (us) and my (our) respective past or present parents, predecessors, successors, current and former affiliates, divisions, business units, joint ventures, subsidiaries, assigns, any entities in which I (we) have or had a controlling interest or that have or had a controlling interest in him, her, or it, and any other person or entity (including any governmental entity) claiming by or through, on behalf of, for the benefit of, derivatively for, or their respective past and present officers, directors, employees, officials, members, partners, and attorneys, ("Releasors"), of all Released Claims as defined as defined in the Settlement Agreement and Notice.

## PART I:          CLAIMANT INFORMATION

| Beneficial Owner's Name (First, Middle, Last): | | |
|---|---|---|
| | | |
| Record Owner's Name (if different from beneficial owner listed above): | | |
| Address: | | |
| | | |
| City: | State: | ZIP: |
| Foreign Province: | Foreign Country: | |
| Day Phone: | Evening Phone: | |
| Email: | | |
| Social Security Number (for individuals): | OR | Taxpayer Identification Number (for estates, trusts, corporations, etc.): |

Specify one of the following:

_____ IRA _____ Joint Tenancy _____ Employee _____ Individual _____ Other _____
(please explain)

**PART II          SCHEDULE OF TRANSACTIONS IN GROWCO SECURITIES**

**Purchases:**

A.  Separately list each and every purchase of GrowCo securities during the period from October 2014 through December 2017, and provide the following information (*must be documented):*

| Name of Offering | Type of Security Purchased | Investment Amount | Do You Still Hold The Security? (Y or N) | If You Do Not Still Hold The Security, Describe What You Did With It |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

**Sales:**

B.  Separately list each and every sale or disposition of GrowCo securities, and provide the following information (*must be documented):*

| Name of Offering | Type of Security Sold | Amount Received |  |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

**If additional space is needed, attach separate, numbered sheets, giving all required information, substantially in the same format, and print your name and Social Security or Taxpayer Identification number at the top of each sheet.**

**YOU MUST READ AND SIGN THE CERTIFICATION BELOW. FAILURE TO SIGN THE CERTIFICATION MAY RESULT IN A DELAY IN PROCESSING OR REJECTION OF YOUR CLAIM**

**PART III:      CERTIFICATION**

I (We) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406 (a)(1)(c) of the Internal Revenue Code because: (a) I am (We are) exempt from backup withholding, or (b) I (We) have not been notified by the I.R.S. that I am (we are) subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the I.R.S. has notified me (us) that I am (we are) no longer subject to backup withholding.

NOTE: If you have been notified by the I.R.S. that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

13

UNDER THE PENALTIES OF PERJURY UNDER THE LAWS OF THE UNITED STATES, I (WE) CERTIFY THAT ALL OF THE INFORMATION I (WE) PROVIDED ON THIS PROOF OF CLAIM AND RELEASE FORM IS TRUE, CORRECT AND COMPLETE.

Signature of Claimant (If this claim is being made on behalf of Joint Claimants, then each must sign):

_____
(Signature)

_____
(Signature)

_____
(Capacity of person(s) signing, e.g., beneficial purchaser(s), executor, administrator, trustee, etc.)

☐   Check here if proof of authority to file is enclosed. (See Item 2 under Claimant's Statement)

Date:  _____

**ACCURATE CLAIMS PROCESSING TAKES A
SIGNIFICANT AMOUNT OF TIME.
THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

1. Please sign and date the certification above. If this Claim Form is submitted on behalf of joint claimants, then both claimants must sign.
2. Remember to attach supporting documentation, if available.
3. DO NOT send original stock certificates.
4. Keep a copy of everything you submit for your records, including your Claim Form.
5. If you desire an acknowledgment of receipt of your mailed Claim Form, please send it Certified Mail, Return Receipt Requested.
6. If you move after submitting this Claim Form, please notify the Claims Administrator of the change in your address

14

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 19-cv-02639-PAB-NYW

JOHN PAULSON, an individual,

Plaintiff,

v.

TWO RIVERS WATER AND FARMING COMPANY, a Colorado corporation; JOHN R. MCKOWEN, an individual; WAYNE HARDING, an individual; and TIMOTHY BEALL, an individual,

Defendants.

---

**(PROPOSED) FINAL APPROVAL ORDER**

---

WHEREAS, as of October 7, 2020, Plaintiff John Paulson ("Paulson" or "Plaintiff"), on one hand, and Defendants Two Rivers Water and Farming Company ("Two Rivers"), John R. McKowen ("McKowen"), Wayne Harding ("Harding") and Timothy Beall ("Beall), on the other hand, entered into a Settlement Agreement (the "Settlement Agreement")[1], in the above-captioned Class Action, which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, sets forth the terms and conditions of the proposed Settlement of the claims alleged in the Class Action on the merits and with prejudice.

WHEREAS, pursuant to the Order (1) Preliminarily Certifying the Class for Settlement Purposes; (2) Granting Preliminary Approval of Settlement; and (3) Approving Class Notice, (Doc. 162), entered January 19, 2022 (the "Preliminary Approval Order"), the Court scheduled a hearing on April 29, 2022 (the "Fairness Hearing") for the following purposes:

        (A)     to finally determine whether the Class satisfies the applicable prerequisites

---

[1] Unless otherwise stated, all capitalized terms used herein have the meanings defined in the Settlement Agreement.

for certification under Fed. R. Civ. P. 23(a) and 23(b)(3);

        (B)     to finally determine whether the Settlement should be approved by the Court as fair, reasonable and adequate and in the best interests of the Class;

        (C)     to determine whether a Final Order should be entered pursuant to the Settlement Agreement, dismissing the Class Action with prejudice as against the Defendants and effectuating the releases described below;

        (D)     to determine whether the proposed Plan of Allocation of the Settlement Fund set forth in the Notice is fair and reasonable, and should be approved by the Court;

        (E)     to consider any application by Class Counsel and Additional Plaintiff's Counsel for an Attorneys' Fees and Expenses Award, and for a Service Award to the Representative Plaintiff for efforts devoted to this Class Action and for reimbursement of his expenses;

        (F)     to hear and determine any objections to the Settlement or to any request by Class Counsel and Additional Plaintiff's Counsel for an Attorneys' Fees and Expenses Award, and Service Award; and

        (G)     to rule on such other matters as the Court may deem appropriate.

WHEREAS, the Court ordered that the Class Notice be mailed by first-class mail, postage prepaid, on or before February 2, 2022 (the "Notice Date"), to all Class Members who can be identified with reasonable effort by the Class Counsel and Claims Administrator.

WHEREAS, the Class Notice advised Class Members of the date, time, place, and purpose of the Fairness Hearing. The Class Notice further advised that any objection to the Settlement was required to be filed with the Court and served on counsel on or before April 15, 2022.

WHEREAS, the Class Notice advised Class Members of the deadline (the "Exclusion Deadline") and procedures for requesting exclusion from the Settlement Class.

WHEREAS, the Court finds that the provisions of the Preliminary Approval Order as to notice were complied with.

WHEREAS, on April 8, 2022, Plaintiff moved for final approval of the Settlement ("Final Approval"), as directed in the Preliminary Approval Order. The Fairness Hearing was duly held before this Court on April 29, 2022 at which time all interested persons were afforded the opportunity to be heard.

WHEREAS, this Court has duly considered Plaintiff's motion, the affidavits, declarations, and memoranda of law submitted in support thereof, the Settlement Agreement, and all of the submissions and arguments presented with respect to the proposed Settlement.

NOW, THEREFORE, after due deliberation, IT IS ORDERED, ADJUDGED AND DECREED that:

1.     This Final Order ("Final Order") incorporates by reference the definitions in the Settlement Agreement and all capitalized terms used in this Final Order that are not otherwise defined herein shall have the same meanings as set forth therein.

2.     This Court has jurisdiction over the subject matter of the Class Action and over all parties to the Class Action, including all members of the Class.

3.     The Court hereby re-affirms its determinations in the Preliminary Approval Order and finally certifies, for the purposes of the Settlement only, pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the following Class:

> All persons or entities that currently hold claims based on the GrowCo securities and purchased or otherwise acquired the securities through Offerings as listed below, during the period of October 2014 through December 2017 (the "Class Period") and suffered Alleged Losses. For avoidance of any doubt, persons or

entities who purchased or otherwise acquired the securities during the Class Period and who have assigned the securities to VitaNova Partners, LLC are not excluded as Class Members by virtue of such assignment.

| Name | Type | Approximate Amount Raised | Date Range |
|---|---|---|---|
| GrowCo Partners 1, LLC | Equity | $3,349,151 | December 2014-January 2015 |
| $4 Million Note | Debt | $4,000,000 | March 2015-September 2015 |
| GCP Super Units LLC | Equity | $5,297,157 | July 2015-October 2017 |
| $1.5 Million Note | Debt | $100,000 | April 2016 |
| $6 Million Note | Debt | $6,000,000 | March 2016-July 2016 |
| $7 Million Note | Debt | $2,977,000 | January 2016- January 2017 |
| $2 Million Note | Debt | $1,080,000 | February 2017-September 2017 |
| $2 Million Note | Debt | $440,000 | June 2017 |

4.      Excluded from the Class are: (1) the Defendants; (2) the officers and directors of Two Rivers and GrowCo during the Class Period as set forth in Exhibit E to the Settlement Agreement for securities purchased at the time or after they were officers and directors; (3) any Judge or judicial officer who may hear any aspect of this Class Action and his or her law clerks; and (4) except as provided in clause (2) of this paragraph above, all persons or entities released in the Settlement. Also excluded from the Settlement Class are the persons and/or entities who request exclusion from the Settlement Class within the time period set by the Court in the Preliminary Approval Order.

5.      The following persons or entities have validly requested exclusion from the Settlement Class:

6.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby re-affirms its determinations in the Preliminary Approval Order that: (a) Plaintiff John Paulson is certified as Representative Plaintiff for the Class; and (b) the following attorneys and law firms as Class Counsel: Paul Scarlato and Alan Rosca of Goldman Scarlato & Penny, P.C. and Rosca Scarlato, LLC; Barton Goplerud and Brian Marty of Schindler,

Anderson, Goplerud & Weese, P.C.; and Steve Miller of Steve A. Miller, P.C. as "Additional Plaintiff's Counsel."

7.      The Class Notice provided for and given to the Class: (i) was in compliance with the Preliminary Approval Order; (ii) constituted the best notice practicable under the circumstances; (iii) constituted notice that was reasonably calculated to apprise Class Members of the effect of the Settlement, of the proposed Plan of Allocation, of Class Counsel's request(s) for an Attorneys' Fees and Expenses Award, and a Service Award to the Plaintiff, of Class Members' right to object to the Settlement, the Plan of Allocation, and/or Class Counsel's request(s) for an Attorneys' Fees and Expenses Award and a Service Award, of their right to exclude themselves from the Class, and of their right to appear at the Fairness Hearing; (iv) constituted due, adequate, and sufficient notice to all persons entitled to receive notice of the proposed Settlement; and (v) satisfied the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and all other applicable law and rules.

8.      The Court is unaware of any objections to the Settlement submitted pursuant to Rule 23(e)(5) of the Federal Rules of Civil Procedure.

9.      In light of the benefits to the Class, the complexity, expense and possible duration of further litigation of the Action, the risks of establishing liability and damages, and the costs of continued litigation, the Court hereby fully and finally approves the Settlement as set forth in the Settlement Agreement in all respects, and finds that the Settlement is, in all respects fair, reasonable and adequate, and in the best interests of Representative Plaintiff and Class Members. This Court further finds that the Settlement set forth in the Settlement Agreement is the result of arm's-length negotiations between experienced counsel representing the interests of the Parties.

The Settlement shall be consummated in accordance with the terms and provisions of the Settlement Agreement.

10.     The Class Action is hereby dismissed in its entirety, with prejudice, and without costs to any party, except as otherwise provided in the Settlement Agreement.

11.     Upon the Effective Date, Plaintiff and each and every other Class Member, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, shall be deemed to have fully, finally, and forever waived, released, discharged, and dismissed each and every one of the Released Claims as set forth in paragraph 1, subpart "cc" of the Settlement Agreement, against each and every one of the Releasees, as defined in paragraph 1, subpart "dd" of the Settlement Agreement, and shall forever be BARRED, ENJOINED AND RESTRAINED from commencing, instituting, prosecuting or maintaining any and all such Released Claims against any and all of the Releasees. The term Released Claims does not include any claims for payment of the Class Members' securities, including claims in the event of a GrowCo liquidation.

12.     Each Member of the Class is bound by this Order, including, without limitation, the releases of claims as set forth above.

13.     This Order and the Settlement Agreement, whether or not consummated, and any discussions, negotiations, proceedings or agreements relating to the Settlement Agreement, the Settlement, and any matters arising in connection with settlement discussions or negotiations, proceedings, or agreements, shall not be offered or received against or to the prejudice of the Parties, or their respective counsel, for any purpose other than in an action to enforce the terms hereof, and in particular:

(a)      do not constitute, and shall not be offered or received against or to the prejudice of Defendants as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by them with respect to the truth of any allegation by Plaintiff and the Class, or the validity of any claim that has been or could have been asserted in the Class Action or in any litigation, including but not limited to the Released Claims, or of any liability, damages, negligence, fault or wrongdoing of Defendants;

(b)       do not constitute, and shall not be offered or received against or to the prejudice of Defendants as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by them, or against or to the prejudice of Plaintiff or any other Class Member as evidence of any infirmity in the claims of Plaintiff or other Class Members;

(c)      do not constitute, and shall not be offered or received against or to the prejudice of Defendants, Plaintiff, any other member of the Class, or their respective counsel, as evidence of a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any of the Defendants, Plaintiff, other Members of the Class, or their respective counsel, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Settlement;

(d)      do not constitute, and shall not be construed against Defendants, Plaintiff, or any other Class Member, as an admission or concession that the

7

consideration to be given hereunder represents the amount which could be or would have been recovered after trial; and

(e)     do not constitute, and shall not be construed as or received in evidence as an admission, concession, or presumption against Plaintiff or any other Class Member that any of their claims are without merit or infirm or that damages recoverable in the Class Action would not have exceeded the Settlement Amount.

14.     The administration of the Settlement, and the decision of all disputed questions of law and fact with respect to the validity of any claim or right of any Class Member to participate in the distribution of the Net Settlement Fund, shall remain under the authority of this Court.

15.     In the event that the Settlement does not become effective in accordance with the terms of the Settlement Agreement, then this Order shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement and shall be vacated; and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

16.     Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement as circumstances warrant.

17.     The Parties are hereby directed to consummate the Settlement Agreement and to perform its terms.

18.     A separate order shall be entered regarding Class Counsel's application for an Attorneys' Fees and Expenses Award and Service Award as allowed by the Court. Such order shall in no way disturb or affect this Order and shall be considered separate from this Order.

19.     Without affecting the finality of this Order in any way, this Court hereby retains continuing jurisdiction over: (i) implementation of the Settlement Agreement and Settlement; (ii)

the allowance, disallowance or adjustment of any Class Member's claim on equitable grounds and any award or distribution of the Net Cash Settlement Amount; (iii) disposition of the Net Cash Settlement Amount; (iv) hearing and determining applications for Attorneys' Fees and Expenses Award; (v) all Parties for the purpose of construing, enforcing and administering the Settlement Agreement, Settlement and this Order; and (vi) other matters related or ancillary to the foregoing. There is no just reason for delay in the entry of this Order and immediate entry by the Clerk of the Court is expressly directed.

SO ORDERED this ____ day of _____, 2022

_____
Philip A. Brimmer
Chief United States District Judge