IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Case No. 19-cv-02639-PAB-NRN

JOHN PAULSON, Individually and on Behalf of all Others Similarly Situated,

    Plaintiff,

v.

JOHN R. MCKOWEN,
WAYNE HARDING, and
TIMOTHY BEALL,

    Defendants.
_____

**ORDER**
_____

This matter is before the Court on defendant John McKowen's Motion to Reopen Case [Docket No. 195] and Motion to Enforce the Paulson Settlement Agreement, Release Property From Bankruptcy, and Appoint Trustee for Oversight [Docket No. 196]. On November 13, 2024, plaintiff John Paulson filed a response. Docket No. 197. On November 14, 2024, Mr. McKowen filed a reply. Docket No. 198.

## I. BACKGROUND

The Court assumes the parties' familiarity with the background facts and procedural history in this case, which have been set forth in previous orders, *see* Docket Nos. 162, 178, 194, and will not be repeated here except to the extent necessary to resolve the present motions.

Mr. Paulson brought a securities class action against defendants McKowen, Wayne Harding, and Timothy Beall. Docket No. 56. On July 21, 2021, Mr. Paulson

filed an unopposed motion for preliminary approval of a settlement, approval of notice to the class, preliminary certification of the class for the purposes of settlement, and appointment of class counsel ("motion for preliminary approval").  Docket No. 157.  On January 19, 2022, the Court granted plaintiff's motion for preliminary approval.  Docket No. 162.  On April 29, 2022, the Court held a fairness hearing.  Docket No. 176.

On March 15, 2023, the Court granted Mr. Paulson's motion for final approval of the settlement.  Docket No. 178 at 17.  The Court certified the class as follows:

> [A]ll persons or entities that currently hold claims based on securities in GrowCo, and purchased or otherwise acquired the securities through Offerings during the period of October 2014 through December 2017 (the "Class Period"), and suffered Alleged Losses as defined above.  For the avoidance of doubt, persons or entities who purchased or otherwise acquired the securities during the Class Period and who have assigned the securities to VitaNova Partners, LLC are not excluded as Class Members by virtue of such assignment.  Excluded from the Class are (1) the Defendants; (2) the officers and directors of Two Rivers and GrowCo during the Class Period as set forth in the attached Exhibit E for securities purchased at the time or after they were officers or directors; (3) any judge or judicial officer who may hear any aspect of this Class Action and his or her law clerks; and (4) except as provided in clause (2) of this paragraph above, all persons or entities released in the Settlement.  Also excluded from the Settlement Class are the persons and/or entities who request exclusion from the Settlement Class within the time period set by the Court in the Preliminary Approval Order.

*Id.* at 17-18.  The Court gave final approval to the Settlement Agreement and ordered that "plaintiff and all class members are permanently enjoined and barred from asserting, initiating, prosecuting, or continuing any of the claims released by the Settlement Agreement."  *Id.* at 19.  No class members opted out of the settlement.  *Id.* at 13, 19.  The Court ordered "that, without affecting the finality of this Order, this Court retains jurisdiction to consider all further matters arising out of or connected with the Settlement Agreement, including its implementation."  *Id.* at 20.  Final judgment entered on March 16, 2023.  Docket No. 179.

## II.     ANALYSIS

On October 24, 2024, Mr. McKowen, who is proceeding pro se,[1] filed a motion to reopen this case to "address ongoing violations of the Paulson Settlement Agreement and to facilitate the Court's enforcement of the settlement provisions."  Docket No. 195 at 1, ¶ 1.  He cites Federal Rule of Civil Procedure 60(b) as "the basis for this motion to reopen" because there exists "fraud, misrepresentation, or misconduct by an opposing party."  *Id.* at 3, ¶ 7.  Mr. McKowen claims that the Paulson Settlement Agreement "prohibit[s] further litigation on any claim that were [sic] or could have been asserted in the class action."  *Id.* at 2, ¶ 3.  He argues that "Contemnors,[2] including Gregory A. Harrington, have taken actions in violation of the Paulson Settlement Agreement" by "filing adversary proceedings alleging claims that mirror those addressed and barred by the Paulson Settlement."  *Id.*, ¶ 4.  Mr. McKowen argues that the "Contemnors" are using "the bankruptcy process . . . to delay or obstruct foreclosure" that has "resulted in significant harm" to Mr. McKowen, "whose rights are protected under the Paulson

---

[1] Because Mr. McKowen is proceeding pro se, the Court will construe his filings liberally without serving as his advocate.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[2] Mr. McKowen identifies, in the captions to his motion to reopen this case and to his motion to enforce the Paulson Settlement Agreement, the "Contemnors" as Gregory A. Harrington, Two Rivers Water & Farming Company, TR Capital Partners, LLC, Two Rivers Farms F-2, Inc., and the Orlando Reservoir No. 2 Company, LLC.  Docket No. 195 at 1; Docket No. 196 at 1.  Mr. McKowen argues that the "Contemnors" are using "the bankruptcy process . . . to delay or obstruct foreclosure" that has "resulted in significant harm" to Mr. McKowen "whose rights are protected under the Paulson Settlement Agreement."  Docket No. 195 at 2, ¶ 6.  However, he only argues that "adversary complaints filed by Farms F-2 and Harrington's actions directly violate these terms by attempting to obstruct the foreclosure process and prevent secured creditors from exercising their rights under the Deeds of Trust," such that the "Court's authority to enforce the Paulson Settlement is critical."  Docket No. 196 at 5.  He does not explain how the other "Contemnors" are allegedly violating the Paulson Settlement Agreement.

3

Settlement Agreement." *Id.*, ¶ 6. Mr. McKowen states that this case should be reopened so that the Court can consider his motion to enforce the Paulson Settlement Agreement. *Id.* at 3, ¶ 2. Mr. McKowen asks that the Court enforce the Paulson Settlement Agreement by "releas[ing] property from bankruptcy to McKowen for development or sale," dismiss "adversary complaints" filed by Two Rivers Farms F-2 in the bankruptcy proceedings, and appoint a Trustee to oversee the management of property. Docket No. 196 at 5-8.

On March 3, 2025, Mr. McKowen filed a complaint against Greg Harrington, Two Rivers Water & Farming Company, TR Capital Partners, LLC, Two Rivers Farms F-2, Inc., Wayne Harding, The State of Colorado, Colorado Attorney General Philip Weiser, Colorado Securities Commissioner Tung Chang, and John Does. *McKowen v. Harrington*, 25-cv-00708-PAB-KAS, Docket No. 1. Only Mr. Harding and Mr. McKowen are parties to both that case and this case.

The Court finds that Mr. McKowen seeks to reopen this case based on the same underlying conduct that he alleges in *McKowen v. Harrington*, 25-cv-00708-PAB-KAS. Specifically, Mr. McKowen seeks to reopen this case because the "Contemnors," particularly Mr. Harrington and Two Rivers Farms F-2, Inc., are allegedly violating the Paulson Settlement Agreement through their participation in two adversary proceedings pending in bankruptcy court, *Two Rivers Farms F-2, Inc. v. GrowCo Capital Partners 1, LLC*, 24-01111-KHT, and *Two Rivers Farm F-2, Inc. v. GrowCo Inc.*, 24-01112-KHT. *See* Docket No. 195 at 1, ¶ 1; Docket No. 196 at 5-8; Docket No. 196-1 at 92, 202. Mr. McKowen challenges these same adversary proceedings in his new case on the basis that they violate the Paulson Settlement Agreement. *See McKowen v. Harrington*, 25-

4

cv-00708-PAB-KAS, Docket No. 1 at 5-8.  In his new case, Mr. McKowen similarly asks the Court to "[e]nforce the Paulson Settlement Agreement and declare all bankruptcy claims barred."  *Id.* at 8.  He also similarly alleges that Two Rivers Farms F-2 Inc.'s and Mr. Harrington's participation in the bankruptcy process are violating the Paulson Settlement Agreement.  *See id.* at 2-3, ¶ 6.

The Court finds that it serves the interests of judicial economy to resolve the issue of whether the "Contemnors" have violated the Paulson Settlement Agreement in *McKowen v. Harrington*, 25-cv-00708-PAB-KAS, rather than in this case.  Doing so not only avoids duplicative litigation, but also has the advantage of resolving the issue in a case where the alleged "Contemnors" are parties to the case, which is not true in this case.  *See Wiggins v. Hatch*, 2022 WL 2966622, at *1-2 (D.N.M. July 27, 2022) (denying the plaintiff's Rule 60(b) motion to reopen the case because the court found that "[r]eopening the case at this stage is also unnecessary and would result in duplicative litigation" because the plaintiff filed a new case that raised "claims related to the lost filing fee" that plaintiff previously cited as being the basis for the plaintiff's Rule 60(b) motion to reopen the case) (citing *Gabriel v. Melton Truck Lines*, 2022 WL 1275242, at *1 (10th Cir. Apr. 29, 2022)); *Riddick v. Dep't of Correction*, 2018 WL 4078273, at *5 (D. Conn. Aug. 27, 2018) (denying the plaintiff's "motions to reopen and to enforce the settlement agreements" without prejudice because the court found that "the claims for violations of the 2014 Settlement Agreement and the 2015 Clarification of the terms of that agreement will be addressed" in the new case filed by the plaintiff); *Barela v. Curry Cnty. Det. Ctr.,* 2021 WL 601842, at *3 (D.N.M. Feb. 16, 2021) (finding there was "no reason for the Court to reconsider and reopen this case" where the

plaintiff "filed a new case that remains pending before the Court"). Therefore, the Court will deny Mr. McKowen's motion to reopen this case and will deny without prejudice Mr. McKowen's motion to enforce the Paulson Settlement Agreement.

### III. CONCLUSION

It is therefore,

**ORDERED** that the Motion to Reopen Case [Docket No. 195] is **DENIED**. It is further

**ORDERED** that the Motion to Enforce the Paulson Settlement Agreement, Release Property From Bankruptcy, and Appoint Trustee for Oversight [Docket No. 196] is **DENIED without prejudice**.

DATED April 18, 2025.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge